**ORIGINAL**

⑦
5-22-00
sc

**FILED**
HARRISBURG, PA

MAY 19 2000

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., : <br><br> Plaintiff : <br> v. : <br><br> SUSQUEHANNA AREA REGIONAL : <br> AIRPORT AUTHORITY, BAA : <br> HARRISBURG, INC., DAVID FLEET, : <br> individually, DAVID HOLDSWORTH, : <br> individually, and DAVID C. MCINTOSH, : <br> individually, : <br> Defendants : | CASE NO. 1:CV-00-0660 <br><br> Judge Yvette Kane <br> Magistrate Judge J. Andrew Smyser |

### DEFENDANTS' MOTION TO DISMISS

Defendants Susquehanna Area Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet ("Fleet"), David Holdsworth ("Holdsworth") and David C. McIntosh ("McIntosh"), (collectively "Defendants"), by and through their attorneys, Rhoads & Sinon LLP, and pursuant to Fed. R.Civ.P. 12(b), move to dismiss Plaintiff's Complaint for the reasons contained herein and as will be more fully explained in their Brief that will be filed in accordance with the Middle District's Local Rules:

342313.1

## PROCEDURAL HISTORY

1. On or about April 10, 2000, the Plaintiff filed a Complaint in the United States District Court for the Middle District of Pennsylvania against the Defendants.

2. The Defendants were served with a copy of the Summons and Complaint on April 11, 2000.

3. The Defendants response was due, pursuant to applicable Rules of Federal Civil Procedure, twenty (20) days thereafter.

4. By motion of the Defendants, this Court entered an Order on April 28, 2000 which extended the date by which the Defendants were required to respond to the Complaint to May 19, 2000.

5. Pursuant to L.R. 7.5, the Defendants' Memorandum in Support of Motion to Dismiss will be filed within ten (10) days of the date on which the Motion to Dismiss was filed.

## BASIS FOR DISMISSAL

### COUNT I
### VIOLATION OF STAMBAUGH'S RIGHTS TO DUE PROCESS PURSUANT TO
### 42 U.S.C. §1983

**(Stambaugh's v. All Defendants)**

6. Count I of Plaintiff's Complaint purports to advance a claim alleging a violation of its substantive due process rights under the 14th Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

7. The sole basis for the Plaintiff's due process claim is that it did not receive a government contract to provide fixed base operator ("FBO") services at the Harrisburg International Airport ("HIA") and that the Defendants allegedly violated the Federal Aviation Act.

8. Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants, and therefore must be dismissed, because, among other things, the failure to receive a government contract does not implicate a property interest protected by the due process clause and a violation of the Federal Aviation Act does not provide a basis for a Section 1983 due process claim.

9. Plaintiff's claim in Count I also must be dismissed against Fleet, Holdsworth, and McIntosh under the qualified immunity doctrine.

## COUNT II
## VIOLATION OF STAMBAUGH'S RIGHTS TO DUE PROCESS GUARANTEED BY ARTICLE 1, SECTION 1, OF THE PENNSYLVANIA CONSTITUTION

(Stambaugh's v. All Defendants)

10. Count II of Plaintiff's Complaint purports to advance a claim alleging a violation of its substantive due process rights under Article I, Section 1 of the Pennsylvania Constitution.

11. Count II Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants, and therefore must be dismissed, because, among other things, the failure to receive a government contract does not implicate a property interest protected by the

due process clause and a violation of the Federal Aviation Act does not provide a basis for a due process claim.

12. Plaintiff's claim in Count II must be dismissed because, among other things, Defendants are immune from suit for this claim under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq., as there is no private right of action for violations of the Pennsylvania Constitution and this Court lacks supplemental jurisdiction over this claim.

## COUNT III
## VIOLATION OF STAMBAUGH'S RIGHTS TO EQUAL PROTECTION PURSUANT TO 42 U.S.C. § 1983

(Stambaugh's v. All Defendants)

13. Count III of Plaintiff's Complaint purports to advance a claim alleging a violation of Plaintiff's equal protection rights under the 14th Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

14. Count III of Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants, and therefore must be dismissed, because, among other things, the failure to receive a government contract does not violate the equal protection clause.

15. Plaintiff also alleges that it was treated differently than other FBO providers at HIA. The Complaint, however, focuses entirely on Plaintiff's failure to receive the FBO contract and does not explain how this alleged disparate treatment led to Plaintiff's failure to obtain an FBO contract. Thus, Plaintiff was not treated differently than its competitors and the Defendants acted rationally. As such, Plaintiff's due process claim should be dismissed.

16. Plaintiff's claim in Count III also must be dismissed against Fleet, Holdsworth, and McIntosh under the qualified immunity doctrine.

## COUNT IV
### VIOLATION OF STAMBAUGH'S RIGHTS TO EQUAL PROTECTION GUARANTEED BY ARTICLE I, SECTIONS 1 AND 26, AND ARTICLE III, SECTION 32 OF THE PENNSYLVANIA CONSTITUTION

(Stambaugh's v. All Defendants)

17. Count IV of Plaintiff's Complaint purports to advance a claim for violation of Stambaugh's equal protection rights pursuant to Article I, Sections 1 and 26, and Article III, Section 32 of the Pennsylvania Constitution.

18. Count IV of Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants, and therefore must be dismissed, because, among other things, the failure to receive a government contract does not violate the equal protection clause.

19. Plaintiff also alleges that it was treated differently than other FBO providers at HIA. The Complaint, however, focuses entirely on Plaintiff's failure to receive the FBO contract and does not explain how this alleged disparate treatment led to Plaintiff's failure to obtain an FBO contract. Thus, Plaintiff was not treated differently than its competitors and the Defendants acted rationally. As such, Plaintiff's due process claim should be dismissed.

20. Plaintiff's claim in Count IV must be dismissed because, among other things, Defendants are immune from suit for this claim under the Pennsylvania Political Subdivision

Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq., as there is no private right of action for violations of the Pennsylvania Constitution and this Court lacks supplemental jurisdiction over this claim.

### COUNT V
### CONSPIRACY

**(Stambaugh's v. All Defendants)**

21. Count V of Plaintiff's Complaint purports to advance a state law claim for conspiracy against Defendants.

22. Count V of Plaintiff's Complaint fails to state a claim for conspiracy upon which relief can be granted against Defendants, and therefore, must be dismissed.

23. Plaintiff's claim in Count V must be dismissed because, among other things, Defendants are immune from suit for this claim under the Pennsylvania Political Subdivision Tort Claims Act and this Court lacks supplemental jurisdiction over this claim.

### COUNT VI
### VIOLATION OF THE PENNSYLVANIA MUNICIPALITY AUTHORITIES ACT

**(Stambaugh's v. SARAA)**

24. Count VI of Plaintiff's Complaint purports to advance a state law claim for violation of the Pennsylvania Municipality Authorities Act, 53 P.S. § 301 et seq.

25. Plaintiff alleges that SARAA is competing with Plaintiff by purchasing a hanger at the airport, not leasing the hanger to Plaintiff and not awarding an FBO contract to Plaintiff.

26.     Count VI of Plaintiff's Complaint fails to state a claim upon which relief can be granted against SARAA, and therefore must be dismissed, because, among other things, SARAA has not directly competed with an existing enterprise.

27.     Plaintiff's claim in Count VI must be dismissed because, among other things, SARAA is immune from suit for this claim under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 et seq. and this Court lacks supplemental jurisdiction over this claim.

### COUNT VII
### TORTIOUS INTERFERENCE WITH THE EXISTING CONTRACTUAL RELATIONSHIPS

(Stambaugh's v. All Defendants)

28.     Count VII of Plaintiff's Complaint purports to advance a state law claim for tortious interference with contractual relationships.

29.     Count VII of Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants, and therefore must be dismissed, because, among other things, the Defendants were justified in their actions.

30.     Plaintiff's claim in Count VII must be dismissed because, among other things, Defendants are immune from suit for this claim under the Pennsylvania Political Subdivision Tort Claims Act and this Court lacks supplemental jurisdiction over this claim.

WHEREFORE, Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth, and David C. McIntosh respectfully request

that this Honorable Court grant the within Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

                                Respectfully Submitted,

                                RHOADS & SINON LLP

                By: _____
                                Dean F. Piermattei
                                Timothy J. Nieman
                                Susan E. Schwab
                                One South Market Square
                                P. O. Box 1146
                                Harrisburg, PA 17108-1146
                                (717) 233-5731
                            Attorneys for Defendants

Date: May 19, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2000, a true and correct copy of the foregoing Motion to Dismiss was served by means of United States mail, first class, postage prepaid, upon the following:

>Thomas B. Schmidt, III, Esquire
>Brian P. Downey, Esquire
>Randy L. Varner, Esquire
>Pepper Hamilton LLP
>200 One Keystone Plaza
>North Front and Market Streets
>P. O. Box 1181
>Harrisburg, PA  17108-1181

_____