**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STAMBAUGH'S AIR SERVICE, INC., :
:
:
Plaintiff :
:
vs. : No. 1:CV-00-0660
:
SUSQUEHANNA AREA REGIONAL AIRPORT : (Judge Kane)
AUTHORITY, BAA HARRISBURG, INC., : (Magistrate Smyser)
DAVID FLEET, individually, DAVID :
HOLDSWORTH, individually, and DAVID C. :
MCINTOSH, individually :
:
Defendants :

**MOTION OF PLAINTIFF STAMBAUGH'S AIR SERVICE, INC.
TO STRIKE EXHIBIT A TO DEFENDANTS' REPLY BRIEF OR, IN THE
ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY BRIEF**

Plaintiff Stambaugh's Air Service, Inc. ("Stambaugh's"), by and through its undersigned attorneys, files this motion to strike Exhibit A to defendants' reply brief in support of their motion to dismiss or, in the alternative, for leave to file a surreply brief, and avers as follows:

1. Defendants filed their brief in support of their motion to dismiss Stambaugh's complaint on May 30, 2000 ("Defendants' Brief").

2. Stambaugh's brief in opposition to defendants' motion to dismiss was filed on June 23, 2000 ("Stambaugh's Brief").

3. Defendants filed their reply brief in support of their motion to dismiss Stambaugh's complaint on July 13, 2000 ("Reply Brief").

4. The Reply Brief had appended to it, as Exhibit A, a letter that defendant Susquehanna Area Regional Airport Authority submitted to the Federal Aviation Administration ("FAA") in response to an informal letter complaint filed by Stambaugh's with the FAA.

5. Local Rule 7.7 provides that a moving party may file a brief "in reply to matters argued in respondent's brief . . . . ," but Exhibit A contains matters not addressed in Stambaugh's Brief.

6. Not surprisingly, defendants have not put before this Court the informal complaint to which Exhibit A responds or Stambaugh's response to Exhibit A, which corrects each factual misrepresentation contained in that document. (True and correct copies of these letters are bound separately as Exhibits 1 and 2, respectively).

7. Defendants' effort to inject unverified and inaccurate factual assertions into the record at this juncture is, itself, evidence of why its fact-dependant motion to dismiss is premature.

8.   Moreover, by appending Exhibit A to their Reply Brief, defendants have improperly attempted to inject into this matter facts and evidence not pled in the complaint and not relevant to the disposition of the motion to dismiss.

9.   Finally, by appending Exhibit A, defendants have put before the Court law which is inaccurate in light of the FAA's most recent advisory circular on the matter, AC 150/5190-5, which is cited in Exhibit A. A true and correct copy of FAA AC 150/5190-5 is bound separately as Exhibit 3 and is incorporated herein in its entirety.

10.  Accordingly, Stambaugh's requests that this Court enter an order that strikes Exhibit A to the Reply Brief or, in the alternative, grants leave to Stambaugh's to file a surreply brief to address the matters raised by Exhibit A to the Reply Brief.

WHEREFORE, plaintiff Stambaugh's Air Service, Inc. requests that this Court order that Exhibit A to defendants' reply brief in support of their motion to dismiss be stricken or, in the alternative, grant leave to Stambaugh's Air Service, Inc. to file a surreply brief to address the matters in Exhibit A to defendants' reply brief.

Respectfully submitted,

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA  17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
Stambaugh's Air Service, Inc.

July 26, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STAMBAUGH'S AIR SERVICE, INC., :
:
:
         Plaintiff :
:
vs. : No. 1:CV-00-0660
:
SUSQUEHANNA AREA REGIONAL AIRPORT : (Judge Kane)
AUTHORITY, BAA HARRISBURG, INC., : (Magistrate Smyser)
DAVID FLEET, individually, DAVID :
HOLDSWORTH, individually, and DAVID C. :
MCINTOSH, individually :
:
         Defendants :

## CERTIFICATE OF NONCONCURRENCE

I hereby certify that I have sought the concurrence of Dean F. Piermattei, Esquire, counsel for the defendants, in the foregoing motion of Stambaugh's Air Service, Inc. Mr. Piermattei does not concur in the motion.

July 26, 2000                                 THOMAS B. SCHMIDT, III (19196)

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2000, I served the foregoing document by placing a true and correct copy thereof in the United States mail, first class postage prepaid, addressed as follows:

>Dean F. Piermattei, Esquire
>Rhoads & Sinon LLP
>One South Market Street
>P.O. Box 1146
>Harrisburg, PA 17108-1146

_____
RANDY L. VARNER (81943)