

FILED
HARRISBURG, PA
JUL 3 1 2000
CLERK

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : |
| Plaintiffs | : |
| v. | : CASE NO. 1:CV-00-0660 |
| | : |
| SUSQUEHANNA AREA REGIONAL | : Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA | : Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, | : |
| individually, DAVID HOLDSWORTH, | : |
| individually, and DAVID C. McINTOSH, | : |
| individually, | : |
| Defendants | : |

**DEFENDANTS' RESPONSE TO MOTION OF PLAINTIFF STAMBAUGH'S AIR SERVICE, INC. TO STRIKE EXHIBIT A TO DEFENDANTS' REPLY BRIEF OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY BRIEF**

NOW COMES, Defendants, Susquehanna Area Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet ("Fleet"), David Holdsworth ("Holdsworth") and David C. McIntosh ("McIntosh"), (collectively "Defendants"), by and through their attorneys, Rhoads & Sinon LLP and files the following response to Plaintiff's Motion;

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Rule 7.7 speaks for itself. By way of further answer, Exhibit "A" attached to Defendants' Reply Brief does address factual issues raised both in Stambaugh's Brief in Opposition to the Motion to Dismiss and in Stambaugh's Complaint. These issues include but are not limited to Stambaugh's claims of "harassment", economic discrimination, an exclusive FBO arrangement, and Stambaugh's claims of tortious interference with contractual relations as it relates to alleged contacts with Stambaugh's customers.

6. It is specifically denied that the letters sent by Stamabugh's counsel which have been separately filed with this Court as Exhibits 1 and 2 by Stambaugh's, correct factual misrepresentations set forth in Exhibit "A". Rather, it is the Defendants belief that the letters submitted by Stambaugh's are in themselves factually incorrect. By way of further answers, the Defendants did not attach the June 14, 2000 letter as Exhibit "A" to its Reply Brief for purposes of relying upon the facts set forth in that letter in support of the Motion to Dismiss. Rather, the Defendants attached Exhibit "A" purely as background information to further evidence the fact that there was a separate FAA action ongoing wherein SARAA recently filed a response. It was in fact, Stambaugh's who initially raised in its Complaint that there were alleged FAA violations which provided a basis for Stambaugh's constitutional claims. However, as noted in the Defendants' Brief in Support of its Motion to Dismiss, this assertion is contrary to the existing case law which holds that FAA violations cannot be used to support any constitutional claim. (See the Defendants' Brief in Support of Motion to Dismiss pp7-8).

7. It is denied that the Defendants have attempted to inject into the record or ask this Court to rely upon unverified inaccurate factual assertions. To the contrary, as evident in the

Defendants' Brief in Support if its Motion to Dismiss and its Reply Brief, the Defendants' arguments for dismissing Stambaugh's frivolous claim are based solely upon Stambaugh's own allegations as set forth in its Complaint.

8.  The allegations in this paragraph are denied for the reasons set forth in paragraph 7 above.

9.  The allegations in this paragraph are specifically denied. By way of further answer, the Defendants have accurately cited in its Brief in Support of the Motion to Dismiss and its Reply Brief, the facts as set forth in Stambaugh's own Complaint and the Defendants have applied these facts to the controlling case law. Based on Stambaugh's facts and the applicable case law, Stambaugh's Complaint should be dismissed.

10.  Exhibit "A" should not be stricken because the Defendants have not relied upon Exhibit "A" in pursuing its Motion to Dismiss. However, to the Extent that this Court strikes Exhibit "A", it is requested that the Court also strike Stambaugh's three Exhibits which were filed by Stambaugh's concurrent with its Motion presently before the Court. Additionally, Stambaugh's request to file a Surreply Brief should be denied.

WHEREFORE, the Defendants respectfully request that this Court deny Stambaugh's Motion to Strike Exhibit "A" and further deny Stambaugh's leave to file a Surreply Brief; in the alternative, if Exhibit "A" is stricken, the Defendants request that the three Exhibits filed by Stambaugh's concurrent with Stambaugh's present Motion be stricken as well.

## NEW MATTER

11.  While Exhibit "A" does address many of the factual issues raised by Stambaugh's in both its Complaint and its Brief in Opposition to the Motion to Dismiss, at no time, have the Defendants relied upon any of the facts set forth in Exhibit "A", to the extent that these facts were not also set forth in Stambaugh's Complaint. In fact, Exhibit "A" was attached as a supplement to footnote No. 1 in the Defendants' Reply Brief, solely for the purpose of demonstration that the FAA action is ongoing and that SARAA recently filed a response to Stambaugh's FAA complaints.

12.  At no time have the Defendants attempted to use any of the information set forth in the June 14, 2000 letter attached as Exhibit "A" to its Reply Brief. This fact is immediately evident in Defendant' Briefs wherein the Defendants' cite to the specific portions of Stambaugh's Complaint which support the dismissal of Stambaugh's claims. Furthermore, the Defendants stated on page 6 of their Brief in Support of their Motion to Dismiss, the well established standard for dismissing claims such as Stambaugh's.

13.  While not specifically stated in Stambaugh's Motion which is currently before this Court, it is assumed that Stambaugh's is contending that they are somehow prejudiced by Exhibit "A" even though those facts are not being relied upon by the Defendants. However, to the extent that there could be conceivable prejudice to Stambaugh's, this prejudice would be offset by the fact that Stambaugh's itself has gone forward and done exactly what it accuses the Defendants of improperly doing, i.e. Stambaugh's has attached two letters written on Stambaugh's behalf to the U.S. Department of Transportation, and Stambaugh's has submitted these letters concurrent with the filing of the Motion presently before this Court. Accordingly,

Stambaugh's position with respect to any issues raised in the letter attached as Exhibit "A" to Defendants Reply Brief is adequately represented to this Court.

14.  As Stambaugh could add nothing more to its argument which it presented in its Brief in Opposition and the subsequent Exhibits which have been presented to this Court, its request to file a surreply brief should be denied.

WHEREFORE, the Defendants respectfully request that this Court deny Stambaugh's Motion to Strike Exhibit "A" and further deny Stambaugh's leave to file a Surreply Brief; in the alternative, if Exhibit "A" is stricken, the Defendants request that the three Exhibits filed by Stambaugh's concurrent with Stambaugh's present Motion be stricken as well.

Respectfully Submitted,

RHOADS & SINON LLP

By: _____
Dean F. Piermattei, Esquire
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2000, a true and correct copy of the foregoing Defendants' Response To Motion Of Plaintiff Stambaugh's Air Service, Inc. To Strike Exhibit A To Defendants' Reply Brief Or In The Alternative, For Leave To File A Surreply Brief was served by means of United States mail, first class, postage prepaid, upon the following:

>Thomas B. Schmidt, III, Esquire
>Pepper Hamilton LLP
>200 One Keystone Plaza
>North Front and Market Streets
>Harrisburg, PA 17108-1181

*Carolyn Hoecker*
Carolyn Hoecker