IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | No. 1:CV-00-0660 |
| | : | |
| SUSQUEHANNA AREA REGIONAL AIRPORT | : | (Judge Kane) |
| AUTHORITY, BAA HARRISBURG, INC., | : | (Magistrate Judge Smyser) |
| DAVID FLEET, individually, DAVID | : | |
| HOLDSWORTH, individually, and DAVID C. | : | |
| MCINTOSH, individually | : | |
| | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF PLAINTIFF STAMBAUGH'S AIR SERVICE,
INC.'S, MOTION TO STRIKE EXHIBIT A TO
DEFENDANTS' REPLY BRIEF OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE A SURREPLY BRIEF**

**I.   INTRODUCTION**

Plaintiff Stambaugh's Air Service, Inc. ("Stambaugh's), by and through its undersigned attorneys, files this brief in support of its motion to strike Exhibit A to defendants' reply brief in support of their motion to dismiss or, in the alternative, for leave to file a surreply brief ("Motion to Strike").

## II. PROCEDURAL HISTORY

On April 10, 2000, Stambaugh's initiated this action by filing a complaint against Susquehanna Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet, David Holdsworth and David C. McIntosh (collectively "defendants"). Stambaugh's complaint alleges federal and state constitutional and statutory violations, as well as common law torts against the defendants.

Defendants responded to the complaint by filing a motion to dismiss on May 19, 2000, along with a supporting brief on May 30, 2000. Stambaugh's filed its brief in opposition to the motion to dismiss on June 23, 2000. Defendants filed their reply brief ("Reply Brief") on July 13, 2000.

Stambaugh's filed the Motion to Strike on July 26, 2000. Defendants filed a response to the Motion to Strike on July 31, 2000.

On August 3, 2000, Magistrate Judge Smyser issued a report and recommendation that granted in part, and denied in part, defendants' motion to dismiss. Stambaugh's intends to file objections to the report and recommendation and, therefore, files this brief in support of its Motion to Strike.

## III.  STATEMENT OF FACTS

As set forth in the complaint, Stambaugh's has operated continuously as a tenant at HIA since 1975, during which time it has engaged in the business of providing FBO services, including fueling, to aircraft landing at HIA. (Complaint ¶ 9). Stambaugh's provided the FBO services out of the hangar that it currently leases from SARAA, and which it had previously leased from the Commonwealth of Pennsylvania. (Complaint ¶ 10). As an FBO provider at HIA, Stambaugh's always met or exceeded the minimum standards for FBOs developed by the Commonwealth of Pennsylvania, which were incorporated into Stambaugh's lease with SARAA (Complaint ¶¶ 13-15).

Stambaugh's had a lease agreement with SARAA that terminated on January 19, 2000. (Complaint ¶ 16). While negotiating a new lease for Stambaugh's, defendants refused to offer Stambaugh's any lease that would permit it to continue to provide FBO services at HIA, despite the fact that they were statutorily prohibited from doing so. (Complaint ¶ 19). Defendants permitted another FBO provider, AERO, to continue to operate as an FBO (Complaint ¶ 21) and, ultimately, permitted another FBO provider, Piedmont Hawthorne, to operate at HIA. (Complaint ¶ 62). Defendants used harassment and intimidation as tools to drive Stambaugh's out of HIA to create an exclusive FBO arrangement which is

specifically prohibited by 49 U.S.C. §§ 47107(a)(4) and (5). (Complaint ¶¶ 16-29).

SARAA purchased a hangar formerly owned by the AMP Corporation ("AMP Hangar") to lease it to an entity to provide FBO services out of the hangar. (Complaint ¶ 37). As part of this process, SARAA issued a Request for Qualifications from FBO service providers on October 5, 1999 ("RFQ"). The RFQ required proposers to attend a pre-submission conference and tour (Complaint ¶¶ 39-41), and required proposals to be submitted by 4:00 p.m. EST on November 2, 1999. (Complaint ¶ 42). The RFQ was explicit that "ATTENDANCE AT THIS [pre-submission] MEETING IS MANDATORY IN ORDER FOR YOUR COMPANY TO BECOME A CANDIDATE FOR CONSIDERATION" for the AMP Hangar. (Complaint ¶ 40). Stambaugh's was the only entity that complied with both requirements. (Complaint ¶ 45). Despite the fact that Stambaugh's was the only bidder to qualify under the process established by defendants, defendants ignored their own requirements and refused to permit Stambaugh's to provide FBO services at the AMP Hangar. (Complaint ¶ 46). Defendants then secretly solicited and accepted proposals which did not comply with the RFQ to ensure that Stambaugh's would not be able to lease the AMP Hangar. (Complaint ¶ 50). Moreover, these non-conforming proposals were

conditioned on the requirement that defendants force Stambaugh's out of the FBO business at HIA. (Complaint ¶ 51). In other words, SARAA accepted bids which were submitted only because defendants promised those bidders that Stambaugh's FBO business would be driven out by HIA. Defendants made this promise when (1) Stambaugh's had an ongoing FBO business in the Stambaugh's Hangar, and (2) Stambaugh's had submitted the only qualifying bid on the RFQ process to provide FBO services out of the AMP Hangar. Defendants kept that promise and destroyed Stambaugh's FBO business.

The result of defendants' conduct was to create an unlawful exclusive FBO arrangement at HIA and, in the process, deprived Stambaugh's various rights by destroying its FBO business. It is that conduct which is the subject of suit.

### IV. STATEMENT OF QUESTION INVOLVED

Where defendants have attached unverified and inaccurate factual assertions as Exhibit A to their reply brief, should Exhibit A be stricken, or, in the alternative, should Stambaugh's be permitted to file a surreply brief to address the factual assertions in Exhibit A?

**Suggested answer:** **YES.**

## V. ARGUMENT

Defendants filed their brief in support of their motion to dismiss Stambaugh's complaint on May 30, 2000 ("Defendants' Brief"). Stambaugh's brief in opposition to defendants' motion to dismiss was filed on June 23, 2000 ("Stambaugh's Brief"). Defendants filed their reply brief in support of their motion to dismiss Stambaugh's complaint on July 13, 2000 ("Reply Brief").

The Reply Brief had appended to it, as Exhibit A, a letter that defendant Susquehanna Area Regional Airport Authority submitted to the Federal Aviation Administration ("FAA") in response to an informal letter complaint filed by Stambaugh's with the FAA. Local Rule 7.7 provides that a moving party may file a brief "in reply to matters argued in respondent's brief . . . ," but Exhibit A contains matters not addressed in Stambaugh's Brief. Not surprisingly, defendants did not put before this Court the informal complaint to which Exhibit A responds or Stambaugh's response to Exhibit A, which corrects each factual misrepresentation contained in that document. (True and correct copies of these letters were bound separately as Exhibits 1 and 2 to the Motion to Strike, respectively).

Defendants' effort to inject unverified and inaccurate factual assertions into the record at this juncture is, itself, evidence of why its fact-

dependant motion to dismiss is premature. Moreover, by appending Exhibit A to their Reply Brief, defendants have improperly attempted to inject into this matter facts and evidence not pled in the complaint and not relevant to the disposition of the motion to dismiss. Finally, by appending Exhibit A, defendants have put before the Court law which is inaccurate in light of the FAA's most recent advisory circular on the matter, AC 150/5190-5, which is cited in Exhibit A. A true and correct copy of FAA AC 150/5190-5 was bound separately as Exhibit 3 to the Motion to Strike and is incorporated herein in its entirety. Accordingly, Stambaugh's requests that this Court enter an order that strikes Exhibit A to the Reply Brief or, in the alternative, grants leave to Stambaugh's to file a surreply brief to address the matters raised by Exhibit A to the Reply Brief.

## VI. CONCLUSION

Plaintiff Stambaugh's Air Service, Inc. requests that this Court order that Exhibit A to defendants' reply brief in support of their motion to dismiss be stricken or, in the alternative, grant leave to Stambaugh's Air Service, Inc. to file a surreply brief to address the matters in Exhibit A to defendants' reply brief.

Respectfully submitted,

*/s/ Randy L. Varner*

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
Stambaugh's Air Service, Inc.

August 9, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2000, I served the foregoing document by placing a true and correct copy thereof in the United States mail, first class postage prepaid, on the following individual, addressed as follows:

>Dean F. Piermattei, Esquire
>Rhoads & Sinon LLP
>One South Market Street
>P.O. Box 1146
>Harrisburg, PA  17108-1146

_____
RANDY L. VARNER (81943)