ORIGINAL

FILED
HARRISBURG, PA
AUG 17 2000
MARY E. D'ANDREA, CLERK
Per_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., : | |
| Plaintiff : | |
| vs. : | No. 1:CV-00-0660 |
| SUSQUEHANNA AREA REGIONAL AIRPORT : | (Judge Kane) |
| AUTHORITY, BAA HARRISBURG, INC., : | (Magistrate Judge Smyser) |
| DAVID FLEET, individually, DAVID : | |
| HOLDSWORTH, individually, and DAVID C. : | |
| MCINTOSH, individually : | |
| Defendants : | |

**OBJECTIONS OF STAMBAUGH'S AIR SERVICE, INC.
TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE TO GRANT IN PART DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 72.3, of the United States District Court for the Middle District of Pennsylvania, Federal Rule of Civil Procedure 72(b), and the Magistrate Act, 28 U.S.C. § 636(b)(1)(B) and (C), Stambaugh's Air Service, Inc. ("Stambaugh's") objects to portions of the report and recommendation of the Magistrate Judge dated August 3, 2000 ("Report"), as follows:

# OBJECTION NO. 1
## AS TO DEFENDANTS' MOTION TO DISMISS STAMBAUGH'S SUBSTANTIVE DUE PROCESS CLAIMS (COUNT I)

1. Stambaugh's objects to the Magistrate's determination that Stambaugh's has not pleaded the requisite protected property or liberty interest for purposes of finding a substantive due process violation. (Report, p. 10).

2. In making the determination that Stambaugh's has not pleaded the requisite property interest, the Magistrate Judge concluded that "[t]he right that Stambaugh's asserts, to be the HIA FBO operator, is not a fundamental right such as the property interests that may in some contexts involve "state-imposed limitations upon the use of land." (Report, p. 8). The United States Court of Appeals for the Third Circuit has recognized that where governmental permission is required for some intended use of land owned[1] or leased[2] by a party, the "fundamental property interest in the ownership of land" is implicated. (Report, p. 7). The Magistrate Judge erred when he concluded that defendants' unjustified and unlawful attempt to restrict Stambaugh's intended use of property which it

---

[1] Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165, 1179-80 (3d Cir. 1997).

[2] Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 688 (3d Cir. 1993); Neiderheiser v. Borough of Berwick, 840 F.2d 213, 218 (3d Cir. 1988).

leases is only contractual, and does not implicate Stambaugh's "fundamental property interest in the ownership of land."

3. In making the determination that Stambaugh's has not pleaded the requisite liberty interest, the Magistrate Judge concluded "[t]here is not a reasonable analogy to be drawn between this case and a case where a state through its professional or occupational licensing authority undertakes to affect a person's opportunity to pursue a trade or profession altogether." (Report, pp. 9-10).

4. When reaching this conclusion the Magistrate Judge erroneously assumed Stambaugh's liberty interest arose from a "contractual expectation." (Report, pp. 9-10).

5. The liberty interest implicated in this case is Stambaugh's right to pursue a chosen business, the providing of FBO services. Defendants' activities in the context of a public airport are analogous to a situation where the state regulates a "person['s] eligibility and suitability to practice [his or her] trade or profession" which "gives rise to an application of due process principles and expectations." (Report, p. 10).

## OBJECTION NO. 2
## AS TO DEFENDANT' MOTION TO DISMISS THE CLAIMS BASED UPON THE PENNSYLVANIA CONSTITUTION (COUNTS II AND IV)

6. Stambaugh's objects to the determination by the Magistrate Judge that no private cause of action for damages exists for violations of Pennsylvania constitutional rights. (Report, pp. 16-17). The Magistrate Judge reached this conclusion on the basis that Pennsylvania's failure to adopt a state law equivalent to 42 U.S.C. § 1983 means that no private right of action exists for violations of the Pennsylvania constitution. (Report, p. 16).

7. The Magistrate Judge's conclusion is at odds with the Pennsylvania Supreme Court's holding in Erdman v. Mitchell, 207 Pa. 79, 90-91, 56 A. 327 (1903), that the due process and equal protection provisions of the Pennsylvania constitution "need no affirmative legislation, civil or criminal, for [their] enforcement in civil courts."

8. Stambaugh's objects to the Magistrate Judge's determination that the equal protection claim arising under the Pennsylvania constitution should be dismissed, especially in light of his determination that the equal protection claim under the federal constitution *survived* the motion to dismiss. (Report, p. 12). Evaluation of equal protection claims arising under the Pennsylvania constitution is substantially identical to the analysis used when evaluating equal

-4-

protection claims under the federal constitution. <u>Kaehly v. City of Pittsburgh</u>, 988 F. Supp 888, 893 n.5 (W.D.Pa. 1997). Because the federal equal protection claim survived, so too should the state equal protection claim.

### OBJECTION NO. 3
### AS TO DEFENDANTS' MOTION TO DISMISS THE
### CONSPIRACY CLAIM (COUNT V)

9.  Stambaugh's objects to the Magistrate Judge's determination that because Stambaugh's has not stated the "unlawful act or acts that were the subject of the conspiracy," (Report, p. 18), and accordingly that Stambaugh's has not provided all of the elements of a civil conspiracy claim in its complaint. (Report, pp. 18-19). The complaint is replete with examples of defendants' unlawful activity." Moreover, the Magistrate Judge's determination that Stambaugh's had sufficiently pleaded a claim for tortious interference with contractual relations (Count VII) (Report, p. 25), establishes that Stambaugh's has adequately set forth the wrongful or tortious conduct on which its conspiracy claim is premised.

10. To the extent that the Report should be read to suggest that the claim is being dismissed because Stambaugh's used the word "conspiracy" as opposed to, for example, "conspiracy to interfere with contractual relationships," Stambaugh's objects to the Magistrate Judge's determination to dismiss its

conspiracy count based upon the lack of "certain pleading." Under these circumstances, the appropriate remedy would be to permit Stambaugh's to plead the conspiracy claim with more clarity, pursuant to Fed.R.Civ.P. 15.

### OBJECTION NO. 4
### AS TO DEFENDANTS' MOTION TO DISMISS
### THE PENNSYLVANIA MUNICIPALITY AUTHORITIES ACT
### OF 1945 ("ACT") CLAIM (COUNT VI)

11.     Stambaugh's objects to the Magistrate Judge's determinations that "SARAA did not unnecessarily burden or interfere with an existing business by establishing a competitive enterprise," and that, because Stambaugh's "contractual life . . . had expired," SARAA could not duplicate Stambaugh's business or create a "competitive environment" in violation of the Act. (Report, pp. 20-21). In its complaint, Stambaugh's alleges that the violations of the Act took place while it still had an FBO business at HIA. *(See generally* Complaint at ¶¶ 208-210). Additionally, Stambaugh's is still at HIA, and, therefore, the decision to destroy its business is ongoing. Finally, SARAA should not be permitted unlawfully to destroy Stambaugh's business by violating the Act and then claim that Stambaugh's has no business with which to establish a competitive environment.

12. Stambaugh's objects to the Magistrate Judge's characterization of the current competitive environment at HIA as being the same as the environment before Stambaugh's was displaced. (Report, p. 21). Since Stambaugh's was displaced, "exclusive rights" in violation of federal law have been created that did not exist before. Further, the Magistrate Judge's conclusion that there is one FBO service provider at HIA (Report, p. 21), directly conflicts with the allegations of the complaint (Complaint at ¶ 62), which must be accepted as true for the purposes of evaluating defendants' motion to dismiss.

13. Stambaugh's objects to the Magistrate Judge's statement that "Stambaugh's had no statutory right not to be replaced by SARAA." (Report, p. 21). Stambaugh's was not "replaced" by SARAA. Rather, the allegation in this case is that Stambaugh's business was destroyed by SARAA in violation of federal and state law.

WHEREFORE, Stambaugh's Air Service, Inc. requests this Court to reject the Magistrate Judge's recommendation to dismiss counts I, II, IV, V, and VI of the complaint and order defendants to answer the complaint.

Respectfully submitted,

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
Stambaugh's Air Service, Inc.

August 17, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2000, I served the foregoing document by placing a true and correct copy thereof in the United States mail, first class postage prepaid, on the following individual, addressed as follows:

The Honorable J. Andrew Smyser
United States Magistrate Judge
United States District Court for the Middle District of Pennsylvania
P.O. Box 827
Harrisburg, PA  17108-0827

Dean F. Piermattei, Esquire
Rhoads & Sinon LLP
One South Market Street
P.O. Box 1146
Harrisburg, PA  17108-1146

RANDY L. VARNER (81943)