

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 1 7 2000

MARY E. D'ANDREA, CLERK
Per _____

STAMBAUGH'S AIR SERVICE, INC.,      :
                                     :
            Plaintiff                :
                                     :
    vs.                              :  No. 1:CV-00-0660
                                     :
SUSQUEHANNA AREA REGIONAL AIRPORT :  (Judge Kane)
AUTHORITY, BAA HARRISBURG, INC.,     :  (Magistrate Judge Smyser)
DAVID FLEET, individually, DAVID     :
HOLDSWORTH, individually, and DAVID C. :
MCINTOSH, individually               :
                                     :
            Defendants               :

## BRIEF IN SUPPORT OF OBJECTIONS OF
## STAMBAUGH'S AIR SERVICE, INC. TO THE REPORT AND
## RECOMMENDATION OF THE MAGISTRATE JUDGE TO GRANT
## IN PART DEFENDANTS' MOTION TO DISMISS

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA  17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
August 17, 2000                    Stambaugh's Air Service, Inc.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      STATEMENT OF RELEVANT FACTS AND PROCEDURAL
        HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     STATEMENT OF QUESTIONS INVOLVED . . . . . . . . . . . . . . . . . . . . . . 2

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.    Stambaugh's has pleaded the requisite protected property and liberty
              interest  for purposes of stating a substantive due process claim   . . . 3

              1.    Stambaugh's has pleaded the requisite protected property
                    interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

              2.    Stambaugh's has pleaded the requisite liberty interest . . . . . . 9

        B.    Stambaugh's has justified its state constitutional claims. . . . . . . . . 12

        C.    Stambaugh's has stated a claim for civil conspiracy; in the alternative,
              if it has not, it should be permitted to replead . . . . . . . . . . . . . . . . 15

        D.    Stambaugh's has stated a claim under the Municipality Authorities
              Act of 1945, 53 P.S. § 301, *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## CASES

Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971) .......................... 13

Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984) ......................................................................................... 11

Coffman v. Wilson Police Department, 739 F. Supp. 257 (E.D.Pa. 1990) .......... 14

DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592 (3d Cir. 1995) ...... 6, 7, 8,9

Erdman v. Mitchell, 207 Pa. 79, 56 A. 327 (1903) ......................................... 12, 13

Hampton v. Mow Sun Wong, 426 U.S. 88 (1976) .................................................. 11

Harley v. Schuylkill County, 476 F. Supp. 191 (E.D.Pa. 1979) ............................ 13

Hartford Accident and Indemnifiction Co. v. Insurance Commissioner, 482 A.2d 542 (Pa. 1984) ....................................................................................... 14

Holland Enterprises, Inc. v. Joka, 439 A.2d 876 (Pa. Commwlth. 1982) ............. 14

Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165 (3d Cir. 1997) ............................................................................ 4, 5

Kaehly v. City of Pittsburgh, 988 F. Supp. 888 (W.D.Pa. 1997) .......................... 14

Neiderhiser v. Borough of Berwick, 840 F.2d 213 (3d Cir. 1988) ................. 6, 8, 9

Parkway Garage Inc. v. City of Philadelphia, 5 F.3d 685 (3d Cir. 1993) ............... 6

Sammon v. New Jersey Board of Medical Examiners, 66 F.3d 639 (3d Cir. 1995) ....................................................................................................... 11

Santos v. City of Houston, 852 F. Supp. 510 (S.D. Tex. 1994) ............................ 11

Skipworth by Williams v. Lead Industries Association, Inc., 547 Pa. 224,
690 A.2d 169 (1997) ......................................................................... 16, 17

Williams v. City of Pittsburgh, 531 A.2d 42 (Pa. Commwlth. 1987) ................... 14

Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118 (3d Cir. 2000) ............... 5, 6

## STATUTES

49 U.S.C. 47107(a)(4) ........................................................... 10, 18, 19,20

49 U.S.C. 47107(a)(5) ................................................................. 18

53 P.S. § 301, *et seq* ............................................................... 17, 19

53 P.S. §306 ......................................................................... 19

53 P.S. 306(A)(b)(2) ................................................................. 19

Fed.R.Civ.P. 15 ..................................................................... 17

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On April 10, 2000, Stambaugh's Air Service, Inc. ("Stambaugh") initiated this action by filing a complaint against Susquehanna Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet, David Holdsworth and David C. McIntosh (collectively "defendants"). Stambaugh's complaint alleges federal and state constitutional and statutory violations, as well as common law torts.

Defendants responded to the complaint by filing a motion to dismiss on May 19, 2000, along with a supporting brief on May 30, 2000. Stambaugh's filed its brief in opposition to the motion to dismiss on June 23, 2000. Defendants filed their reply brief on July 13, 2000.

On August 3, 2000, Magistrate Judge Smyser issued a report and recommendation that granted in part, and denied in part, defendants' motion to dismiss. Stambaugh's has filed objections to the report and recommendation and files this brief in support of those objections.

## II.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether the Magistrate Judge erred when he determined that Stambaugh's complaint has not stated the requisite protected property or liberty interest for purposes of supporting Stambaugh's claim that defendants violated its right to substantive due process (Count I)?

Suggested Answer:        Yes

2.    Whether the Magistrate Judge erred when he determined that Stambaugh's cannot maintain a private cause of action for violations of the Pennsylvania constitution (Count II and Count IV)?

Suggested Answer:        Yes

3.    Whether the Magistrate Judge erred when he determined that Stambaugh's complaint has not stated a claim upon which relief may be granted for conspiracy (Count V)?

Suggested Answer:        Yes

4.    Whether the Magistrate Judge erred when he determined that Stambaugh's complaint has not stated a claim upon which relief may be granted for SARAA's violations of the Municipality Authorities Act of 1945 (Count VI)?

Suggested Answer:        Yes

## III.  **ARGUMENT**

### A.  **Stambaugh's has pleaded the requisite protected property and liberty interest for purposes of stating a substantive due process claim.**

The Magistrate Judge correctly stated the law of substantive due process in his Report, but erred in finding under the particular facts pleaded in the complaint that Stambaugh's has not stated a property or liberty interest entitled to substantive due process protection.

#### 1.  **Stambaugh's has pleaded the requisite protected property interest.**

The "right" to provide services  for state or local entities can be merely contractual. (Report, pp. 8-9).  Defendants, however, arbitrarily and irrationally have denied Stambaugh's permission to continue to provide FBO services even from the space which Stambaugh's has leased and from which it has provided such services for over 25 years.  In doing so, they have impacted Stambaugh's protectable property interest.  Stambaugh's has been a tenant at HIA since 1975, leasing a hangar from which it has provided, *inter alia*, FBO services, including fueling, maintenance and cargo handling.  (Complaint at ¶ 9).  Defendants have refused to allow Stambaugh's to continue to provide FBO services even from this space, for reasons unrelated to Stambaugh's competence or

-3-

ability to provide such services. (Complaint at ¶ 78) The Third Circuit has held that this is the kind of "fundamental property interest" which implicates substantive due process protection from arbitrary governmental deprivation.

The Magistrate Judge in his Report relied on the Third Circuit's decision in Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165 (3d Cir. 1997), and reached the opposite conclusion, specifically that "[t]he right Stambaugh's asserts, to be the HIA FBO operator, is not a fundamental right such as the property interest that may in some contexts arise from the ownership of land, particularly in contexts involving state imposed limitations upon the uses of land." (Report, p. 8). The Magistrate Judge erred, not in his statement of the law, but in his description of the interest Stambaugh's has pleaded. Stambaugh's does not claim a right to be "the HIA FBO operator"; Stambaugh's claim arises from its interest in not being arbitrarily denied permission to be an FBO operator anywhere at HIA, even from the space which it has leased.

In Independent, the court held that the plaintiff has not pleaded the requisite "fundamental" property interest for a substantive due process claim. *See* Independent, 103 F.3d at 1179-1180. The plaintiff alleged a property interest in

the award of a public construction contract from the Pittsburgh Water and Sewer Authority where the bidding laws limited the discretion of the Authority to award the contract to the lowest responsible bidder, and where Independent submitted the lowest bid. *Id.* at 117. Unlike Stambaugh's, the alleged property interest in Independent was contractual only; it was in no way tied to an interest in real property. *See id.*; *cf.* Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000)(holding that the owner of a land use permit has a property interest if state law or regulation limits the issuing authority's discretion to restrict or revoke the permit by requiring that the permit issue as a matter of right upon compliance with the terms and conditions prescribed by the statute or ordinance); DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 600 (3d Cir. 1995)(reversing district court's grant of summary judgment where plaintiff's "ownership is a property interest worthy of substantive due process protection"); Parkway Garage Inc. v. City of Philadelphia, 5 F.3d 685, 688 (3d Cir. 1993) (lessor had a protectable property interest implicating substantive dues process protection); Neiderhiser v. Borough of Berwick, 840 F.2d 213, 218 (3d Cir. 1988)(implying lessor possessed property interest worthy of substantive due process protection).

The right to be an FBO operator at HIA arises in two contexts in the complaint: the RFQ process for a contract to provide FBO services from the AMP hangar, and the negotiation process for permission to provide FBO services from the hangar which Stambaugh's leases. Stambaugh's concedes that if the only interest at stake is its "right" to receive an FBO contract through the bid process, Independent is dispositive. The gist of Stambaugh's claim is that has been denied the right to provide FBO services at HIA even though (1) it leases space where it has provided FBO services for 25 years, (2) it meets all minimum standards (Complaint at ¶ 15), and (3) defendants are prohibited by federal law from excluding it from providing FBO services (*infra*, p. 11). Because the AMP hangar is not the only space from which FBO services can be provided or from which FBO services are being provided at HIA currently, Independent is not dispositive of Stambaugh's substantive due process claim.

Defendants' refusal to grant Stambaugh's permission to operate its FBO business from its leasehold is more closely analogous to the failure of a government entity to grant permission to a property owner or lessor for an intended land use, which the Third Circuit has held implicates substantive due process protection. *See* Woodwind Estates; 205 F.3d at 123; DeBlasio, 53 F.3d at

-6-

601 n.10.   The plaintiff in <u>DeBlasio</u> owned property on which previous owners

had operated an auto body repair business.  Before the plaintiff purchased the

property, the township enacted a zoning ordinance pursuant to which the property

was zoned residential, and the previous owners received an exemption entitling

them to continue their auto repair business as a preexisting nonconforming use.

<u>DeBlasio</u>, 53 F.3d at 594.  The plaintiff bought the property in 1974, and leased

the property to a battery distribution business through 1989.  *Id.* at 594-595.  In

1989, a neighboring property owner filed a citizen's complaint regarding the

property, and a zoning official determined that the battery business constituted an

expansion of the preexisting nonconforming use, and therefore violated the zoning

ordinance.  *Id.*  The plaintiff brought suit alleging, *inter alia*, the zoning board had

used unlawful criteria in denying his application for a variance and in determining

that his property was in violation of the township zoning ordinance.  *Id.* at 598.

The Third Circuit held that the plaintiff's ownership interest was of the "particular

quality of property interest" required to state a substantive due process claim:

> Thus, in the context of land use regulation, that is, in
> situations where the government decision in question
> impinges upon a landowner's use and enjoyment of
> property, a land-owning plaintiff states a substantive due
> process claim where he or she alleges that the decision
> limiting the intended land use was arbitrarily or

irrationally reached.  Where the plaintiff so alleges, the plaintiff has, as a matter of law, impliedly established possession of a property interest worthy of substantive due process protection.

*Id.* at 601 (footnote omitted).

The Third Circuit had recognized even before <u>DeBlasio</u> that a lessor has a property interest worthy of substantive due process protection from arbitrary governmental denial of permission for an intended use.  In <u>Neiderhiser</u>, the Third Circuit reversed the district court's grant of defendant's motion to dismiss plaintiff's substantive due process claim.  <u>Neiderhiser</u>, 840 F.2d at 214.  The plaintiff had leased a store with the purpose of selling and renting videos and video equipment.  *Id.* Because the intended use was not permitted by the relevant zoning plan, the plaintiff applied for an exemption, based on the fact that the property had been operated on a commercial basis for the past 30 years in a way that was consistent with its intended use.  *Id.*  The zoning board denied the exemption.  *Id.*  The court implicitly recognized that a lessor has a property interest implicating substantive due process protection, and held that the plaintiff could prevail on its substantive due process claim if it successfully demonstrated that the board arbitrarily and irrationally denied the exemption.  *Id.* at 218.

Subsequently, the court in <u>DeBlasio</u> confirmed that a lessor has a property interest

worthy of substantive due process protection:

> In <u>Neiderhiser v. Borough of Berwick</u>, 840 F.2d 213 (3d
> Cir. 1988), we held that a lessor who had been denied an
> exemption from a zoning ordinance stated a substantive
> due process claim by alleging that the exemption
> application was arbitrarily and irrationally denied. . . .
> Having implied in <u>Neiderhiser</u> that a lessor possesses a
> property interest worthy of substantive due process
> protection against arbitrary and irrational government
> deprivation, an actual property owner, a fortiori,
> possesses such an interest.

<u>DeBlasio</u>, 53 F.3d at 601 n.10. The right Stambaugh's has asserted is analogous:

it is the right to be free from the arbitrary denial of governmental permission for

the intended use of the land it leases. Stambaugh's only wants to continue to

provide FBO services at HIA. It leases space at HIA from which it can, and has,

provided such services for 25 years, and it has met all minimum standards.

Defendants have arbitrarily denied Stambaugh's the opportunity to continue to

provide FBO services, despite the fact that Stambaugh's is qualified to do so. This

is a violation of Stambaugh's right to substantive due process.

### 2.    Stambaugh's has pleaded the requisite liberty interest.

Additionally or alternatively, Stambaugh's has pleaded the requisite

liberty interest entitled to a substantive due process protection. The Magistrate

Judge in his Report concluded that "[t]here is not a reasonable analogy to be drawn" between Stambaugh's situation and a situation in which a state licensing authority wrongfully withholds or revokes certification of a professional license. (Report, p. 9). The Magistrate Judge failed to recognize, however, that in the market in which Stambaugh's operates and which SARAA controls, defendants by their actions, in effect, have denied Stambaugh's the opportunity to operate as an FBO at all.

Defendants are statutorily prohibited from granting a person "an exclusive right to use an air navigation facility on which Government money has been expended." 49 U.S.C.47107(a)(4). The FAA had clarified the statutory prohibition:

> The FAA has concluded that the existence of an exclusive right to conduct any aeronautical activity at an airport limits the usefulness of the airport and deprives the using public of the benefits that flow from a competitive enterprise.
> . . .
> An exclusive rights violation occurs when the airport sponsor excludes others, either intentionally or unintentionally, from participating in an on-airport aeronautical activity. The effect of a prohibited exclusive rights agreement can be manifested by an express agreement, unreasonable minimum standards, or by any other means.

-10-

FAA Advisory Circular, "Exclusive Rights and Minimum Standards for Commercial Aeronautic Activity," 150/5190-5 (April 7, 2000), p. 3.[1] (See Exhibit "A"). Defendants, in denying Stambaugh's permission to operate as an FBO at HIA, not instead of, but in addition to Aero and Peidmont Hawthorne, have created such an exclusive right, depriving the public of the benefits of increased competition, and depriving Stambaugh's of its protected interest in pursuing its trade.

It is reasonable to analogize defendants' actions to "a licensing authority['s] undertak[ing] to affect a person's opportunity to pursue a trade or profession altogether." (Report, p. 9). Unlike a governmental authority's failure to renew or grant a company's "contract for a limited duration and involving a particular location," defendants, by unlawfully excluding Stambaugh's from a public airport, have excluded Stambaugh's from the market for FBO services. (Report, pp. 9-10); *cf.* Hampton v. Mow Sun Wong, 426 U.S. 88, 102 (1976)("[I]neligibility for employment in a major sector of the economy [] is of sufficient significance to be characterized as a deprivation of a liberty interest").

---

[1]This Court can take judicial notice of this circular under F.R.E. 201 and the rule of law deferring to an agency's interpretation of its own statute. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

This is the kind of deprivation of liberty that has been held to offend substantive due process. *See* Hampton, 426 U.S. at 102, Sammon v. New Jersey Board of Medical Examiners, 66 F.3d 639 (3d Cir. 1995); Santos v. City of Houston, 852 F. Supp. 510, 607 (S.D. Tex. 1994). Therefore, this Court should not follow the Magistrate Judge's recommendation to dismiss Stambaugh's substantive due process claim, and should allow Stambaugh's to proceed with discovery.

**B.    Stambaugh's has justified its state constitutional claims.**

Stambaugh's objects to the determination by the Magistrate Judge that Stambaugh's has not stated a claim for damages for violations of rights guaranteed by the Pennsylvania constitution. (Report, pp. 16-17). In Erdman v. Mitchell, 207 Pa. 79, 90-91, 56 A. 327 (1903), the Pennsylvania Supreme Court held that the due process and equal protection language in the Pennsylvania constitution "needs no affirmative legislation, civil or criminal, for its enforcement in civil courts." While Erdman was not a case dealing with money damages, the Pennsylvania Supreme Court's language is unambiguous as to the self-executing nature of the due process and equal protection safeguards provided by the Pennsylvania constitution. Further, the Erdman court stated:

> Wherever a court of common pleas can be reached by the
> citizen, these great and essential principles of free

government must be recognized and vindicated by that
court, and the indefeasible right of liberty and the right to
acquire property must be protected under the common-
law judicial power of the court.  Nor does it need
statutory authority to frame its decrees or statutory
process to enforce them against the violators of
constitutional rights.

Erdman, 207 Pa. at 91.  Stambaugh's objects to the Magistrate Judge's

determination that Harley v. Schuylkill County, 476 F. Supp. 191 (E.D.Pa. 1979),

was incorrectly decided, especially when he failed to give treatment to the express

language of the Pennsylvania Supreme Court in Erdman.

Stambaugh's objects to the Magistrate Judge's determination that no

state law cause of action exists for damages for violations of Pennsylvania

constitutional rights because "the state legislature has not acted to establish a

parallel state law cause of action and . . . the Pennsylvania courts have not

established a jurisprudence of claims for violations of Pennsylvania constitutional

rights."  (Report, p. 16).  As discussed above, Erdman instructs that no *statutory*

scheme is needed to enforce due process and equal protection under the state

constitution.[2]  Further, the Magistrate Judge erred when he determined that

---

[2]Federal courts have recognized a damages cause of action against federal actors for their
violations of the federal constitution in the absence of statutory authority, Bivens v. Six
Unknown Narcotics Agents, 403 U.S. 388 (1971).

-13-

Pennsylvania courts have not established a jurisprudence for violations of Pennsylvania constitutional rights. (Report, p. 16). While research has uncovered no case law dealing with *damages*, Pennsylvania courts routinely hear cases involving claims of constitutional violations, even against governments. *See* Coffman v. Wilson Police Department, 739 F. Supp 257, 266 n.12 (E.D.Pa. 1990)( "[c]laims arising from violations of the Pennsylvania Constitution may still be raised against local governments") (citing, *inter alia*, Hartford Accident and Indemnification Co. v. Insurance Commissioner, 482 A.2d 542 (Pa. 1984) (Article 1, § 28); Holland Enters., Inc. v. Joka, 439 A.2d 876 (Pa. Commwlth. 1982) (Article I, § 1 due process); Williams v. City of Pittsburgh, 531 A.2d 42 (Pa. Commwlth. 1987) (Article I, § 1 equal protection)).

Stambaugh's objects to the Magistrate Judge's determination that the state constitution equal protection claim should be dismissed, especially in light of his determination that the equal protection claim under the federal constitution *survived* the motion to dismiss. Evaluation of equal protection claims arising under the Pennsylvania Constitution is substantially identical to the analysis used when evaluating equal protection claims under the federal constitution. Kaehly v.

<u>City of Pittsburgh</u>, 988 F. Supp. 888, 893 n.5 (W.D.Pa. 1997).  Because the federal

equal protection claim survived, so too should the state equal protection claim.

Stambaugh's asks this Court to reject the Magistrate Judge's

recommendation to dismiss the causes of action based upon violations of the

Pennsylvania constitution.

**C.**    **Stambaugh's has stated a claim for civil conspiracy; in the <u>alternative, if it has not, it should be permitted to replead.</u>**

Stambaugh's objects to the Magistrate Judge's determination that

because Stambaugh's has not stated the "unlawful act or acts that were the subject

of the conspiracy," (Report,  p. 18),  Stambaugh's has not provided all of the

elements of a civil conspiracy claim in its complaint (Report, pp. 18-19), and the

civil conspiracy claim must be dismissed.  Stambaugh's maintains, as it did in its

principal brief, that the complaint is replete with examples of defendants' unlawful

activity.   The Magistrate Judge's determination to allow the tortious interference

with contractual relations count survived the motion to dismiss is prime evidence

of the existence of an underlying tort or wrong upon which the conspiracy claim is

based.  The tortious interference count *is* referenced by the following paragraphs

of the complaint, contained *in the conspiracy count*:

> 182. In furtherance of the conspiracy, SARAA, BAA,
> Fleet, Holdsworth, and McIntosh contacted customers of
> Stambaugh's and informed them that Stambaugh's would
> not be permitted to provide FBO services at HIA.
>
> 183. These contacts with Stambaugh's customers
> occurred *before* the proposals submitted on the AMP
> Hangar had been submitted to the SARAA board for
> approval.

(Complaint at ¶¶ 182-183 (emphasis in original)). In addition to this specific

reference to the underlying tortious activity, the following paragraphs of the

conspiracy count make clear the basis of the conspiracy:

> 177. On information and belief, SARAA, BAA, Fleet,
> Holdsworth, and McIntosh agreed not later [than]
> November 1999 to force Stambaugh's out of the FBO
> business at HIA.
>
> 178. On information and belief SARAA, BAA, Fleet,
> Holdsworth, and McIntosh agreed that they would
> deprive Stambaugh's of its right to provide FBO services
> at HIA, even though, pursuant to the terms of the RFQ,
> Stambaugh's was the only bidder who was actually
> eligible to bid to provide FBO services at the AMP
> Hangar.

(Complaint at ¶¶ 177-178). Such pleading satisfies the requirements for a *prima*

*facie* conspiracy case as set forth in <u>Skipworth by Williams v. Lead Industries</u>

<u>Ass'n, Inc.</u>, 547 Pa. 224, 690 A.2d 169, 174 (1997) (holding that in order to state a

cause of action for civil conspiracy under Pennsylvania law, plaintiff must show

-16-

only that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means, with an intent to injure the plaintiff).

Stambaugh's conspiracy claim, as pleaded in the complaint, is sufficient under the Skipworth standard. Stambaugh's requests this Court to reject the Magistrate Judge's recommendation that the conspiracy count be dismissed.

Stambaugh's objects to the Magistrate Judge's determination to dismiss its conspiracy count based upon the lack of "certain pleading" when Stambaugh's could easily remedy any deficiency the Court finds by simply repleading the count. If this Court finds the pleading of the conspiracy count to be deficient, Stambaugh's requests that it be permitted to replead pursuant to Fed.R.Civ.P. 15. For example, if the conspiracy count is found to be deficient in its current form, Stambaugh's could plead, for example, "conspiracy to interfere with contractual relationships." Stambaugh's asks this Court reject the Magistrate Judge's recommendation to dismiss the conspiracy count.

**D.    Stambaugh's has stated a claim under the Municipality Authorities Act of 1945, 53 P.S. § 301, _et seq._**

Stambaugh's objects to the Magistrate Judge's determination that SARAA did not violate the Municipality Authorities Act of 1945, 53 P.S. § 301, _et_

-17-

*seq.* ("Act") because, the Magistrate Judge reasoned, "SARAA did not

unnecessarily burden or interfere with an existing business by establishing a

competitive enterprise." (Report, p. 20). The Magistrate Judge did not discuss,

and apparently did not consider, the fact that SARAA burdened, interfered, and

competed with Stambaugh's business by creating an "exclusive right" and

engaging in "economic discrimination" at the airport in violation of federal law.

*See* 49 U.S.C. § 47107(a)(4), (5). In doing so, SARAA destroyed Stambaugh's

FBO business that had existed at HIA for *twenty-five years*. During those twenty-

five years, Stambaugh's always met or exceeded all minimum standard

requirements. Such destruction of a well-established business that had always met

standards is exactly the type of activity that the Act prohibits. By destroying

Stambaugh's business, and by installing its "own" FBO provider, SARAA has

violated the provisions of the Act.

Stambaugh's objects to the Magistrate Judge's determination that,

since Stambaugh's "contractual life . . . had expired," SARAA could not duplicate

Stambaugh's business or create a "competitive environment" in violation of the

Act. In its complaint, Stambaugh's alleges that violations of the Act took place

while it still had an FBO business. *(See generally* Complaint at ¶¶ 208-210).

Further, SARAA should not be permitted to unlawfully destroy Stambaugh's business by violating the Act and then claiming that Stambaugh's has no business with which to establish a competitive environment. Municipal authorities, because of their power and structure, are in a unique position to dominate the marketplace. The General Assembly recognized this potential for domination when it enacted § 306 of the Act[3] which prohibits the exact type of burdensome and competitive activity in which SARAA has engaged.

Stambaugh's objects to the Magistrate Judge's characterization of the current competitive environment at HIA as being the same as the environment before Stambaugh's was displaced. (Report, p. 21). Since Stambaugh's was displaced, "exclusive rights" in violation of 49 U.S.C. § 47107(a)(4) have been created that did not exist before. Further, contrary to the Magistrate Judge's statement that there is one FBO service provider at HIA, (Report, p. 21), there is

---

[3] Section 306(A)(b)(2) of the Act states:

> The purpose and intent of this act being to benefit the people of the Commonwealth by, among other things, increasing their commerce, health, safety and prosperity, and not to unnecessarily burden or interfere with existing business by the establishment of competitive enterprises, none of the powers granted by this act shall be exercised in the construction, financing, improvement, maintenance, extension or operation of any project or projects . . . which in whole or in part shall duplicate or compete with existing enterprises serving substantially the same purposes.

53 P.S. § 306(A)(b)(2) (emphasis supplied).

*more than one* entity currently providing FBO services at HIA.  The Magistrate

Judge's statement directly conflicts with the allegations of the complaint

(Complaint at ¶ 62), which for the purposes of evaluating defendants' motion to

dismiss, must be accepted as true.

Stambaugh's objects to the Magistrate Judge's statement that

"Stambaugh's had no statutory right not to be replaced by SARAA."  (Report,

p. 21).  In fact, Stambaugh's has a statutory right under the Act not to be burdened,

interfered, or competed with by SARAA.  Further, 49 U.S.C. § 47107(a)(4)

prohibits SARAA from creating "exclusive rights" at HIA, and 49 U.S.C.

§ 47107(a)(5) prohibits SARAA from engaging in economic discrimination, both

of which it has done by destroying Stambaugh's business.  Stambaugh's asks this

Court to reject the Magistrate Judge's recommendation that the count based upon

the violation of the Act be dismissed.

## IV.    **CONCLUSION**

Stambaugh's Air Service, Inc. requests this Court to reject the

Magistrate Judge's recommendation to dismiss counts I, II, IV, V, and VI of the

complaint and to order defendants to answer the complaint.

Respectfully submitted,

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA  17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
Stambaugh's Air Service, Inc.

August 17, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2000, I served the foregoing document by placing a true and correct copy thereof in the United States mail, first class postage prepaid, on the following individual, addressed as follows:

The Honorable J. Andrew Smyser
United States Magistrate Judge
United States District Court for the Middle District of Pennsylvania
P.O. Box 827
Harrisburg, PA  17108-0827

Dean F. Piermattei, Esquire
Rhoads & Sinon LLP
One South Market Street
P.O. Box 1146
Harrisburg, PA  17108-1146

RANDY L. VARNER (81943)