FILED
HARRISBURG, PA

SEP 1 3 2000

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STAMBAUGH'S AIR SERVICE, INC.,          :
                                        :
            Plaintiff                   :
                                        :
    vs.                                 :        No. 1:CV-00-0660
                                        :
SUSQUEHANNA AREA REGIONAL AIRPORT :        (Judge Kane)
AUTHORITY, BAA HARRISBURG, INC.,        :        (Magistrate Smyser)
DAVID FLEET, individually, DAVID        :
HOLDSWORTH, individually, and DAVID C.  :
MCINTOSH, individually                  :
                                        :
            Defendants                  :

**REPLY BRIEF IN SUPPORT OF OBJECTIONS OF
STAMBAUGH'S AIR SERVICE, INC. TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE TO GRANT
IN PART DEFENDANTS' MOTION TO DISMISS**

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
Date: September 13, 2000        Stambaugh's Air Service, Inc.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.   Stambaugh's has pleaded the requisite fundamental property
          interest for purposes of stating a substantive due process claim . . . . 3

     B.   Stambaugh's has pleaded the requisite liberty interest for purposes
          of stating a substantive due process claim . . . . . . . . . . . . . . . . . . . . . 8

     C.   Stambaugh's has set forth viable state constitutional claims . . . . . . 11

     D.   Stambaugh's has stated a claim under the Municipality Authorities
          Act of 1945, 53 P.S. § 301, *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . 13

     E.   Stambaugh's has stated a claim for conspiracy . . . . . . . . . . . . . . . . 17

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TABLE OF AUTHORITIES

### FEDERAL CASES

Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396 (3d Cir. 2000) ........................... 4,8

DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592 (3d Cir. 1995) .................................... 4, 5

Hampton v. Mow Sun Wong, 426 U.S. 88 (1976) ..................................................................... 10

Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165
    (3d Cir. 1997) ........................................................................................................... 3, 4, 7

Neiderhiser v. Borough of Berwick, 840 F.2d 213 (3d Cir. 1988) ....................................... 4, 5, 7

Northeast Jet Center v. Lehigh-Northampton Airport, No. 90-1262, 1996 U.S. Dist.
LEXIS 11177 (E.D. Pa. August 1, 1996) ............................................................................ 16,17

Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685 (3d Cir. 1993) ................................ 4, 7

Queen City Aviation Inc. v. City of Allentown, 1992 U.S. Dist. LEXIS 11456 (E.D. Pa.
 Aug. 3, 1992) ..................................................................................................................... 6, 7

Queen City Aviation, Inc. v. City of Allentown, 1992 U.S. Dist. LEXIS 9042 (E.D. Pa.
June 5, 1992) ........................................................................................................................ 6

Santos v. City of Houston, 852 F. Supp. 601 (S.D. Tex. 1994) .................................................. 10

Tyler v. O'Neill, 994 F. Supp. 603 (E.D. Pa. 1998) .................................................................. 19

### STATE CASES

Beaver Falls Municipal Authority v. Municipal Authority of the Borough of Conway,
689 A.2d 379 (Pa. Commwlth. 1997) ....................................................................................... 14

Erdman v. Mitchell, 207 Pa. 79, 56 A. 327 (1903) ............................................................ 12, 13

Evansburg Water Co. v. Perkiomen Twp., 569 A.2d 428 (Pa. Commwlth. 1990) ...................... 15

Highridge Water Authority v. Lower Indiana County Municipal Authority, 689 A.2d 274
    (Pa. Commwlth. 1997) ........................................................................................................ 14

Northampton v. Bucks County Water & Sewer Authority, 508 A.2d 605 (Pa. Commwlth.
1986) ....................................................................................................................................... 16

Skipworth by Williams v. Lead Industries Association, Inc., 547 Pa. 224, 690 A.2d 169
    (1997) .................................................................................................................................. 18

## FEDERAL STATUTES

42 U.S.C. § 1983 ................................................................................................ 10

49 U.S.C. § 47107(a)(4) ................................................................................ 13, 16

49 U.S.C. § 47107(a)(5) ............................................................................. 2, 13, 16

## STATE STATUTES

42 Pa.C.S. § 8553(c) .......................................................................................... 16

53 P.S. § 306(A)(b)(2) ................................................................................ 14, 15, 16

53 P.S. § 301, *et seq.* ................................................................................... 13, 20

## I.    INTRODUCTION

Plaintiff Stambaugh's Air Service, Inc. ("Stambaugh's"), by its undersigned attorneys, files this reply brief in support of its objections to the report and recommendation of the Magistrate Judge to grant in part the motion to dismiss of defendants Susquehanna Area Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet ("Fleet"), David Holdsworth ("Holdsworth"), and David C. McIntosh ("McIntosh") (collectively "defendants").

## II.    ARGUMENT

In support of its objections Stambaugh's has not disputed the Magistrate Judge's statement of the law of substantive due process. Rather Stambaugh's has objected to his conclusion that, under the particular facts pleaded in the complaint, which must be accepted as true for purposes of evaluating defendants' motion, Stambaugh's has not stated a protected property or liberty interest implicating substantive due process.

Defendants have not truly confronted Stambaugh's objections. Instead, defendants have written at length about substantive due process as applied to contractual rights or expectations. Stambaugh's constitutional claims, however, are not based on a "disappointed" contractor theory. This fundamental misunderstanding of the legal theory set forth in the complaint is further

compounded by defendants' repeated, but incorrect, statement regarding what

constitutes a prohibited "exclusive right" pursuant to 49 U.S.C. § 47107(a)(5).

Defendants assertion that the presence of more than one fixed base operator

("FBO") at Harrisburg International Airport ("HIA") means that no "exclusive

right" exists is incorrect as a matter of law. As set forth in the complaint, an

"exclusive right" to provide FBO services may be created *despite the number of*

*FBOs at HIA.* In this case the defendants created an "exclusive right" when they

excluded Stambaugh's from providing FBO services at HIA even though

Stambaugh's met all applicable minimum standards. That conduct led to the

unlawful deprivation of Stambaugh's rights which is at issue in this case.[1]

---

[1]For reasons that are not apparent, defendants repeatedly misrepresent the allegations of
the complaint regarding FBOs at HIA. For example, in footnote 1 defendants assert that
"Stambaugh's refers to AERO as the sole FBO provider . . . and that awarding the FBO contract
to one entity violates the Federal Aviation Act." Stambaugh's makes neither claim. The
complaint is explicit that AERO and Piedmont Hawthorne have been allowed to operate as FBOs
while Stambaugh's has not. It is that conduct which constitutes an "exclusive right" and which
violated Stambaugh's constitutional rights. (Complaint ¶¶ 61- 62). The "exclusive rights"
provision of the Act does not forbid only one, or mandate more than one, FBO provider at HIA
*per se*. Rather the Act explicitly prohibits defendants from *excluding* Stambaugh's as an FBO
provider in the circumstances of this case.

-2-

**A.    Stambaugh's has pleaded the requisite fundamental property interest for purposes of stating a substantive due process claim.**

There is no dispute that the right to provide services for state or local entities can be merely contractual, and that, in those circumstances, a plaintiff may be unable to state a substantive due process claim for the loss of its contractual rights. *See, e.g.*, Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165 (3d Cir. 1997); Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396 (3d Cir. 2000). Stambaugh's interest, however, is not merely contractual; Stambaugh's property interest in its right and ability to provide FBO services from its current leasehold is grounded in a real property interest. Defendants have denied Stambaugh's the ability to continue to provide FBO services at HIA, even from the space which Stambaugh's has leased and from which it has provided such services for a quarter of a century. (Complaint ¶ 20). This leasehold implicates the "particular quality of property interest" that the Third Circuit in Independent, 103 F.3d at 1179, and Boyanowski, 215 F.3 at 403, acknowledged is worthy of substantive due process protection. *See also* DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 601 n.10 (3d Cir. 1995); Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685 (3d Cir. 1993); Neiderhiser v. Borough of Berwick, 840 F.2d 213 (3d Cir. 1988).

-3-

Additionally, unlike the plaintiffs in <u>Independent</u> and <u>Boyanowski</u>, Stambaugh's has not sought, nor does Stambaugh's require, a "contract" with defendants to provide services directly to the municipal authority, as defendants are not the recipients of the FBO services.  Stambaugh's, like any and all other FBOs, needs defendants' permission to provide FBO services at HIA in order to contract directly with its customers at HIA, including the airlines.  In Stambaugh's case, where Stambaugh's has a lease at HIA for property from which it can and has provided FBO services for more than 25 years, the "right" to provide FBO services is more analogous to a land use permit that a contract for services.  As the court in <u>DeBlasio</u> held,

> [I]n situations where the government decision in question impinges upon a landowner's use and enjoyment of property, a land-owning plaintiff states a substantive due process claim where he or she alleges that the decision limiting the intended land use was arbitrary or irrationally reached.  Where the plaintiff so alleges, the plaintiff has, as a matter of law, impliedly established possession of a property interest worthy of substantive due process protection.

<u>DeBlasio</u>, 53 F.3d at 601; *see also* <u>Neiderhiser</u>, 840 F.2d at 214-218 (lessor may state a substantive due process claim where it can successfully demonstrate that a zoning board arbitrarily and irrationally denied an exemption where the intended use was consistent with the commercial use for the past 30 years).

-4-

Stambaugh's has a constitutionally protected right to be free from the arbitrary denial of governmental permission for its intended use of the land it leases. It leases space at HIA from which it can, and has, provided such services for 25 years, and it has met all applicable minimum standards. (Complaint ¶ 20). Defendants have arbitrarily denied Stambaugh's the opportunity to continue to provide FBO services, despite the fact that Stambaugh's is qualified to do so. (Complaint ¶¶ 15, 78-79). These facts, which are taken as true for purposes of evaluating a motion to dismiss, amount to a violation of Stambaugh's right to substantive due process.

The decision in Queen City Aviation, Inc. v. City of Allentown, 1992 U.S. Dist. LEXIS 9042 (E.D. Pa. June 5, 1992) (bound separately as Exhibit A), relied upon by defendants, is consistent with Stambaugh's position. The crucial distinction between Queen City and the current case lies in the fact that Stambaugh's has an ongoing lease at HIA. In Queen City, the plaintiff did not have an ongoing lease, but rather, only a month to month lease, when the City of Allentown issued a Request for Proposals to lease the airport to a full service FBO. *Id.* at *2. Two entities submitted bids, and the defendants selected a competitor of the plaintiff. *Id.* The plaintiff was then informed that its lease would terminate in February of 1992, which the City had the right to do. *Id.* at *3.

-5-

The <u>Queen City</u> court highlighted this crucial difference when it recognized that the plaintiff's substantive due process claim might have been differently analyzed if the plaintiff had pleaded "that it had a vested property interest in a lease" which had not expired. *Id.* at \*7, n.2.

Unlike Stambaugh's, the alleged property interest in <u>Queen City</u> was contractual only;[2] the plaintiff had no vested interest in a lease of either the property subject to the RFQ or any other property at the airport at the time of the RFQ. *See id.*; *cf.* <u>Parkway Garage Inc. v. City of Philadelphia</u>, 5 F.3d at 688 (lessee had a protectable property interest implicating substantive dues process protection); <u>Neiderhiser v. Borough of Berwick</u>, 840 F.2d 213, 218 (3d Cir. 1988)(implying lessee possessed property interest worthy of substantive due process protection).

The right to be an FBO operator at HIA arises in two contexts in Stambaugh's complaint: (1) permission to provide FBO services from the hangar

---

[2]See also <u>Queen City Aviation Inc. v. City of Allentown</u>, 1992 U.S. Dist. LEXIS 11456 \*2-3 (E.D. Pa. Aug. 3, 1992) bound separately as Exhibit B, where plaintiff, even on reconsideration, asserted its property interest in "the procedures leading to the award of the lease to be a fixed based operator at the Queen City Airport, in other words, that it has a constitutional right to a fair and even handed decision by the defendants."   The essence of Stambaugh's due process claim is that it has been denied the right to be a fixed based operator at HIA, even from space which it currently leases.  This claim is in addition to and separate from its claim respecting the RFQ process for the lease of the AMP hangar.  This difference, however subtle, is nonetheless a difference with constitutional implications.

which Stambaugh's leases; and (2) the RFQ process for a contract to provide FBO

services from the AMP hangar.  The two are not inextricably linked.  There is no

dispute that if the only interest at stake were Stambaugh's "right" to receive an

contract to provide FBO services from the AMP Hangar through the RFQ process,

Queen City would apply and  Independent and Boyanowski would be dispositive.

The constitutionally significant difference, however, is that defendants have

denied  Stambaugh's the right to provide FBO services at HIA even though (1) it

leases space where it has provided FBO services for 25 years ( Complaint ¶ 19),

(2) it meets all minimum standards (Complaint at ¶ 15), and (3) defendants are

specifically prohibited by federal law from excluding it from providing FBO

services in the circumstances (Complaint ¶ 77).  Thus, even if defendants had

never engaged in the sham RFQ, their prohibiting Stambaugh's from providing

FBO services from Stambaugh's leased property where Stambaugh's meets all

minimum requirements is a constitutional deprivation.  Because Stambaugh's

pleaded right is not merely contractual, but rather is tied to a vested fundamental

property interest in its current HIA lease, Stambaugh's has pleaded a  property

interest worthy of substantive due process protection, and Count I should not be

dismissed.   Therefore, this Court should not adopt the Magistrate Judge's

-7-

recommendation to dismiss Stambaugh's substantive due process claim, and

should allow Stambaugh's to proceed with discovery.

**B.**    **Stambaugh's has pleaded the requisite liberty interest for**
**purposes of stating a substantive due process claim.**

Stambaugh's also has pleaded a fundamental liberty interest entitled

to substantive due process protection.  The Magistrate Judge in his Report failed to

recognize that in the market in which Stambaugh's operates and which SARAA

controls, defendants have effectively denied Stambaugh's the ability to operate as

an FBO at all.  Unlike a governmental authority's failure to renew or grant a

company's "contract for a limited duration and involving a particular location,"

defendants, by unlawfully excluding Stambaugh's from a public airport, have

excluded Stambaugh's from the market for FBO services. (Report, pp. 9-10).

Defendants in their response contend that because (1) they have

allowed Stambaugh's to continue to operate its repair and maintenance business at

HIA, (2) they allowed Stambaugh's to participate in the RFQ process, and (3) they

have not barred Stambaugh's from operating its FBO business at another location,

they have not denied Stambaugh's the opportunity to operate as an FBO.  (Def.

Obj. Br. pp. 13-14).  Defendants should not be heard to say that because they (1)

have deprived Stambaugh's of the opportunity to engage in a $13,000,000 FBO

-8-

business (Complaint ¶ 90), (2) allowed Stambaugh's to participate in a bidding process in which defendants violated their own RFQ terms (Complaint ¶ 47), (3) changed the RFQ requirements without notice (Complaint ¶ 48), (4) "accepted non-conforming proposals to ensure that Stambaugh's would not be able to lease the AMP Hangar and to interfere with Stambaugh's contracts to provide FBO services" (Complaint ¶ 50), and (5) have not barred Stambaugh's from expending substantial monies in excess of $18,000,000 to relocate its FBO business to another market (Complaint ¶¶ 85-96), defendants have not denied Stambaugh's the "opportunity" to be an FBO in the relevant marketplace. It is wholly irrelevant for purposes of finding a constitutional deprivation whether Stambaugh's can provide FBO services in another location. Substantive due process protects a plaintiff from arbitrary and irrational acts of government, and is not contingent on the reach of the government actor or the availability of alternative opportunities. *See* Hampton v. Mow Sun Wong, 426 U.S. 88 (1976)(violation of substantive due process to exclude all except American citizens and natives of Samoa from federal employment); Santos v. City of Houston, 852 F. Supp. 601, 607 (S.D. Tex. 1994)(violation of substantive due process to arbitrarily deny jittneys the right to operate in Houston). Defendants' systematic and comprehensive actions to

prevent Stambaugh's from participating as an FBO at HIA amount to a deprivation

of a liberty interest warranting substantive due process protection.

Defendants, by their actions, created an "exclusive right" and

engaged in "economic discrimination" at the airport (Complaint, ¶¶ 16-29).  The

Federal Aviation Act ( the "Act") prohibits defendants from granting such an

"exclusive right: and engaging in such discrimination.  FAA Advisory Circular,

"Exclusive Rights and Minimum Standards for Commercial Aeronautic Activity,"

150/5190-5 (April 7, 2000), p. 3, a copy of which is attached to Stambaugh's

principal brief, makes clear that an "exclusive rights violation occurs when the

airport sponsor excludes others, either intentionally or unintentionally, from

participating in an on-airport aeronautical activity."  Defendants, in denying

Stambaugh's permission to operate as an FBO at HIA, not instead of, but in

addition to Aero and Peidmont Hawthorne, have created such an "exclusive right,"

depriving the public of the benefits of increased competition, and depriving

Stambaugh's of its protected interest in pursuing its trade.  While defendants have

correctly stated that a violation of the Act cannot provide the basis of a 42 U.S.C.

§ 1983 claim, Stambaugh's substantive due process claim is not precluded.  The

"exclusive rights" prohibition in the Act is not the essence of Stambaugh's

substantive due process claim; rather, defendants' flagrant violation of federal law

-10-

merely provides further evidence that defendants' actions designed to drive

Stambaugh's out of business and to prevent Stambaugh's from continuing to

provide FBO services at HIA were arbitrary and capricious, and had no rational

basis in fact or law.

Therefore, because Stambaugh's has pleaded the requisite liberty

interest implicating substantive due process protection, Count I of Stambaugh's

complaint should survive defendants' motion to dismiss.   This Court should not

adopt the Magistrate Judge's recommendation to dismiss Stambaugh's substantive

due process claim, and should allow Stambaugh's to proceed with discovery.

**C.    Stambaugh's has set forth viable state constitutional claims.**

As discussed in its principal brief, Stambaugh's has set forth viable

state constitutional claims.  Defendants make an unwarranted statement that "the

vast weight of cases conclude that there is no private right of action for damages in

situations like this," (Def. Obj. Br., p. 20), then gloss over the controlling authority

on this issue, the Pennsylvania Supreme Court's decision in Erdman v. Mitchell,

207 Pa. 79, 56 A. 327 (1903), in which the court held that the due process and

equal protection language in the Pennsylvania constitution "needs no affirmative

legislation, civil or criminal, for its enforcement in civil courts." *Id.*, 207 Pa. at

-11-

90-91.[3]  While <u>Erdman</u> was not a case dealing with money damages, the

Pennsylvania Supreme Court's language is unambiguous as to the self-executing

nature of the due process and equal protection safeguards provided by the

Pennsylvania constitution.  Further, the <u>Erdman</u> court stated:

> Wherever a court of common pleas can be reached by the
> citizen, these great and essential principles of free
> government must be recognized and vindicated by that
> court, and the indefeasible right of liberty and the right to
> acquire property must be protected under the common-
> law judicial power of the court.  Nor does it need
> statutory authority to frame its decrees or statutory
> process to enforce them against the violators of
> constitutional rights.

<u>Erdman</u>, 207 Pa. at 91.  Defendants have not offered any justification why the

Magistrate Judge's recommendation should not be rejected in light of this clear

enunciation of the Pennsylvania Supreme Court.

Stambaugh's asks this Court to reject the Magistrate Judge's

recommendation to dismiss the causes of action based upon violations of the

Pennsylvania constitution.

---

[3]Defendants' statement that Stambaugh's "acknowledges that there is no right to money damages for violations of the Pennsylvania Constitution" (Def. Obj. Br., p. 20), is false and misleading.  Stambaugh's maintains that a right to money damages for violations of the Pennsylvania Constitution does exist.

**D.    Stambaugh's has stated a claim under the Municipality Authorities Act of 1945, 53 P.S. § 301, *et seq.*_____**

Defendants assert incorrectly that SARAA did not violate the

Municipality Authorities Act of 1945, 53 P.S. § 301, *et seq.* ("MAA"). As set forth

in the complaint, SARAA burdened, interfered, and competed with Stambaugh's

business by creating an "exclusive right" and engaging in "economic

discrimination" at the airport in violation of federal law. (Complaint, ¶¶ 16-29)

*See* 49 U.S.C. § 47107(a)(4), (5).  In doing so, SARAA destroyed Stambaugh's

FBO business that had existed at HIA for *25 years*.  During those 25 years,

Stambaugh's always met or exceeded all minimum standard requirements.

(Complaint, ¶ 15).  Such destruction of a well-established business that had always

met standards is exactly the type of activity that the MAA prohibits.  By

destroying Stambaugh's business, and by installing its "own" FBO providers,

SARAA has violated the provisions of the MAA.

Defendants' reliance on Beaver Falls Municipal Authority v.

Municipal Authority of the Borough of Conway, 689 A.2d 379 (Pa. Commwlth.

1997), and Highridge Water Authority v. Lower Indiana County Municipal

Authority, 689 A.2d 274 (Pa. Commwlth. 1997), as authority for the argument that

no claim has been stated is misplaced.  Both Beaver Falls and Highridge dealt with

-13-

a municipal authority challenging another municipal authority's ability to provide water to a municipality outside the legislatively-prescribed service areas of both authorities. Beaver Falls, 689 A.2d at 380-81; Highridge, 689 A.2d 375-76. The issue in those cases was whether a municipal authority's contract right with a municipality outside its legislatively-prescribed service area was worthy of § 306(A)(b)(2) protection against other municipal authorities. In the instant matter, Stambaugh's is not asserting any such claim of contractual rights or extraterritorial protection; rather, Stambaugh's only invokes § 306(A)(b)(2) to challenge the unlawful competition from SARAA. Stambaugh's, as a private entity, has no legislatively-prescribed "non-compete" zone – the mere existence of its business is sufficient to invoke the MAA's protections. Stambaugh's right to be free from competition from SARAA, a municipal authority, stems not from any contract, but from § 306(A)(b)(2).

Defendants' argument that "SARAA's selection of a new FBO service provider did not serve to create a competitive environment where one had not previously existed," (Def. Obj. Br., p. 16), is simply incorrect. SARAA's actions did result in unlawful competition. Additionally, defendants' attempt to justify SARAA's actions because "Stambaugh's was no longer an FBO at HIA at the time of any alleged competition," (Def. Obj. Br., p. 16), should be rejected

-14-

because Stambaugh's alleges throughout its complaint that SARAA took its improper actions when Stambaugh's still had an FBO business. Further, even if Stambaugh's had failed to allege improper activity while it had an existing FBO business, SARAA should not be heard to argue that since Stambaugh's FBO business has been destroyed by behavior and actions prohibited by § 306(A)(b)(2), it should not be entitled to the section's protection.

The cases relied upon by defendants in support of their "existing" enterprise argument are also distinguishable from the facts of this case. First, in Evansburg Water Co. v. Perkiomen Twp., 569 A.2d 428 (Pa. Commwlth. 1990), plaintiff water company did not serve, nor had it ever served, the area proposed to be served by the defendant municipal authority. Id. at 428-30. That is not the case in the present matter, as Stambaugh's had provided FBO services to HIA since 1975. (Complaint ¶ 9). Similarly, in Northampton v. Bucks County Water & Sewer Authority, 508 A.2d 605 (Pa. Commwlth. 1986), the plaintiff water authority would have needed to build new water lines to serve the area in dispute, so the court held that the defendant municipal authority did not "duplicate" "existing" enterprise. Id. at 615. In the present matter, Stambaugh's provided FBO services at HIA and always met the requirements to be an FBO at HIA. (Complaint ¶¶ 9, 15). Finally, in Northeast Jet Center v. Lehigh-Northampton

-15-

Airport, No. 90-1262, 1996 U.S. Dist. LEXIS 11177 (E.D. Pa. August 1, 1996)

(bound separately as Exhibit C), the court noted that at the time of the alleged

violations of § 306(A)(b)(2), plaintiff itself was no longer an existing enterprise,

due in part to the fact that plaintiff had already agreed to sell its assets. *Id.* at *44-

46. Such is not the case here because Stambaugh's has alleged improper conduct

during the time Stambaugh's was an FBO provider, and remains a tenant at HIA.[4]

     In their discussion of the MAA in their brief, defendants focus on the

concept of "exclusive rights" only briefly and the concept of "economic

discrimination" not at all. Federal law prohibits the creation of "exclusive rights"

or "economic discrimination." 49 U.S.C. § 47107(a)(4), (5). Noting that there are

currently *two* FBO providers at HIA rather than *one* is not sufficient to prove that

no "exclusive right" exists. The law is clear that an "exclusive rights violation

---

[4] Footnote 10 to defendants' brief argues that there was a "clear legislative intent to preclude a private right of action to recover monetary damages under the [MAA]." (Def. Obj. Br., n.10). No such legislative intent is apparent in the case law. Defendants' reliance on Northeast Jet Center for the proposition that money damages are not available because the case "involved a claim for punitive damages only, not compensatory damages, which was rejected on the basis of the Pennsylvania Political Subdivision Tort Claims Act," is inappropriate. (Def. Obj. Br., n. 10). The Northeast Jet Center court never held that damages were not available; rather, after disposing of plaintiff's competition and misappropriation claims on the merits, the court observed *in dicta* that, with respect to its misappropriation claim, plaintiff "*would most probably not be* entitled to punitive damages. 42 Pa.C.S. § 8553(c) precludes the award of punitive damages in actions against municipal authorities." Northeast Jet Center, 1996 U.S. Dist. LEXIS at * 47 n.10 (emphasis supplied). Even if this *dicta* were the law, it refers explicitly to a *misappropriation* claim, not one based upon a competition claim like the one Stambaugh's has asserted, and refers to the statutory prohibition of awarding punitive damages in cases where compensatory damages are permitted.

occurs when the airport sponsor excludes others, either intentionally or

unintentionally, from participating in an on-airport aeronautical activity." FAA

Advisory Circular, "Exclusive Rights and Minimum Standards for Commercial

Aeronautic Activity," 150/5190-5 (April 7, 2000), p. 3. Stambaugh's has suffered

as a result of SARAA creating "exclusive rights" and engaging in "economic

discrimination" in violation of federal law.

Based upon the foregoing, Stambaugh's asks this Court to reject the

Magistrate Judge's recommendation that the count based upon the violation of the

MAA be dismissed.

### E.    Stambaugh's has stated a claim for conspiracy.

The Pennsylvania Supreme Court has stated that:

> In order to state a cause of action for civil conspiracy under
> Pennsylvania law, plaintiff must show only that two or more persons
> combined or agreed with intent to do an unlawful act or to do an
> otherwise lawful act by unlawful means. Proof of malice, i.e., an
> intent to injure, is essential in proof of a conspiracy.

Skipworth by Williams v. Lead Industries Ass'n, Inc., 547 Pa. 224, 690 A.2d 169,

174 (1997) (citing Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 211, 412

A.2d 466, 472 (1979).[5] As Stambaugh's has maintained throughout this matter,

---

[5] Despite the above-quoted language, defendants inexplicably assert that the court in
Skipworth "voiced no opinion on the conspiracy pleading requirements." (Def. Obj. Br., p. 24
(continued...)

-17-

and as set forth in its previous briefs, the complaint is replete with examples of defendants' unlawful activity.

Defendants argue that since BAA and Fleet are agents or employees of SARAA, they cannot have conspired with SARAA and the other defendants. (Def. Obj. Br. p. 24). Nowhere is it alleged in Stambaugh's complaint that BAA and Fleet are either agents for, or employees of, SARAA. As a result, the agency exception to conspiracy on which defendants rely is inappropriate. Whether an agency relationship exists is for discovery. Therefore, for the purposes of the defendants' motion to dismiss, SARAA did conspire with BAA and Fleet as alleged in ¶¶ 176-203.

Defendants correctly state that, generally, "a business entity cannot conspire with its employees and/or agents." (Def. Obj. Br., p. 24). However, defendants fail to recognize that this rule is abrogated when, as here, the "agents or employees are acting not for the [business entity], but for personal reasons and one of the parties to the conspiracy is not an agent or employee of the [business entity]." Tyler v. O'Neill, 994 F. Supp. 603 (E.D. Pa. 1998). Also, as discussed above, BAA and Fleet are not alleged to be agents or employees of SARAA, and

---

[5](...continued)
n.13).

-18-

SARAA, McIntosh and Holdsworth are not employees or agents of BAA or Fleet. However, the status of BAA and Fleet with respect to SARAA loses its importance in this analysis as the <u>Tyler</u> court explained that the aforementioned exception to the general rule is not as strict as it appears:

> This rule has been so liberally construed, however, so as to allow a civil conspiracy claim to proceed where agents or employees act outside of their corporate roles even in the absence of a co-conspirator from outside the corporation.

*Id.* at 613.

Thus, even if BAA and Fleet are considered to be agents of SARAA, the <u>Tyler</u>-articulated exception to the general rule would apply due to the co-conspirators acting *outside* of any appropriate corporate or business role. Defendants failed to address any of these exceptions and arguments in their brief. Instead, they inserted their own "facts" as to the relationship between BAA, Fleet and SARAA, which is inappropriate for purposes of their motion to dismiss. Stambaugh's asks this Court reject the Magistrate Judge's recommendation to dismiss the conspiracy count.

## III.   CONCLUSION

Stambaugh's Air Service, Inc. requests this Court to reject the Magistrate Judge's recommendation to dismiss counts I, II, IV, V, and VI of the complaint and to order defendants to answer the complaint.

Respectfully submitted,

THOMAS B. SCHMIDT, III (19196)
BRIAN P. DOWNEY (59891)
RANDY L. VARNER (81943)
KELLY ANN RYAN (84096)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA  17108-1181
(717) 255-1155
(717) 238-0575 (Fax)

Attorneys for Plaintiff
Stambaugh's Air Service, Inc.

September 13, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2000, I served the foregoing

document by placing a true and correct copy thereof in the United States mail, first

class postage prepaid, on the following individual, addressed as follows:

Dean F. Piermattei, Esquire
Rhoads & Sinon LLP
One South Market Street
P.O. Box 1146
Harrisburg, PA 17108-1146

RANDY L. VARNER (81943)