IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., : | |
| : | |
| Plaintiff : | |
| v. : | CASE NO. 1:CV-00-0660 |
| : | |
| SUSQUEHANNA AREA REGIONAL : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, : | |
| individually, DAVID HOLDSWORTH, : | |
| individually, and DAVID C. McINTOSH, : | |
| individually, : | |
| Defendants : | |
| ………………………………………..: | Electronically Filed |

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING OPINION
AND RECOMMENDATION OF MAGISTRATE JUDGE SMYSER**

NOW COME Defendants Susquehanna Area Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet, David Holdsworth and David McIntosh (collectively "Defendants") and, pursuant to this Court's Order dated August 31, 2005, file this Supplemental Brief concerning the Opinion & Recommendation of Magistrate Judge Smyser. Based on recent developments in Federal law, Defendants submit that Judge Smyser's decision recommending

577797.2

dismissal of Counts I, II, IV, V, and VI. In addition, Defendants assert that Counts III and VII should also be dismissed.

## ARGUMENT

**A.  Judge Smyser Properly Determined Counts I, II, IV, V & VI Should Be Dismissed**

On August 3, 2000, the Honorable J. Andrew Smyser ("Judge Smyser") issued a Report and Recommendation in this case, recommending that Counts I (Federal Due Process claim against all Defendants), II (Pennsylvania Due Process claim against all Defendants), IV (Pennsylvania Equal Protection claim against all Defendants), V (Conspiracy claim against all Defendants) and VI (Pennsylvania Municipal Authorities Act claim against all Defendants) of Plaintiff's Complaint be dismissed and that Count VII (Tortious Interference with Existing Contractual Relationships claim against all Defendants) be dismissed with respect to SARAA. Defendants submit that Judge Smyser's determination with respect to these claims remains valid and proper under current Federal law.  Based on Judge Smyser's Report and Recommendation, Counts I, II, IV, V and VI are properly dismissed.

**1.  Judge Smyser Properly Determined Count I, Federal Due Process, Should Be Dismissed**

In determining that Plaintiff's due process claim should be dismissed, Judge Smyser concluded that, based on <u>Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority</u>, 103 F.3d 165 (3d Cir. 1997), Plaintiff failed to

establish a property interest in the right to be an FBO operator. (Opinion, p. 7-8). Independent remains valid Federal precedent and, in fact, has been relied upon by Federal Courts in dismissing due process claims for lack of property interest. See Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 399, 403-04 (3d Cir. 2000) (upholding dismissal of substantive due process where no property interest in renewal of government contract, explaining "[w]e view the facts in Independent Enterprises, where defendants actively prevented plaintiffs from winning contracts in violation of a consent decree, as constituting a more compelling claim that a protected interest had been violated than that proffered by Donald Boyanowski, who was never barred from having his bids considered. There is no basis in our substantive due process precedent for according him the relief that he seeks"); Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 142 (3d Cir. 2000) (upholding dismissal of substantive due process claim for lack of property interest, finding "tenured public employment" is not "a fundamental property interest entitled to substantive due process protection"); Allied Painting, Inc. v. Delaware River Port Auth., No. 04-1032, 2004 U.S. Dist. LEXIS 13994, *7 (E.D. Pa. June 21, 2004) (finding no substantive due process claim because there is no "property interest in a contract for the low bidder").

## 2. Judge Smyser Properly Determined There Is No Claim For Monetary Damages Under The Pennsylvania Constitution, Requiring Dismissal Of Counts II &IV

Judge Smyser also properly determined that Plaintiff's claims for violation of the Pennsylvania Constitution (Counts II and IV) should be dismissed as there is no authority for recovery of monetary damages for violations of the Pennsylvania Constitution. In issuing this recommendation, Judge Smyser determined that the decision in Harley v. Schuylkill County, 476 F. Sup. 191 (E.D. Pa. 1979), was erroneous. Federal Courts since Judge Smyser's Order have upheld this position, rejecting monetary damage claims under the Pennsylvania Constitution. Christie v. Borough of Folcroft, No. 04-5944, 2005 U.S. Dist. LEXIS 21569, *38 (E.D. Pa. September 27, 2005); Crane v. Cumberland County, No. 99-1798, 2000 U.S. Dist. LEXIS 22489, *44-45 (M.D. Pa. June 16, 2000).

## 3. Plaintiff's Failed To State A Claim For Conspiracy (Count V)

Judge Smyser recommended dismissal of Count V of the Complaint alleging Defendants engaged in civil conspiracy. In issuing this recommendation, Judge Smyser determined that Plaintiff's allegations failed to comply with Federal pleading requirements, as it failed to state the unlawful act or acts that were the object of the conspiracy. (Report, p. 18). Under Skipworth v. Lead Industries Ass'n, Inc., 547 Pa. 224, 690 A.2d 169 (1997), to state a sufficient conspiracy claim under Pennsylvania law, a plaintiff must allege all elements of the civil

conspiracy claim, including the provisions of law allegedly violated. Skipworth remains valid Pennsylvania law and has, moreover, been cited by Federal Courts in dismissing conspiracy claims since the date of Judge Smyser's Recommendation. See WM High Yield Fund v. O'Hanlon, No. 04-3423, 2005 U.S. Dist. LEXIS 12064, *45-46 (E.D. Pa. May 16, 2005) (dismissing conspiracy claim, citing Skipworth, based on "failure to plead with requisite heightened specificity"); Fresh Made, Inc. v. Lifeway Foods, Inc., No. 01-4254, 2002 U.S. Dist. LEXIS 15098, *36-37 (E.D. Pa. August 9, 2002) (same).

    **4.**    **Plaintiff Failed To State A Claim For Violation Of The Municipal Authorities Act (Count VI)**

Count VI of the Complaint purports to allege a claim for violation of the Pennsylvania Municipal Authorities Act ("MAA"), 53 Pa.C.S. §§5601 et seq., maintaining that replacement of Plaintiff as the FBO service constituted a statutory violation of Section 306A(b)(2). The MAA, previously 53 P.S. §§101 et seq., has been codified since filing of Plaintiff's Complaint, but the language upon which Plaintiff relies remains in Section 5607(b)(2). 53 Pa.C.S. §5607(b)(2). Further, while there have been no additional decisions, the case upon which Judge Smyser relied in reaching this result remains valid law. Beaver Falls Municipal Authority v. Municipal Authority of the Borough of Conway, 689 A.2d 379 (Pa. Commw. 1997).

**B.     Defendants' Motion To Dismiss Plaintiff's Equal Protection Claim, Count III, Should Be Granted**

In his Report and Recommendation, however, Judge Smyser also determined that, based upon the Supreme Court's ruling in <u>Willowbrook v. Olech</u>, 528 U.S. 562 (2000), Plaintiff could proceed with Count III, a claim for alleged violation of its Equal Protection rights guaranteed by the United States Constitution.  Based on decisions since 2000, Defendants submit that this determination is contrary to Federal law, and the Motion to Dismiss this claim should be granted.  In addition, Judge Smyser recommended denying the Motion to Dismiss the Equal Protection claims against the individual defendants finding the doctrine of qualified immunity did not apply to these Defendants.  This recommendation should be reversed where, as here, it is not supported by Third Circuit precedent.

In its Complaint, Plaintiff alleges a violation of its Equal Protection rights guaranteed by the Fourteenth Amendment, arguing Defendants treated it differently from another company "without any rational basis for doing so. . . ." (Complaint, ¶126); U.S. CONST. amend. XIV.  Specifically, Plaintiff alleges Defendants treated it differently "by refusing to enforce lease terms requiring payment of rent" by other tenants "while, at the same time, requiring that Stambaugh's comply with its lease terms."  (Complaint, ¶127).  Because these allegations fail, as a matter of law, this claim should be dismissed.

Under Federal law, in order to succeed with an Equal Protection claim, a plaintiff must allege deprivation of a constitutionally protected property interest, as well as treatment different from similarly situated entities. Holt Cargo Sys., Inc. v. Delaware River Port Auth., 20 F. Supp. 2d 803, 825 (E.D. Pa. 1998) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  Further, a plaintiff must allege "intentional discrimination" as a result of "membership in a particular class."  Id. at 825 (quoting Huebschen v. Department of Health & Social Serv., 716 F.2d 1167, 1171 (7th Cir. 1983)).  Plaintiff's Complaint fails to comply with these mandates.

Judge Smyser recommended that this claim proceed, however, based on his determination that Plaintiff alleged SARAA "arbitrarily and irrationally treated Stambaugh's differently from similarly situated entities."  (Report & Recommendation, p. 10-11).  In reaching this recommendation, Judge Smyser relied on Willowbrook v. Olech, 528 U.S. 562 (2000).  This reliance is misplaced.

It is true that, in Willowbrook, the Supreme Court upheld a ruling reversing dismissal of an Equal Protection claim.  528 U.S. at 565.  It was based on an allegation that the plaintiff property owner was treated differently than similarly situated property owners in her development.  Id. at 564.  The Court allowed the claim to proceed, finding the allegation that the defendant's action was "irrational and wholly arbitrary" was sufficient under Federal law.  Id. at 565.  The difficulty with Judge Smyser's reliance on this decision is two-fold.

As an initial matter, while the Complaint makes the bald assertion that Plaintiff was treated differently than others similarly situated, the Equal Protection claim contains no factual allegations that Defendants acted irrationally or arbitrarily. (Complaint, ¶¶118-146). Even if the claim was made, however, Plaintiff is also required to set forth supporting facts which it has failed to do. This is especially true where, as here, the Defendants constitute a municipal authority and employees and representatives thereof, as Willowbrook did not eliminate the presumption that a government's actions are assumed to be rational and legitimate. Greenspring Racquet Club, Inc. v. Hirshfeld, No. 99-2444, 2000 U.S. App. LEXIS 27207, *6 n.4 (4th Cir. October 31, 2000).

In addition, Federal courts since Willowbrook have clarified that such a claim must be supported by factual allegations establishing differential treatment. See Barrington Cove L.P. v. Rhode Island Housing & Mortgage Finance Corp., 246 F.3d 1, 10 (1st Cir. 2001) (citations omitted) (dismissing Equal Protection claim, stating "[a]n equal protection claimant 'may not prevail against a Rule 12(b)(6) motion simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus'"); Olivia Y. v. Barbour, 351 F. Supp. 2d 543, 552 (S.D. Miss. 2004) (dismissing claim, holding "although plaintiffs do allege that there is no rational basis for the differences in treatment of which they complain, they do not allege that defendants'

action or inaction toward them is based on an illegitimate animus directed against them individually or as an identifiable class"); Cain v. Tigard-Tualatin Sch. Dist., 262 F. Supp. 2d 1120, 1130-31 (D. Ore. 2003) (finding Willowbrook insufficient to survive Equal Protection claim, pointing out that "[t]he Supreme Court gave no indication that the holding extended beyond matters involving municipal property disputes"); Campagna v. Commonwealth, 206 F. Supp. 2d 120, 127 (D. Mass. 2002) (quoting Willowbrook, 526 U.S. at 566) (dismissing Equal Protection claim under Willowbrook where facts set forth in Complaint fail to "adequately allege[ ] that plaintiff was 'treated differently from others similarly situated'"). Plaintiff's Complaint fails to comply with these Federal pleading mandates and, as a result, its Equal Protection claim should be dismissed.

C. **Plaintiff's Claims In Counts II, IV, V, VI & VII Against The Individual Defendants Should Be Dismissed Based On The Doctrine Of Qualified Immunity**

In addition to naming the municipal authority, SARAA, and the corporate entity BAA, Plaintiff's also assert claims against individual defendants David Fleet, Airport Director, Harrisburg International Airport, David Holdsworth, SARAA Executive Director and David McIntosh, SARAA Chairman of the Board of Directors. The individual defendants sought dismissal of these claims, arguing they were immune from suit as "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Judge Smyser recommended this Motion be denied based on his determination that the facts of this case are "materially quite similar" to the facts in Northeast Jet Center, Ltd. v. Lehigh-Northampton Airport Authority, 767 F. Supp. 672 (E.D. Pa. 1991) wherein the Eastern District Court declined to apply qualified immunity. (Report & Recommendation, p. 12-15). Defendants submit that this conclusion is incorrect, as the Northeast Jet Court's qualified immunity analysis was limited and not compelling. In addition, a close comparison of the Northeast Jet facts to the facts in this case reveals more differences than similarities.

In a single paragraph analysis, the Northeast Jet court acknowledged the "reasonable official" standard established by Anderson v. Creighton, 483 U.S. 635 (1987). The Court, however, declined to engage in a reasonable official analysis in that case because "[w]hat a 'reasonable' official would understand is not a determination which should be made on a motion to dismiss in the circumstances

here." Northeast Jet, Ltd., 767 F. Supp. at 679.[1]  Similarly, Judge Smyser chose not to engage in a detailed reasonable official analysis.

Not only was the Northeast Jet court's qualified immunity analysis short, but the premise underlying its conclusion does not comport with Third Circuit precedent that reasonableness is a question of law unless there is a factual dispute that must be resolved.  Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004).  It is well-established that a court should rule on the qualified immunity defense as early in the litigation as possible, and that a court is not precluded from ruling on the issue at the 12(b)(6) stage.  Logically then, where, as here, a plaintiff pleads with some specificity, the court should be able to take those well-pleaded facts and decide whether there is a basis to conclude that an individual's behaviors was unreasonable.

The Report fails to enumerate the specific facts relied upon to deny qualified immunity, i.e. the facts used in support of the conclusion that the officials acted unreasonably.  The Report only concludes that the facts in this case are comparable to the facts in Northeast Jet, without actually listing and analyzing the facts or applying the reasonable official analysis to those facts.  (Report &

---

[1]   Defendants also point out that for its qualified immunity analysis, the Report's quote from Northeast Jet is taken from that analysis of equal protection as against the municipality as an entity not from the qualified immunity analysis which, as indicated, was comprised of only a single paragraph. (Report & Recommendation, p. 14) (quoting Northeast Jet, Ltd., 767 F. Supp. at 677-78).

Recommendation, p. 14). To the extent the facts are actually compared, it is clear that there are no similarities sufficient to find that the individual defendants are not entitled to qualified immunity.

In Northeast Jet, the pleadings were fairly specific with respect to the alleged actions of the individual defendants. For example, Northeast Jet contained allegations that the individual defendants 1) interfered with its business relationships, 2) blocked its acquisition of FAA certification, 3) lured away its tenant's and customers, 4) prevented it from obtaining financing its business, 5) wrongfully drove it out of business, 6) wrongfully cancelled its lease, 7) wrongfully appropriated its hanger and other property for below market prices, 8) misrepresented that standards were in effect when in fact they were not, 9) telephoned FAA officials in an attempt to prevent it from obtaining FAA certification, and 10) conspired to deprive it of its due process and equal protection rights. 767 F. Supp. at 676.

In this case, Judge Smyser recommended dismissal of Plaintiff's conspiracy claims against the defendants, and the remaining allegations in the Complaint do not parallel the allegations in Northeast Jet consisting of misrepresentation, intentional interference with FAA certifications, intentional interference with or disruption of its business relationships, or an acquisition of its property below market prices. Plaintiff's complaint alleges only that SARAA wrongfully

entertained bids that did not comply with SARAA's original bid requirements, informed its clients that its contract was not going to be renewed, awarded the bid to its competitors, checked Plaintiff's employee identification, and negotiated different rental terms with its competitors.  None of these allegations, even if true, are comparable in scope to those alleged in <u>Northeast Jet</u>.  Further, even if considered, none of these actions are, as a matter of law, unreasonable.  Therefore, dismissal of Plaintiff's claims against the individual defendants is proper.

## **CONCLUSION**

Accordingly, for the reasons set forth above, and in Defendants' prior Briefs, the Motion to Dismiss filed on behalf of the Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth and David McIntosh should be granted, and Plaintiff's claims should be dismissed.

    Respectfully submitted,

    RHOADS & SINON LLP

By: _____/S/ Dean F. Piermattei_____
    Dean F. Piermattei
    Attorney I.D. No. 53847
    Timothy J. Nieman
    Attorney I.D. No. 66024
    Stephanie E. DiVittore
    Attorney I.D. No. 85906
    One South Market Square
    P.O. Box 1146
    Harrisburg, PA  17101
    (717) 233-5731

    Attorneys for Defendants