IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 1:CV-00-0660 |
| | : | |
| SUSQUEHANNA AREA REGIONAL | : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA | : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, | : | |
| individually, DAVID HOLDSWORTH, | : | |
| individually, and DAVID C. McINTOSH, | : | |
| individually, | : | |
| Defendants | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

### SECOND REVISED JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the Local Rules, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following proposed Joint Case Management Plan:

**1.0   Principal Issues.**

    1.10   Separately for each party, please give a statement summarizing this case:

<u>By Plaintiff</u>:

**Stambaugh's Air Service, Inc. ("Stambaugh's") filed a complaint against Defendants Susquehanna Area Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet, David Holdsworth and David McIntosh (collectively "defendants") on April 10, 2000, that alleges,** *inter alia*, **that defendants violated Stambaugh's federal and state rights arising under the federal and state constitutions, federal and state statutes, and the common law.**

**Stambaugh's had operated continuously as a tenant at Harrisburg International Airport ("HIA") since 1975, during which time it has engaged in the business of providing fixed-base operator ("FBO") services to aircraft landing at HIA. Stambaugh's provided FBO services out of the hangar that it currently leases from SARAA, and which it had previously leased from the Commonwealth of Pennsylvania. As an FBO provider at HIA, Stambaugh's always met or exceeded the minimum standards for FBOs developed by the Commonwealth of Pennsylvania, which were incorporated into Stambaugh's lease with SARAA.**

**Stambaugh's had a lease agreement with SARAA that terminated on January 19, 2000. While negotiating a new lease for Stambaugh's, defendants refused to offer Stambaugh's any lease that would permit it to continue to provide FBO services at HIA, despite the fact that they were statutorily prohibited from doing so. Defendants used harassment and intimidation as tools to drive Stambaugh's out of HIA to create an exclusive FBO arrangement which is specifically prohibited by 49 U.S.C. §§47107(a)(4) and (5).**

**SARAA purchased a hanger formerly owned by the AMP Corporation ("AMP Hanger") to lease it to an entity to provide FBO services out of the hanger. As a part of this process, SARAA issued a Request for Qualifications from FBO service providers on October 5, 1999 ("RFQ"). Despite the fact that Stambaugh's was the only bidder to qualify under the process established by defendants, defendants ignored their own requirements and refused to permit Stambaugh's to provide FBO services at the AMP Hangar. Defendants then secretly solicited and accepted proposals which did not comply with the RFQ to ensure that Stambaugh's would not be able to lease the AMP Hanger. Moreover, these non-conforming proposals were conditioned on the requirement that defendants force Stambaugh's out of the FBO business at HIA. In other words, SARAA accepted bids which were submitted only because defendants promised those bidders that Stambaugh's FBO business would be driven out by HIA. Defendants made this promise when (1) Stambaugh's had an ongoing FBO business in the Stambaugh's Hangar, and (2) Stambaugh's had submitted the only qualifying bid on the RFQ process to provide FBO services out of the AMP Hangar. Defendants kept that promise and destroyed Stambaugh's FBO business.**

**The result of defendants' conduct was to create an unlawful exclusive FBO arrangement at HIA and, in the process, deprive Stambaugh's various rights by destroying its FBO business. It is that conduct which is the subject of this suit.**

By Defendants:

**This action concerns an award of a Fixed Based Operator ("FBO") contract by Defendant Susquehanna Area Regional Airport Authority ("SARAA") at the Harrisburg International Airport ("HIA"). Specifically, in October, 1999, SARAA awarded the FBO contract for the Airport to AERO Services International Incorporated, and Plaintiff instituted this action, arguing SARAA's conduct violated its Constitutional rights.**

**Specifically, prior to October, 1999, Plaintiff leased a facility at HIA where it engaged in the repair and maintenance of airplanes and also provided FBO services such as fueling, maintenance and cargo handling services. After Plaintiff's lease expired, SARAA attempted to negotiate a new lease with Plaintiff which would include a continuation of FBO Services. When Plaintiff refused to enter into such a lease, SARAA issued a Request for Qualifications from other FBO service providers and, after review of the responses, awarded the FBO Contract to Plaintiff's competitor.**

**Following award of the FBO Contract, Plaintiff instituted this action alleging SARAA's conduct is unconstitutional as violative of its rights to due process and equal protection. Plaintiff also sets forth claims of conspiracy, tortious interference with contract and violation of the Federal Aviation Act and Pennsylvania Municipal Authorities Act. SARAA disputes any and all liability to Plaintiff.**

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

<u>By Plaintiff:</u>

**1.11   Virtually all factual issues are in dispute.**

<u>By Defendants:</u>

**1.12   Whether Plaintiff properly performed as an FBO service provider.**

**1.13   Whether Plaintiff's response complied with the RFQ issued by SARAA.**

**1.14   Whether the responses to the RFQ issued by other FBO service providers complied with the RFQ directions and requirements.**

**1.15** Whether Plaintiff incurred any damages.

**1.16** Whether Plaintiff is entitled to any damages.

**1.17** Whether Plaintiff failed to negotiate a lease wherein it would provide FBO Services at HIA.

**1.18** Whether the acts or omissions of Plaintiff or third parties caused or contributed to the alleged damages.

**1.19** Whether Plaintiff mitigated its alleged damages.

The principal <u>factual</u> issues that the parties <u>agree</u> upon are:

**1.20** In fall, 1999, Stambaugh was a tenant at HIA, leasing a hangar, where it performed repair and maintenance services on airplanes.

**1.21** Prior to fall, 1999, Stambaugh also provided FBO services at HIA including, without limitation, fueling, maintenance and cargo handling services.

**1.22** SARAA is a municipal authority that owns HIA, and SARAA retained BAA Harrisburg, Inc. ("BAA") to manage HIA.

**1.23** Defendant David Fleet was the Airport Director of HIA in 1999 and was employed by BAA.

**1.24** Defendant Holdsworth, at the time the Complaint was filed, was the Executive Director of SARAA.

**1.25** At the time the Complaint was filed, Defendant McINtosh was the Chairman of the Board of Directors of SARAA.

**1.26** On January 19, 2000, Plaintiff's hangar lease with SARAA expired.

**1.27** SARAA entered into negotiations with Plaintiff regarding an extension of the lease, and such extension was ultimately granted.

**1.28** On October 5, 1999, SARAA issued an RFQ from FBO service providers, and Plaintiff responded to the RFQ, along with other FBO service providers, AERO and Piedmont Hawthorne.

**1.29** SARAA subsequently awarded a contract for FBO services to AERO and Piedmont Hawthorne.

**1.30** At the time the Complaint was filed, both AERO and Piedmont Hawthorne provided FBO services at HIA.

The principal <u>legal</u> issues that the parties <u>dispute</u> are:

<u>By Plaintiff:</u>

**1.31** Whether defendants violated Stambaugh's due process and equal protection guarantees under the United States Constitution pursuant to 42 U.S.C. § 1983.

**1.32** Whether defendants conspired to tortiously interfere with Stambaugh's existing contractual relationships.

**1.33** Whether defendants tortiously interfered with Stambaugh's existing contractual relationships.

**1.34** Whether defendants created an "exclusive right" in violation of federal law at HIA.

**1.35** Whether defendants has engaged in economic discrimination against Stambaugh's in violation of federal law.

By Defendants:

**1.36 Whether Defendants violated Plaintiff's equal protection rights.**

**1.37 Whether Defendants engaged in conspiracy.**

**1.38 Whether Defendants engaged in tortious interference with contract.**

**1.39 Whether Plaintiff can recover its alleged damages.**

**1.40 The legal interpretation of the RFQ at issue.**

**1.41 Causation.**

The principal <u>legal</u> issues that the parties <u>agree</u> upon are:

**1.42 (By Stambaugh's): This Court has subject matter jurisdiction and venue is proper in this Court.**

**1.43 (By defendants): This Court has subject matter jurisdiction and venue is proper in this Court.**

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**Plaintiff:   None.**

**Defendants: None.**

1.60 Identify any named parties that have not yet been served:

**Plaintiff:   None.**

**Defendants: None.**

1.70   Identify any additional parties that:

Plaintiff intends to join:          **None at this time.**

Defendants intend to join:      **None at this time.**

1.80   Identify any additional claims that:

Plaintiff intends to add:          **None at this time.**

Defendants intend to add:      **None at this time.**

**2.0   Alternative Dispute Resolution ("ADR")**

2.10   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use:

**None.**

2.20   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

**Plaintiff believes that alternative dispute resolution may be an appropriate vehicle for resolving the issues among the parties. No such efforts have been undertaken by the parties, but mediating this dispute may be appropriate and plaintiff will be guided by the Court as to this issue.**

**SARAA believes some discovery is required before it can determine if mediation would be productive.**

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**Not applicable.**

**3.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  _ Y ( **X)** _ N.

The matter has already been listed as a matter before Magistrate Smyser.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:
  ___ Scranton
  ___ Wilkes-Barre
  ___ Harrisburg

**4.0   Disclosures**

  4.100  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

  4.101 Disclosed by Plaintiff:

|   | **Name** | **Title/Position** |
|---|---|---|
| **4.102** | **Mark Stambaugh** | **President, Stambaugh's** |
| **4.103** | **Scott Stambaugh** | **Vice President, Stambaugh's** |
| **4.104** | **Charles Beard** | **Executive Assistant, Stambaugh's** |
| **4.105** | **Daniel Moyer** | **Federal Aviation Administration** |
| **4.106** | **Joseph Green** | **Federal Aviation Administration** |

    4.102 Disclosed by Defendants:

        **Defendants will serve Rule 26 disclosures within 20 days of the Case Management Conference.**

4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201 Categories of documents disclosed by Plaintiff.

    **Plaintiff will serve Rule 26 disclosures within 20 days of the Case Management Conference**

4.202 Categories of documents disclosed by Defendant:

    **Defendants will serve Rule 26 disclosures within 20 days of the Case Management Conference.**

4.300 <u>Additional Document Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents Plaintiff will disclose:

    a.    **Lease Agreement between Stambaugh's and SARAA**

    b.    **FAA Circulars related to exclusive rights**

    c.    **Telephone messages from Stambaugh's customers**

    d.    **Lease Agreement between SARAA and Piedmont/Hawthorne Aviation**

    e.    **Records related to FAA Inspections of Stambaugh's facility**

   **f.** **Records related to inspections by users of Stambaugh's FBO services**

4.302 Additional categories of documents Defendants will disclose:

**Defendants will serve Rule 26 disclosures within 20 days of the Case Management Conference.**

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 Plaintiff's calculation of damages:

 **a.** **Loss of FBO Business - $5,000,000.00**

 **b.** **Dismantling and relocation of its FBO and maintenance operations - $1,000,000.00**

 **c.** **Relocation of dislocated employees - $1,000,000.00**

 **d.** **Loss of FBO Income - $13,000,000.00 (net income for FBO services over the next 18 years)**

 **e.** **Business interruption - $1,500,000.00**

 **f.** **Lost productivity - $3,000,000.00 to $5,000,000.00**

 **g.** **Construction of new facilities at a different location - $16,000,000.00 plus interest over the next 30 years**

4.402 Defendant's calculation of offset:

**Not applicable.**

**5.0   Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| | Nature of Motion | Moving Party | Anticipated Filing |
|---|---|---|---|
| **5.10** | **Motion for Summary Judgment** | **Plaintiff** | **After the close of discovery** |
| **5.11** | **Motion to Dismiss** | **Defendant** | **May be filed prior to deadline for response to Amended Complaint if there appears a valued basis upon review of the Amended Complaint** |
| **5.12** | **Motion for Summary Judgment** | **Defendant** | **After close of discovery** |

**6.0   Discovery**

6.100 Briefly describe any discovery that has been completed or is in

    By Plaintiff: **Serves of interrogatories and document requests. By agreement of the parties, Defendants' time for answering and objecting to the discovery served had extended to a date to be agreed upon by the parties.**

    By Defendants: **Defendants will serve Rule 26 disclosures within 20 days of the Case Management Conference.**

6.200 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

By Plaintiff: **Discovery will involve depositions of all witnesses and defendants in this matter. Plaintiff intends to serve Interrogatories, Request for Production of Documents and Request for Admissions.**

By Defendants: **Defendants will depose individuals identified by Plaintiff as having knowledge of the facts at issue in this litigation relating to operations of Plaintiff prior to award of the FBO contract, all individuals involved on behalf of the Plaintiff who were involved in providing FBO services as well as preparing the proposal for FBO services, and all individuals with knowledge of Plaintiffs entire business operations beginning from 1999 through the present. Defendants also intend to serve written discovery in the form of Interrogatories, Requests for Production of Documents and Requests for Admissions.**

6.300 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None at this time.**

6.400 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**None at this time.**

6.500 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501 Depositions (excluding experts) to be taken by:

Plaintiff: **10**      Defendants (collectively): **10**

5.502 Interrogatories to be served by:

Plaintiff: **60**         Defendants: **60**
(to each Defendant)      (from each Defendant)

6.503 Document production requests to be served by:

Plaintiff: **60**         Defendants: **60**
(to each Defendant)      (from each Defendant)

6.504 Requests for admission to be served by:

Plaintiff: **60**         Defendants: **60**
(to each Defendant)      (from each Defendant)

6.000 All discovery commenced in time to be completed by:

**April 30, 2007**

6.700 Reports from retained experts due:

From Plaintiff by:          **May 15, 2007**

    From Defendant by:    **May 15, 2007**

6.800  Supplementations due:    **June 15, 2007**

6.900  Expert Depositions to be completed by: **September 15, 2007**

**7.0  Protective Order**

    7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

        **None at this time.**

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**None at this time.**

**8.0  Certification of Settlement Authority**

I hereby certify that the following individual(s) have settlement authority:

For Plaintiff:

| | |
|---|---|
| **Mark R. Stambaugh** c/o<br>**Stambaugh's Air Service, Inc.**<br>**427 Second Street**<br>**Highspire, PA 17034** | **Jordan D. Cunningham, Esquire**<br>**Cunningham & Chernicoff, P.C.**<br>**2320 North 2nd Street**<br>**Harrisburg, PA 17110**<br>**(717) 238-6570** |

For Defendants:    **Defendant SARAA**
        **Alfred Testa, Executive Director**

        **Defendant BAA Harrisburg, Inc.**
        **Alfred Testa, Executive Director**

**Defendant David Fleet**
**Alfred Testa, Executive Director**

**Defendant David Holdsworth**
**Alfred Testa, Executive Director**

**Defendant David McIntosh**
**Alfred Testa, Executive Director**

**9.0   Scheduling**

9.1   This case may be appropriate for trial in approximately:

__ 240 Days from the filing of the action in this court

__ 365 Days from the filing of the action in this court

| | | |
|---|---|---|
| 9.2 | Suggested Date for Trial: | **December, 2007** |
| 9.3 | Suggested Date for final, Pretrial Conference: | **November 1, 2007** |
| 9.4 | Final date for joining additional parties: | |
| | For Plaintiff: | **n/a** |
| | For Defendant: | **n/a** |
| 9.5 | Final date for amending pleadings: | |
| | For Plaintiff: | **n/a** |
| | For Defendant: | **n/a** |
| 9.6 | All potentially dispositive motions should be filed by: | **30 days after the close of discovery** |

| | | |
|---|---|---|
| 9.7 | <u>Daubert</u> Motions concerning admissibility of expert testimony should be filed by: | **15 days after the deadline for expert depositions** |

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.
**None at this time.**

**11.0   Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

| | |
|---|---|
| For Plaintiff: | **Jordan D. Cunningham, Esquire**<br>**Cunningham & Chernicoff, P.C.**<br>**2320 North 2nd Street**<br>**Harrisburg, PA 17110**<br>**(717) 238-6570** |
| For Defendants: | **Dean F. Piermattei, Esquire**<br>**Rhoads & Sinon LLP**<br>**One South Market Sq., 12th Flr.**<br>**P.O. Box 1146**<br>**Harrisburg, PA  17108-1146**<br>**(717) 233-5731** |

Respectfully Submitted,

Dated: April 17, 2006
/s/Jordan D. Cunningham, Esquire
Jordan D. Cunningham, Esquire
PA I.D. No. 23144
Cunningham & Chernicoff, P.C.
2320 North 2nd Street
Harrisburg, PA 17110
(717) 238-6570
Attorneys for Plaintiff

Dated:  April 17, 2006
/s/Dean F. Piermatti, Esquire
Dean F. Piermatti, Esquire
PA I.D. No. 53847
Rhoads & Sinon LLP
One South Market Square, 12th Floor
Harrisburg, PA  17108-1146
(717) 233-5731
Attorneys for Defendant

F:\HOME\AHEWITT\DOCS\Q-S\STAMAIR\AMDJCMP2.WPD