IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 1:CV-00-0660 |
| | : | |
| SUSQUEHANNA AREA REGIONAL | : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA | : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, | : | |
| individually, DAVID HOLDSWORTH, | : | |
| individually, and DAVID C. McINTOSH, | : | |
| individually, | : | |
| Defendants | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND, AMENDED COMPLAINT

NOW COME Defendants Susquehanna Area Regional Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"), David Fleet, David Holdsworth and David McIntosh (collectively "Defendants") and file the within Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint as follows:

1.    Admitted based on information and belief.

2.    Admitted with clarification.  SARAA is a joint municipal authority established by Cumberland, Dauphin and York Counties; the Cities of Harrisburg

and York; and Lower Swatara and Fairview Townships under the Municipal Authorities Act ("MAA"), 53 Pa.C.S.A. §§5601 et seq., to provide high quality, efficient airports and promote improved air service in the South Central Pennsylvania region.  To accomplish these objectives, the Commonwealth of Pennsylvania transferred its ownership of the Harrisburg International Airport ("HIA") and Capital City Airport to SARAA on January 1, 1998.

3.    Denied.

4.    Admitted in part, denied in part.  It is admitted that David Fleet was an employee of BAA.  The remaining allegations are denied.

5.    Denied..

6.    Admitted in part.  It is admitted that McIntosh was at one time the Chairman of the Board of Directors of SARAA.  The remaining allegations are denied.

**JURISDICTION & VENUE**

7.    Admitted.

8.    Admitted in part, denied in part.  It is admitted that venue lies within this District pursuant to Section 1391 of the Judicial Code, 28 U.S.C. §§101 et seq., because the events giving rise to Plaintiff's claim occurred within this

2

District. 28 U.S.C. §1391. It is specifically denied that venue lies within this District because the Defendants reside in this District.

## FACTUAL BACKGROUND

9.     Admitted in part, denied in part. It is admitted that Stambaugh's was a tenant at HIA engaged in the business of repairing and maintaining airplanes and providing fixed base operator services such as fueling, maintenance and cargo handling. SARAA is without sufficient information to form a sufficient belief as to the truth of the remaining allegations contained in Paragraph 9, and the same are therefore denied.

10.     Admitted based on information and belief.

11.     Admitted based on information and belief.

12.     Admitted.

13.     The Pennsylvania Code is a writing which speaks for itself.

14.     The Lease is a writing which speaks for itself.

15.     Denied. It is specifically denied that Stambaugh's has always met or exceeded the HIA Minimum Standards for operating as an FBO and specific proof thereof is demanded at the time of trial.

16.     Admitted.  By way of further response, the Lease is a writing which speaks for itself.

17.     Admitted.

18.     Denied.  The allegations contained in Paragraph 18 are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the same are denied.

19.     Denied.  Specific proof of this allegation is demanded at the time of trial.

20.     Denied.   It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh were obligated to offer Stambaugh's a lease that would permit it to remain in the Stambaugh's hangar at HIA beyond 2003.  It is further denied that SARAA refused to offer Stambaugh's a Hangar at HIA.  Specific proof of this allegation is demanded at the time of trial.

21.     Denied as stated.  It is admitted that AERO has provided FBO services at HIA.  The remaining allegations of this paragraph are specifically denied, and specific proof of these allegations is demanded at the time of trial.

22.     Denied.  It is specifically denied that HIA has made efforts to force Stambaugh's out of HIA.  It is also specifically denied that SARAA was attempting to establish an exclusive FBO arrangement.  Further, it is specifically

4

denied that SARAA, BAA, Fleet, Holdsworth or McIntosh did not enforce lease terms against AERO that were enforced against Stambaugh's. Specific proof of these allegations is demanded at the time of trial.

23.    Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh permitted AERO to continue to operate at HIA while not paying rent. Specific proof of this allegation is demanded at the time of trial.

24.    Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth, or McIntosh permitted AERO to continue to operate as an FBO at HIA while not paying rent. Specific proof of this allegation is demanded at the time of trial. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

25.    Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth, or McIntosh engaged in a policy of intimidation or harassment directed at Stambaugh's or its employees. Specific proof of this allegation is demanded at the time of trial.

26.    Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth, or McIntosh harassed Stambaugh's employees or forced them to discontinue working on Stambaugh's projects under the guise of checking the

5

identities of the employees or otherwise. The remaining allegations in this paragraph are specifically denied and proof of these allegations is demanded at the time of trial.

27. Admitted. SARAA does not engage in harassing conduct with any tenants at HIA, including Stambaugh's.

28. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh attempted to create an exclusive FBO by manufacturing disputes or fabricating alleged lease violations by Stambaugh's. Specific proof of these allegations is demanded at the time of trial.

29. It is admitted that SARAA does not engage in harassing conduct with any tenants at HIA, including Stambaugh's.

## SALE OF THE AMP HANGAR

30. Admitted in part, denied in part. It is admitted that in 1999, an aircraft hangar at HIA owned by AMP Corporation was going to be available for purchase. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of Stambaugh's knowledge of these facts, thus the remaining allegations of this paragraph are specifically denied. Specific proof of this allegation is demanded at the time of trial.

31.    Denied.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of these allegations and the same are therefore denied. Specific proof of these allegations is demanded at the time of trial.

32.    Denied.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of these allegations and the same are therefore denied. Specific proof of these allegations is demanded at the time of trial.

33.    Denied.    It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh made an effort to drive Stambaugh's out of HIA, create an exclusive FBO arrangement, or interfere with Stambaugh's contracts or business operations.    It is also specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh interfered in negotiations.  The remaining allegations are similarly denied and specific proof of these allegations is demanded at time of trial.

34.    Denied.    It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh interfered, in negotiations or otherwise, with Stambaugh's efforts to purchase the AMP Hangar or extend the AMP Lease.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of allegations regarding Stambaugh's ability to purchase the AMP Hangar, and the same are therefore denied.  Specific proof of the allegations set forth in Paragraph 34 is demanded at the time of trial.

35.    Admitted in part, denied in part.    It is admitted that SARAA purchased the AMP Hangar in exchange for a purchase price of $1,500,000.  It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh interfered, in negotiations or otherwise, with Stambaugh's efforts to purchase the AMP Hangar or extend the AMP Lease.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of allegations regarding the price Stambaugh's was willing to pay to purchase the AMP Hangar, and the same are therefore denied.  Specific proof of the allegations set forth in Paragraph 35 and denied by Defendants is demanded at time of trial.

36.    Admitted in part, denied in part.  It is admitted that SARAA did not engage in negotiations with Stambaugh's for lease of the AMP Hangar.  It is specifically denied that SARAA was obligated to engage in negotiations with Stambaugh's for the lease of the AMP Hangar.  It is also specifically denied that SARA, BAA, Fleet, Holdsworth or McIntosh acted in bad faith with respect to Stambaugh's or the AMP Hangar.

37.    Admitted.

38.    Admitted in part, denied in part.  It is admitted that SARAA issued a Request for Qualifications from FBO service providers on October 5, 1999 ("RFQ").  It is specifically denied that the RFQ was issued in conjunction with

BAA, Fleet, Holdsworth or McIntosh. By way of further response, the RFQ is a writing which speaks for itself.

39. Denied. The RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

40. Denied. The RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

41. Admitted.

42. Denied. The RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

43. Denied. The RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

44. Admitted based on information and belief.

45. Denied. It is specifically denied that Stambaugh's was the only company which both participated in the pre-submission conference and tour and

submitted a proposal in a timely fashion. Specific proof of these allegations is demanded at time of trial.

46. Denied as stated. It is admitted that SARAA, consistent with the RFQ, awarded a contract for FBO services at HIA to a company other than Stambaugh's. It is specifically denied that SARAA was obligated to award a contract for FBO services at the AMP Hangar to Stambaugh's. It is also specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh acted improperly or unlawfully with respect to award of the FBO contract. Specific proof of these allegations is demanded at time of trial.

47. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh schemed to deprive Stambaugh's of ability to provide FBO services. It is also specifically denied that Stambaugh's had a right to provide FBO services at HIA. It is also specifically denied that the award of an exclusive FBO contract at HIA interfered or violated Stambaugh's rights. Further, it is denied that SARAA, BAA, Fleet, Holdsworth or McIntosh improperly solicited proposals from entities. The remaining allegations are specifically denied and specific proof of the allegations set forth in this Paragraph is demanded at time of trial.

48.    Denied.   The allegations of Paragraph 48 constitute conclusions of law to which no response is required.  The remaining allegations in this paragraph are specifically denied.  By way of further response, The RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

49.    Denied.    It  is  specifically  denied  that  SARAA,  BAA,  Fleet, Holdsworth  or  McIntosh  accepted  non-conforming  proposals  "secretly".    The remaining allegations are specifically denied for the reasons set forth above and specific proof of these allegations is demanded at time of trial.  By way of further response, the RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

50.    Denied.  The allegations in this paragraph are specifically denied for the reasons set forth above.  Specific proof of these allegations is demanded at time of trial.  By way of further response, the RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

51.    Denied.  The allegations in this paragraph are specifically denied.  It is also  specifically  denied  that  SARAA,  BAA,  Fleet,  Holdsworth  or  McIntosh attempted to force Stambaugh's out of the FBO service business at HIA.  Specific

proof of these allegations is demanded at time of trial. By way of further response, the RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

52. Denied. It is specifically denied that Fleet, on January 10, 2000 or at any other time, contacted Stambaugh's customers to inform them that Stambaugh's would not be awarded the lease to the AMP Hangar or would not have FBO rights. Specific proof of these allegations is demanded at time of trial.

53. Denied. It is specifically denied that Fleet, on January 10, 2000 or at any other time, represented to Stambaugh's customers that Stambaugh's would not be awarded the lease to the AMP Hangar or would not have FBO rights. Specific proof of these allegations is demanded at time of trial.

54. Denied. It is specifically denied that the RFQ process was a subterfuge to create an exclusive FBO or to interfere with Stambaugh's rights. Specific proof of these allegations is demanded at time of trial.

55. Denied. The allegations in this paragraph are denied for the reasons set forth above. Specific proof of these allegations is demanded at time of trial. By way of further response, the RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

12

## SARAA HAD CREATED AN EXCLUSIVE FBO
## ARRANGEMENT IN VIOLATION OF 49 U.S.C. §47107(a)(5)

56.    Denied.  While it is admitted that Exhibit B is a copy of FAA Order 5190.1A, FAA Order 5190.1A is a writing which speaks for itself.  By way of further response, any attempt on the part of the Plaintiff to misconstrue the language of FAA Order 5190.1A is specifically denied.

57.    Denied.  While it is admitted that Exhibit C is a copy of certain portions of FAA Order 5190.6A, FAA Order 5190.6A is a writing which speaks for itself.  By way of further response, any attempt on the part of the Plaintiff to misconstrue the language of FAA Order 5190.6A is specifically denied.

58.    Denied.  The allegations of Paragraph 58 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, the same are specifically denied.

59.    Denied.  While it is admitted that Exhibit D is a copy of FAA Advisory Circular No. 15015190-2A, FAA Advisory Circular 15015190-2A is a writing which speaks for itself.  By way of further response, any attempt on the part of the Plaintiff to misconstrue the language of FAA Advisory Circular 15015190-2A is specifically denied.

13

60.    Denied.  FAA Order 5190.6A is a writing which speaks for itself, and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

61.    Denied.    It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh refused to allow Stambaugh's to provide FBO services for reasons that were improper.  Specific proof of this allegations is demanded at time of trial.  The remaining allegations of this Paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the same are specifically denied.

62.    Denied.  The allegations in this paragraph are conclusions of law for which no response is required.    To the extent that a response is required, the allegations are specifically denied.

63.    Denied.  The allegations in this Paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the same are specifically denied.

64.    Denied.  It is specifically denied that SARA does not have minimum standards for aeronautical activities.  It is also specifically denied that Stambaugh's is qualified for aeronautical activities at HIA.  Specific proof of these allegations is demanded at time of trial.    The remaining allegations of this Paragraph are

14

conclusions of law to which no response is required. To the extent a response is deemed required, the same are specifically denied.

65. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh permitted AERO to continue to operate as an FBO at HIA despite its failure to pay rent. It is also specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh harassed Stambaugh's employees. Further, it is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh fabricated lease disputes with Stambaugh's or treated other similarly situated entities more favorably. Specific proof of these allegations is demanded at time of trial. The remaining allegations of this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the same are specifically denied.

66. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh permitted AERO to continue to operate as an FBO at HIA without paying rent. Specific proof of this allegation is demanded at time of trial. The remaining allegations of this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the same are specifically denied.

67.    Denied.  It is specifically denied that between August, 1998 and the present, SARAA obtained $4,983,869.00 in federal funds from the FAA through various grant agreements or otherwise.    Specific proof of this allegation is demanded at time of trial.

68.    Denied.    It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh, with respect to Grant Agreements or otherwise, certified falsely to the FAA.  It is also specifically denied that there were exclusive FBO contract rights awarded at HIA.  Specific proof of these allegations is demanded at time of trial.

### COUNT I
### Equal Protection Pursuant to 42 U.S.C. §1983
### (Stambaugh's v. SARAA, BAA, Fleet, Holdsworth & McIntosh)

69.    Defendants incorporate by reference their responses as set forth in Paragraphs 1 through 68 above.

70.    Denied.  The allegations contained in Paragraph 70 are conclusions of law to which no responsive pleading is required.    To the extent a responsive pleading is required, the same are denied.

71.    Denied.  The allegations contained in Paragraph 71 are conclusions of law to which no responsive pleading is required.    To the extent a responsive pleading is required, the same are denied.

72.    Denied.  The allegations contained in Paragraph 72 are conclusions of law to which no responsive pleading is required.    To the extent a responsive pleading is required, the same are denied.

73.    Denied.  It is specifically denied that, at this time, BAA Harrisburg, Inc. is the entity managing HIA.  The remaining allegations contained in Paragraph 73 are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the same are denied.

74.    Denied.  It is specifically denied that, at this time, Fleet is the Airport Director of HIA.    The remaining allegations contained in Paragraph 74 are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the same are denied.

75.    Denied.  It is specifically denied that, at this time, Holdsworth is the Executive Director of SARAA.  The remaining allegations contained in Paragraph 75 are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the same are denied.

78.[1]    Denied.    It is specifically denied that, at this time, McIntosh is Chairman of the Board of Directors of SARAA. The remaining allegations

---

[1]    Plaintiff's Second, Amended Complaint is numbered consecutively to Paragraph 75 at which point the numbering skips to Paragraph 78.  As a result, Defendants follow this numbering, omitting Paragraphs 76 and 77.

contained in Paragraph 78 are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the same are denied.

79.    Denied.    It is specifically denied that AERO is a Fixed Based Operation similarly situated to Plaintiff. It is also specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh treated Plaintiff differently from other similarly situated Fixed Based Operators without rational basis for doing so. Specific proof of these allegations is demanded at time of trial. The remaining allegations of Paragraph 79 are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the same are denied.

80.    Admitted in part, denied in part. It is admitted that SARAA required Plaintiff comply with the terms of its lease. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh treated Plaintiff differently from AERO and that AERO did not make rental payments. It is also specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh refused to enforce lease terms against AERO. Specific proof of these allegations is demanded at time of trial.

81.    Denied.    It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh treated Plaintiff differently from other similarly situated entities without rationally basis for doing so by refusing to permit Plaintiff to

18

provide FBO services at HIA or otherwise. Specific proof of these allegations is demanded at time of trial.

82.    Denied.    If is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh treated Plaintiff differently from AERO -- to inhibit or to prevent Plaintiff from engaging in commercial activity and allow others the opportunity to do so -- or otherwise. Specific proof of this allegation is demanded at time of trial.

83.    Denied.    The allegations of Paragraph 83 are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

84.    Denied.    The allegations of Paragraph 84 are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

85.    Denied.    The allegations of Paragraph 85 are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

86.    Denied.    It is specifically denied that Stambaugh's FBO business was valued in excess of $5,000,000.00. Specific proof of this allegations is demanded at time of trial.

87.    Denied.  The allegations of Paragraph 87 are conclusions of law to which no response is required.  To the extent a responsive pleading is required, the same are denied.

88.    Denied.   After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of these averments, and therefore the same are denied.  If relevant, specific proof of these allegations is demanded at time of trial.

89.    Denied.  The allegations of Paragraph 89 are conclusions of law to which no response is required.  To the extent a responsive pleading is required, the same are denied.

90.    Denied.   After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of these averments, and therefore the same are denied.  If relevant, specific proof of these allegations is demanded at time of trial.

91.    Denied.  The allegations of Paragraph 89 are conclusions of law to which no response is required.  To the extent a responsive pleading is required, the same are denied.

92.    Denied.  It is specifically denied that, based on SARAA's, BAA's, Fleet's, Holdsworth's or McIntosh's projections or otherwise, Stambaugh's

nominal net income for FBO services over the next eighteen (18) years would have exceeded $13,000,000.00. Specific proof of this allegations is demanded at time of trial.

93.     Denied. The allegations of Paragraph 93 are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

94.     Denied. It is specifically denied that Stambaugh's will incur expenses in excess of $1,500,000.00 related to business interruption. If relevant, specific proof of this allegation is demanded at time of trial.

95.     Denied. The allegations of Paragraph 95 are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

96.     Denied. It is specifically denied that Stambaugh's will incur expenses in excess of $3,000,000.00 to $5,000,000.00 related to lost productivity. If relevant, specific proof of this allegation is demanded at time of trial.

97.     Denied. The allegations of Paragraph 97 are conclusions of law to which no response is required. To the extent a responsive pleading is required, the same are denied.

98.    Denied.  It is specifically denied that Stambaugh's will incur expenses in excess of $16,000,000.00 related to construction of new facilities at a different location for its FBO and maintenance operation.  If relevant, specific proof of this allegation is demanded at time of trial.

WHEREFORE Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth and David McIntosh request that judgment be entered in their favor and against the Plaintiff with respect to Count I and further requests costs and interest and attorneys' fees as allowed by law.

## COUNT II
### Conspiracy
### (Stambaugh's v. SARAA, BAA, Fleet, Holdsworth & McIntosh)

99.    Defendants incorporate by reference their responses as set forth in Paragraphs 1 through 98 above.

100.  Denied.    After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment, and therefore the same is denied.  If relevant, specific proof of this allegation is demanded at time of trial.

101. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh were aware of Plaintiff's contractual relationships. Specific proof of this allegation is demanded at time of trial.

102. Denied. It is specifically denied that Defendants, at any time, agreed among themselves to force Plaintiff out of the FBO business at HIA.

103. Denied. It is specifically denied that Plaintiff was the only bidder eligible to bid to provide FBO services at the AMP Hangar. It is also specifically denied that Defendants agreed they would deprive Plaintiff of the ability to provide FBO services at HIA. Further, it is specifically denied that Plaintiff had a right to provide FBO services at HIA. By way of further response, the RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

104. Denied. It is specifically denied that Defendants contacted other potential FBO providers and informed them Plaintiff would not be permitted to provide FBO services at HIA. It is also specifically denied that Plaintiff was the only qualified bidder on the AMP Hangar. Further, it is denied that that there was any conspiracy by SARAA, BAA, Fleet, Holdsworth or McIntosh with respect to Plaintiff, FBO services at HIA or otherwise. Specific proof of these allegations is demanded at time of trial. By way of further response, the RFQ is a writing which

speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

105.  Denied.  It is specifically denied that Defendants solicited proposals from other bidders by promising that Plaintiff would be prohibited from providing FBO services at HIA.  It is also specifically denied that there was a prohibition on exclusive arrangements, and it is specifically denied that Plaintiff submitted the only responsive proposal to the RFQ.  Specific proof of these allegations is demanded at time of trial.  By way of further response, the RFQ is a writing which speaks for itself and any attempt on the part of the Plaintiff to misconstrue the language therein is specifically denied.

106.  Denied.  The allegations in this paragraph are specifically denied. Specific proof of this allegation is demanded at time of trial.

107.  Denied.  It is specifically denied that Defendants contacted Plaintiff's customers or informed Plaintiff's customers that Plaintiff would no longer be permitted to provide services at HIA.  Specific proof of this allegation is demanded at time of trial.  The remaining allegations of Paragraph 107 constitute conclusions of law to which no response is required.  To the extent a response is required, the same are denied.

108. Denied. The allegations in this paragraph are denied for various reasons including, but not limited to, the vagueness of the allegations as it relates to time. It is also specifically denied that Defendants acted to force Plaintiff out of business, and it is specifically denied that Defendants acted to cause Plaintiff's customers not to perform contracts or refuse to deal with Plaintiff. Specific proof of these allegations is demanded at time of trial.

109. Denied. The allegations of Paragraph 109 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied.

110. Denied. It is specifically denied that Plaintiff was the only entity to satisfy the requirements of the RFQ. The remaining allegations of Paragraph 110 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied.

111. Denied. The allegations of Paragraph 111 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied.

112. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh entered into contract with other potential bidders before

proposals submitted on the AMP Hangar were submitted to the SARAA Board for approval. Specific proof of this allegation is demanded at time of trial.

113. Denied. It is specifically denied that Defendants contacted Plaintiff's customers or otherwise informed Plaintiff's customers that Plaintiff would not be permitted to provide FBO services at HIA. It is also specifically denied that Defendants engaged in a conspiracy with respect to Plaintiff or operation of HIA.

114. Denied. It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh contacted Plaintiff's customers before proposals submitted on the AMP Hangar were submitted to the SARAA Board for approval. Specific proof of this allegation is demanded at time of trial.

115. Denied. The allegations of Paragraph 115 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied.

116. Denied as stated. It is admitted that Plaintiff was not permitted to provide FBO services out of the AMP Hangar after award of the contract pursuant to the RFQ. It is specifically denied that Plaintiff had a right to provide FBO services out of the AMP Hangar after issuance of the RFQ. It is also specifically denied that Defendants engaged in a conspiracy with respect to Plaintiff or operation of HIA. Specific proof of these allegations is demanded at time of trial.

117.  Denied as stated.  It is admitted that Plaintiff was not permitted to provide FBO services out of the AMP Hangar after award of the contract pursuant to the RFQ.  It is specifically denied that Plaintiff had a right to provide FBO services out of the AMP Hangar after issuance of the RFQ.  It is also specifically denied that Defendants engaged in a conspiracy with respect to Plaintiff or operation of HIA.  Specific proof of these allegations is demanded at time of trial.

118.  Denied as stated.  It is admitted that Plaintiff was not permitted to provide FBO services out of the AMP Hangar after award of the contract pursuant to the RFQ.  It is specifically denied that Plaintiff had a right to provide FBO services out of the AMP Hangar after issuance of the RFQ.  The remaining allegations of this Paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the same are denied.

119.  Denied.  It is specifically denied that Defendants interfered with Plaintiff's existing contracts.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding Plaintiff's lost past and future income from FBO services at HIA.  If relevant, specific proof of this allegation is demanded at time of trial.

27

120.  Denied.  It is specifically denied that Defendants interfered with Plaintiff's existing contracts.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding Plaintiff's lost past and future income from FBO services at HIA.  If relevant, specific proof of this allegation is demanded at time of trial.

121.  Denied.  It is specifically denied that Defendants engaged in a conspiracy with respect to provision of FBO services at HIA.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.

122.  Denied.  It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding Plaintiff's lost customers or lost income due to the inability to provide FBO services at HIA. If relevant, specific proof of this allegation is demanded at time of trial.

123.  Denied.  It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  After

reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding the value of Plaintiff's FBO business. If relevant, specific proof of this allegation is demanded at time of trial.

124. Denied. It is specifically denied that, based on SARAA's, BAA's, Fleet's, Holdsworth's or McIntosh's projections or otherwise, Stambaugh's nominal net income for FBO services over the next eighteen (18) years would have exceeded $13,000,000.00. Specific proof of this allegations is demanded at time of trial.

125. Denied. It is specifically denied that Stambaugh's FBO business was valued in excess of $5,000,000.00. Specific proof of this allegations is demanded at time of trial.

126. Denied. It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA. It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding the cost to remove equipment utilized in Plaintiff's FBO operation. If relevant, specific proof of this allegation is demanded at time of trial.

127. Denied. It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA. It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding the cost to remove equipment utilized in Plaintiff's FBO operation. If relevant, specific proof of this allegation is demanded at time of trial.

128. Denied. It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA. It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding the cost to dismantle and relocate Plaintiff's FBO operations. If relevant, specific proof of this allegation is demanded at time of trial.

129. Denied. It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA. It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding the cost to

relocate dislocated employees. If relevant, specific proof of this allegation is demanded at time of trial.

130. Denied. It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA. It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding the cost to relocate employees. If relevant, specific proof of this allegation is demanded at time of trial.

131. Denied. It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA. It is also specifically denied that Plaintiff had a right to provide FBO services at HIA. It is specifically denied that Stambaugh's will incur expenses related to business interruption. If relevant, specific proof of this allegation is demanded at time of trial.

132. Denied. It is specifically denied that Stambaugh's will incur expenses in excess of $1,500,000.00 related to business interruption. If relevant, specific proof of this allegation is demanded at time of trial.

31

133.  Denied.  It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  It is specifically denied that Stambaugh's will incur expenses related to lost productivity.  If relevant, specific proof of this allegation is demanded at time of trial.

134.  Denied.  It is specifically denied that Stambaugh's will incur expenses in excess of $3,000,000.00 to $5,000,000.00 related to lost productivity.  If relevant, specific proof of this allegation is demanded at time of trial.

135.  Denied.  It is specifically denied that Defendants engaged in a conspiracy with respect to the provision of FBO services at HIA.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  It is specifically denied that Stambaugh's will incur expenses related to constructing new facilities at a different location.  If relevant, specific proof of this allegation is demanded at time of trial.

136.  Denied.  It is specifically denied that Stambaugh's will incur expenses in excess of $16,000,000.00 related to construction of a new facility at a different location.  If relevant, specific proof of this allegation is demanded at time of trial.

137.  Denied.  Defendants specifically deny they acted willfully, wantonly or outrageously or in a manner so as to warrant the award of punitive damages. Specific proof of this allegation is demanded at time of trial.

WHEREFORE Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth and David McIntosh request that judgment be entered in their favor and against the Plaintiff with respect to Count II and further requests costs and interest and attorneys' fees as allowed by law.

### COUNT III
**Tortious Interference with Existing Contractual Relationships**
**(Stambaugh's v. SARAA, BAA, Fleet, Holdsworth & McIntosh)**

138.  Defendants incorporate by reference their responses as set forth in Paragraphs 1 through 137 above.

139.  Denied.   After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment, and therefore the same is denied.  If relevant, specific proof of this allegation is demanded at time of trial.

140.  Denied.   It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh were aware of Plaintiff's contractual relationships. Specific proof of this allegation is demanded at time of trial.

33

141.  Denied.  It is specifically denied that BAA, Fleet, Holdsworth or McIntosh intentionally interfered with Stambaugh's contractual relationships for the purpose of harming Stambaugh's or otherwise.  Specific proof of this allegation is demanded at time of trial.

142.  Denied.   It is specifically denied that SARAA, BAA, Fleet, Holdsworth or McIntosh contacted Plaintiff's customers or informed Plaintiff's customers that Plaintiff would no longer be permitted to provide FBO services at HIA, before proposals submitted on the AMP Hangar were submitted to the SARAA Board for approval or at any other time.  It is further specifically denied that BAA, Fleet, Holdsworth or McIntosh otherwise intentionally interfered  with Plaintiff's contractual relationships.  Specific proof of this allegation is demanded at time of trial.

143.  Denied.  It is specifically denied that there is a prohibition on creating exclusive arrangements for FBO services at HIA.  It is also specifically denied that BAA, Fleet, Holdsworth or McIntosh intentionally interfered with Stambaugh's contractual relationships by refusing to allow Stambaugh's to provide FBO services at HIA out of the Stambaugh's Hangar.  Specific proof of these allegations is demanded at time of trial.

34

144.   Denied.  It is specifically denied that Stambaugh's was the only entity to satisfy the requirements of the RFQ.  It is also specifically denied that BAA, Fleet, Holdsworth or McIntosh intentionally interfered with Stambaugh's contractual relationships by refusing to allow Stambaugh's to provide FBO services at HIA out of the AMP Hangar.  Specific proof of these allegations is demanded at time of trial.

145.   Denied.  The allegations of Paragraph 145 constitute conclusions of law to which no response is required.  To the extent a response is required, the same are denied.

146.   Denied.   It is specifically denied that Defendants interfered with Plaintiff's existing contracts.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments regarding Plaintiff's lost past and future income from FBO services at HIA.  If relevant, specific proof of this allegation is demanded at time of trial.

147.   Denied.   It is specifically denied that Defendants interfered with Plaintiff's existing contracts.  It is also specifically denied that Plaintiff had a right to provide FBO services at HIA.  After reasonable investigation, Defendants are without sufficient information or knowledge to form a belief as to the truth of the

averments regarding Plaintiff's lost future income from FBO services at HIA. If relevant, specific proof of this allegation is demanded at time of trial.

148. Denied. It is specifically denied that, based on SARAA's, BAA's, Fleet's, Holdsworth's or McIntosh's projections or otherwise, Stambaugh's nominal net income for FBO services over the next eighteen (18) years would have exceeded $13,000,000.00. Specific proof of this allegations is demanded at time of trial.

149. Denied. Defendants specifically deny they acted willfully, wantonly or outrageously or in a manner so as to warrant the award of punitive damages. Specific proof of this allegation is demanded at time of trial.

WHEREFORE Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth and David McIntosh request that judgment be entered in their favor and against the Plaintiff with respect to Count III and further requests costs and interest and attorneys' fees as allowed by law.

## AFFIRMATIVE DEFENSES

150. Plaintiff's Second, Amended Complaint fails to state a claim upon which relief can be granted.

151.  Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

152.  Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, or estoppel.

153.  Plaintiff has failed to mitigate its damages, all of which are denied herein.

154.  SARAA declined to award Plaintiff a contract for FBO services at HIA for valid business reasons and consistent with Plaintiff's failure to comply with the RFQ and status as a nonqualified, non-responsible and non-responsive bidder.

155.  Plaintiff cannot establish any causal connection between its alleged damages and the award of the FBO services contract.

156.  All decisions regarding award of the FBO services contract and Stambaugh's were consistent with Pennsylvania law and the language of the RFQ, and none violated the United States Constitution, Federal law or Pennsylvania law.

157.  Plaintiff has not suffered any damage as a result of Defendants' conduct.

158. Plaintiff has not suffered any compensatory damages as a result of Defendants' conduct.

159. Individual Defendants David Fleet, David McIntosh and David Holdsworth cannot be held liable for the conduct of BAA Harrisburg, Inc. or SARAA.

160. Defendants' conduct vis-à-vis Plaintiff was neither outrageous nor extreme, and did not rise to the level required for punitive damages.

161. Any damages suffered by Plaintiff was as a result of actions or omissions on the part of the Plaintiff or parties other than the Defendants.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth and David McIntosh respectfully request this Honorable Court dismiss the Second Amended Complaint with prejudice, grant judgment in their favor and against Plaintiff, and grant such other relief as the Court deems proper.

Respectfully Submitted,

RHOADS & SINON LLP

By:  /s/ Dean F. Piermattei
     Dean F. Piermattei, Esquire
     Pa. I.D. No. 53847
     Stephanie E. DiVittore, Esquire
     Pa. I.D. No. 85906
     One South Market Square, 12th Floor
     Harrisburg, PA 17108-1146
     (717) 233-5731

     Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2006, a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to the Second Amended Complaint Directed to Plaintiff was served by electronic means and by means of United States mail, first class, postage prepaid, upon the following:


Jordan D. Cunningham, Esquire
Cunningham & Chernicoff, P.C.
2320 North 2nd Street
Harrisburg, PA  17110


*/s/ Susan B. Chandler*_____
Susan B. Chandler