# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., : | |
| : | |
| Plaintiff : | |
| v. : | CASE NO. 1:CV-00-0660 |
| : | |
| SUSQUEHANNA AREA REGIONAL : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, : | |
| individually, DAVID HOLDSWORTH, : | |
| individually, and DAVID C. McINTOSH, : | |
| individually, : | |
| Defendants : | |

## MOTION TO ENLARGE DISCOVERY DUE DATES

AND NOW, comes your Plaintiff, Stambaugh's Air Service, Inc., by and through its counsel, Cunningham & Chernicoff, P.C., who files this Motion to Enlarge the discovery period set forth in the Case Management Order dated April 24, 2006 and, in support thereof, avers the following:

1. Plaintiff and Defendant have each exchanged extensive document and discovery requests, which requests are currently being answered and documents provided.

2. In mid-January, 2007, counsel discussed dates to conduct depositions of all relevant parties and witnesses and dates were reserved on each counsel's calendar to conduct depositions.

3. During the second week of February, 2007, Plaintiff's counsel's unmarried adult son who has undergone four (4) open heart surgeries in the past became ill with an undefined and undiagnosed illness which was so debilitating in nature as to caused him to refrain from reporting for work.

4. During the last week of February, 2007, Plaintiff's counsel's adult son's illness was so great he was hospitalized at the Milton S. Hershey Medical Center and diagnosed with either staph or strep infection of his blood system which was causing his heart to beat irregularly, causing his heart function to deteriorate.

5. Between February 25, 2007 and March 3, 2007, Plaintiff's counsel's adult son was hospitalized and finally diagnosed with endocarditis, an infection of the heart tissue and valves, which had infected the area of the seat of the metallic aortic valve to such an extent the valve became partially separated from the sidewall of his heart ventricle and had apparently infected his mitral valve.

6. Plaintiff's counsel's adult son's condition required him to submit himself to open heart surgery, which surgery took place on March 5, 2007, during which surgery his metallic aortic valve was removed and replaced with a cadaver valve; the ventricle of his heart below the aortic valve was partially replaced; infected heart tissue was removed from the heart ventricle; the mitral valve was repaired and a ring was placed around the valve to secure it.

7. Plaintiff's counsel's adult son continued to be hospitalized until March 10, 2007 when he was released to Plaintiff's counsel's care where Plaintiff's counsel's adult son was to convalesce with critical care services to provide intravenous antibiotic care and general nursing care due to the extensiveness of the cardiac surgery.

8. Plaintiff's counsel's son's condition is such that he requires constant oversight.

9. Plaintiff's counsel has arranged with his family and extended family members to provide for the care on a twenty-four (24) hour, seven (7) days per week basis, which care should extend through the week of April 1, 2007, at which time it is expected that Plaintiff's counsel's adult son will be released from critical care to cardiac rehabilitation.

10. Since the Plaintiff's counsel's adult son's release from the Milton S. Hershey Medical Center, all of his daily activities have had to be performed by family member, including, but not limited to, the providing of meals, the cleaning of clothes, providing of transportation to and from various, numerous, and lengthy doctor's appointments and general on-going convalescence care.

11. As the result of the care which Plaintiff's counsel is either providing or coordinating, the depositions originally scheduled to take place during the month of March, 2007, did not occur.

12. Discovery in this matter is scheduled to close on April 30, 2007. Plaintiff is requesting that discovery in this matter remain open through June 30, 2007. Plaintiff is further requesting that expert reports be exchanged by opposing counsel by July 17, 2007; that all dispositive motions and briefs be filed no later than July 31, 2007; and that supplemental expert's reports be filed by August 15, 2007.

13. No other changes to the schedule set by the Case Management Order of April 24, 2006 need to be scheduled.

14. Plaintiff's counsel contacted Defendant's counsel, Dean F. Piemattei, Esquire, who has no objection to the modification of the discovery schedule and who concurs with this Motion to Extend the discovery due dates; the expert's reports due dates; dispositive motions and briefs due dates; and supplemental expert's reports due dates as set forth above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to amend it's Case Management Order of April 24, 2006 to extend the discovery due dates, expert's reports due dates; dispositive motions and brief dates; and supplemental expert's reports due dates as set forth above.

Respectfully submitted,

CUNNINGHAM & CHERNICOFF, P.C.

Dated: March 29, 2007    By:    /s/ Jordan D. Cunningham, Esquire
Jordan D. Cunningham, Esquire
PA I.D. No. 23144
2320 North Second Street
Harrisburg, PA  17110
Telephone:  (717) 238-6570
Facsimile:   (717) 238-4809
Email:        jcunningham@cclawpc.com
*Attorneys for Plaintiff*