UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | **CIVIL NO. 1:00-CV-0660** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| SUSQUEHANNA AREA REGIONAL AIRPORT AUTHORITY; BAA HARRISBURG, INC.; DAVID FLEET; DAVID HOLDSWORTH; and DAVID C. MCINTOSH, | : | |
| | : | |
| Defendants | : | |

**AMENDED CASE MANAGEMENT ORDER**

**IT IS ORDERED** that the Case Management Order of April 24, 2006 is hereby amended as follows:

1. **Expert Reports**. The deadline for the exchange of expert reports is **July 17, 2007**. Any supplements to reports shall be submitted to opposing parties on or before **August 15, 2007**. All expert depositions shall be completed by **September 15, 2007**. Any motion concerning admissibility of expert testimony shall be filed, as well as the supporting brief, on or before **September 30, 2007**.

2. **Discovery Deadline**. All discovery shall be planned and commenced so as to be completed by **June 30, 2007**.

The maximum number of depositions (excluding experts) per side shall be ten (10); the maximum number of interrogatories per side shall be sixty (60); the maximum number of document production requests per side shall be sixty (60); and the maximum number of requests for admissions per side shall be sixty (60).

3. **Consent**.  On or before **May 30, 2007,** if there is consent of all parties to proceed under 28 U.S.C. § 636(c) before the magistrate judge, counsel for the plaintiff shall file a consent form, signed by all counsel.  If no form is filed, the pretrial conference date and trial date established herein shall not apply unless adopted by Judge Kane.  The case in that event shall be listed for trial before Judge Kane.  The parties are advised that they are free to withhold consent without adverse substantive consequences.

4. **Dispositive Motions**.  Any dispositive motion shall be filed, as well as the supporting brief, on or before **June 30, 2007.**

5. **Motions in Limine**.  No motions in limine shall be filed after **November 2, 2007** without leave of court, a supporting brief and a proposal for a briefing schedule that will permit the party opposing the motion to fully and fairly address the issues presented and will permit the court to fully consider and decide the motion.

**6. <u>Pretrial Conference</u>**.

**(a)** At least ten days prior to the date scheduled for the final pretrial conference, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3. An attorney who has not entered an appearance as of the date of the LR 16.3(b) conference of attorneys, or who does not attend the LR 16.3(b) conference of attorneys, may not serve as trial counsel, unless good cause is shown to warrant an exception.

**(b)** This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or of the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

**(c)** Each party shall file a pretrial memorandum on or before **November 6, 2007.** Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed.R.Civ.P. 16(f). Counsel shall submit as an attachment to their pretrial memoranda a list of any proposed voir dire questions they intend to ask, or have the court ask, during voir dire.

**(d)** If the parties consent to proceed before a magistrate judge, a final pretrial conference and settlement

conference shall be held on **November 16, 2007, at 9:00 a.m.,**[1] in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983. The local rules are also available on the Middle District's website: http://www.pamd.uscourts.gov. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses they expect to make. It should be noted that the court expects to hold counsel for both sides to the claims and defenses they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial. Settlement will also be discussed at the pretrial conference. If the parties do not consent to proceed before a magistrate judge, then this conference will be cancelled and Judge Kane will set a pretrial conference.

---

[1] Counsel should be aware that the time of the pretrial conference is subject to change.

      7.  **Jury Selection and Trial**.[2]   If the parties consent to proceed before a magistrate judge, the trial of this case shall begin with jury selection at **9:30 a.m., on December 3, 2007,** in Courtroom No. 5, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

    Counsel shall file proposed jury instructions in conformity with Local Rule 51.  If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial.  If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial.  Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn.  If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.  Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.  Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed

---

[2] This case management order assumes that the case is a jury case. In the event that this case is non-jury, the provisions in this Order applicable in a jury trial do not apply and, a trial date apart from jury trials may be set at the time of the pretrial conference.

equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

      **8.** **Case Management Track**.  This case is on the complex track.

      The court will, in the absence of good cause, adhere to the schedule hereby established.  Continuances of trial and extensions of the discovery period will be granted only when good cause arises and application is timely made.  Good cause shall be found only when new circumstances have occurred that could not reasonably have been anticipated and that are of an extraordinary nature.

                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  April 2, 2007.      _____