IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:00-CV-0660 |
| SUSQUEHANNA AREA REGIONAL AIRPORT AUTHORITY, BAA HARRISBURG, INC., DAVID FLEET, individually, DAVID HOLDSWORTH, individually, and DAVID C. McINTOSH, individually, | : Chief Judge Yvette Kane<br>: Magistrate Judge Smyser |
| Defendants. | : |

**DEFENDANTS' MOTION FOR SANCTIONS
FOR FAILURE TO PROPERLY AND TIMELY
DISCLOSE DOCUMENTS SUPPORTING DAMAGES CLAIM**

Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth, and David C. McIntosh, (collectively "Defendants"), by and through their attorneys, Rhoads & Sinon LLP, file the within Motion for Sanctions for Failure to Properly and Timely Disclose Documents Supporting Damages as follows:

1. Plaintiff filed a Complaint in this Action on April 14, 2000.

655759 1

2. From September 11, 2002 through August 31, 2005, the matter was stayed due to Plaintiff filing for bankruptcy.

3. On October 20, 2005, the matter was again stayed by the Honorable Yvette Kane pending disposition of Defendants' pending Motion to Dismiss.

4. Following disposition of Defendants' Motion to Dismiss, Plaintiff filed a Second Amended Complaint on November 1, 2006 which contains a claim based on Equal Protection pursuant to 42 U.S.C. §1983 (Count I) Conspiracy (Count II), and Tortuous Interference (Count III).

5. Plaintiff's Second Amended Complaint alleges the same damages alleged in the original Complaint i.e., that Plaintiff has suffered damages as a result of events leading up and subsequent to the decision of Defendant SARAA not to enter into a new agreement for Plaintiff to provide fixed based operator ("FBO") services at Harrisburg International Airport ("HIA") upon the expiration of Plaintiff and SARAA's prior FBO agreement in January 2000.

6. The specific damages alleged by Plaintiff include:

- "business losses as the result of its inability to provide FBO services at HIA" (2d Amend. Compl. at ¶84);

- in excess of $5 million for the "lost value" of Plaintiff's FBO business (2d Amend. Compl. at ¶¶ 85-86);

- expenses in excess of $1 million in dismantling and relocation of FBO operations (2d Amend. Compl. at ¶¶87-88);

- expenses in excess of $1 million to relocate employees (2d Amend. Compl. at ¶¶89-90);

- lost "past and future income" in excess of $13 million due to the inability to provide FBO services at HIA over an 18 year period (2d Amend. Compl. at ¶¶91-92);

- expenses in excess of $1.5 million "related to business interruption" (2d Amend. Compl. at ¶¶93-94)

- $3 million to $5 million "related to lost productivity" (2d Amend. Compl. at ¶¶95-96)

- expenses in excess of $16 million for construction of a new facility. (2d Amend. Compl. at ¶¶97-98).[1]

7. On February 21-22, 2007, Defendants served Requests for Production of Documents and Interrogatories on Plaintiff ("Defendants' Discovery Requests").

8. Defendants' Discovery Requests included the following damages-related requests:

a. <u>Document Requests</u>

**No. 9** (evidence of facts supporting damages)

**No. 27** (documents related to all alleged damages)

**Nos. 32, 33, 34, 35, 36, 37, 38, 40** (documents supporting or related to the specific damages categories outlined in paragraph 6 above)

b. <u>Interrogatories</u>

**No. 12** (identify, quantify, describe with specificity all damages)

---

[1] During a telephone conversation in mid-June, counsel for Plaintiff indicated that Plaintiff would not be seeking damages for construction of a new facility.

**No. 13** (identify, quantify, describe with specificity all profits from 1975 to present)

15 (interrogatory regarding alleged costs related to removal of equipment)

**Nos. 26, 27, 28, 29, 30, 31, 32** (interrogatories requesting specifics regarding the specific damages categories outlined in paragraph 6 above, including identification of documents that refer or pertain to such damages)

**No. 34-36** (interrogatories related to "business losses," "lost value of [Plaintiff's] FBO business," and relocation costs, including the identification of documents that refer or pertain to such damages)

Copies of these Discovery Requests, including Plaintiff's responses to Interrogatories, are attached hereto as Exhibit "A."

    9. None of Plaintiff's responses to Defendants' damages-related Discovery Requests provided Defendants with documents or information supporting their damages claims.

    10. Between the dates of June 4, 2007 and June 25, 2007, Defendants sent eight (8) letters to Plaintiff in an effort to obtain documents and information supporting Plaintiff's damages claims. The correspondence is attached hereto as Exhibit "B" and is incorporated by reference.

    11. While Plaintiff's counsel repeatedly represented that he was attempting to obtain such damages-related documents from his client, a week prior to the close of fact discovery they still had not been produced.

    12. Therefore, Defendants requested a discovery conference with the Court.

13. During said conference, the Court indicated that if Plaintiff did not produce documents responsive to Defendants' damages-related document requests on or before June 30, 2007, the close of fact-discovery, the Court would entertain a motion for sanctions, and would likely preclude the introduction of damages evidence at trial.

14. As of the close of business on June 29, 2007, the only financial information and/or damages-related discovery that had been produced by Plaintiff were the Stambaugh's Air Service Inc. & Affiliates Financial Statements from 1992 to 2000 and some general operating statements for Stambaugh's Air Services and Stambaugh Aviation, Inc. Stambaugh Aviation, Inc., is a separate company that operates in Georgia and is not a party to this action.

15. The parties agreed that one of Defendants' witnesses would be deposed on Saturday, June 30, 2007 at 8:00 a.m. at the downtown Harrisburg offices of Rhoads & Sinon LLP, counsel for Defendants, beginning at 8:00 a.m.

16. Plaintiff was informed in scheduling this deposition that Heather Kelly, counsel for Defendants was only available until 3:00 p.m. on June 30.

17. At the conclusion of the June 30, 2007 deposition, at approximately 11:30 a.m., Attorney Jordan Cunningham, counsel for Plaintiff, produced 37 pages of documents, indicating that it contains a summary of Plaintiff's damages and

supporting documentation. These documents have been Bates numbered STM 4198 - 4234, and a true and correct copy is attached hereto as Exhibit "C."

18. Attorney Cunningham then indicated that Plaintiff had "between 10 and 15 boxes of documents in Middletown" which contain documents supporting the summary provided and Plaintiffs' claims for damages.

19. Attorney Cunningham indicated that Plaintiff was making an "offer" for Defendants' counsel to review these documents on that day.

20. When reminded that Attorney Kelly was only available until 3:00 p.m., Attorney Cunningham offered to obtain the boxes and drop them off at her residence.

21. Ultimately, Attorneys Kelly and Cunningham met back at the offices of Rhoads & Sinon LLP where Attorney Cunningham delivered 16 boxes of documents at approximately 4:30 p.m. on June 30, 2007, the last day of fact discovery.

22. Of the 16 boxes of documents, Attorney Cunningham directed Attorney Kelly's attention to certain of Plaintiff's financial statements and indicated that these documents were utilized to create the Summary provided earlier in the day. These financial statements have Bates stamped STM4235 - 4358, and copies are attached hereto as Exhibit "D."

23. Attorney Kelly inquired whether every document supporting the Consolidated financial statements was contained in the additional 16 boxes of documents, to which Attorney Cunningham responded "that's what I am told."

24. When pressed on specific categories of damages (such as employee relocation costs), and whether they are reflected in the consolidated financial statements and whether there is supporting documentation in the boxes, Attorney Cunningham again responded "that's what I am told."

25. In producing documents allegedly in support of their damages claim, Plaintiff did nothing more than "dump" the entirety of their corporate books – general ledgers, bank statements, accounts receivable and payable records, etc. – on Defendants' counsel.

26. The contents of the 16 boxes of documents are set forth in a Memorandum from Attorney Cunningham to Attorney Kelly dated June 30, 2007, and attached hereto as Exhibit "E."

27. Plaintiff made no effort to categorize, itemize, designate, or in any other way identify which portions of their general corporate books and records (some of which date back to 1997) are relevant to its alleged damages. In fact, Plaintiff has not even confirmed that any documentation exists to support its specific categories of damages noted in paragraph 6 above.

28. Moreover, Plaintiff "dumped" these documents on Defendants' counsel on the final day of fact discovery, a non-business day, seven (7) years after the case was filed, six (6) months after requests had been served, and little over one week prior to the dispositive motion deadline.

29. A review of Exhibits "C" and "D" show that the information being provided is nothing more than general statements relating to operations of Stambaugh Air Services and Stambaugh Aviation, Inc. Contained in these exhibits are general statements relating to broad categories of costs and expenses for the companies' operations as well as income information, however, there is no specific detail in either of these exhibits or in the sixteen (16) boxes (which is estimated to contain in excess of 100,000 pages) relating company expenses to the itemized claims for damages as detailed in paragraph 6 above. Rather, Plaintiff has merely produced general operating records for two companies (only one of which is the Plaintiff in this case) for a span of eight (8) years of operations (1997-2004).

30. In Summary, with hours remaining in the discovery period, the Plaintiff has "dumped" 16 boxes of documentation on the Defendants and the Defendants are left to rummage through years of business records and try to speculate on which expenses relate to the specific areas of damages being claimed by the Plaintiff. After over seven (7) years of litigation in this case, the Plaintiff has failed to produce documentation of its damages being claimed notwithstanding

the extensive and detailed Interrogatories and Requests for Production of Documents seeking this information and numerous requests upon Plaintiff's Counsel to produce the same.

31. After the numerous attempts to obtain this information and a conference call with the Court on this particular topic, notwithstanding the fact that seven (7) years has expired, Plaintiff's failure to produce the requested damage documentation indicates that either these damages are wholly speculative and there is no documentation to support the same, or the Plaintiff is simply ignoring its obligations to prove and support its damages with specificity.

32. At this point in time, the Defense is left with no means to verify, cross examine, or in any way defend against Plaintiff's outrageous claim for damages in this matter, resulting in extreme prejudice to the Defendants.

33. The Plaintiff in this case identified three (3) witnesses — Mark Stambaugh, Scott Stambaugh and Charles Beard. Mr. Beard and Scott Stambaugh admitted in depositions, they had no knowledge of the finances or damages. Mark Stambaugh was the only witness who had even a remote understanding about the damage claims. When questioned on the specific damage provisions, he had no idea as to any documentation supporting each of the damage categories and stated simply that he believed his CPAs in Pittsburgh had any supporting documentation and it would be produced. For example, when asked about support for the $13

million claim, Mr. Stambaugh responded "I don't know. I don't do books." (Mark Stambaugh deposition at page 262). A copy the relevant portions of Mark Stambaugh's deposition is attached hereto as Exhibit "F" and are incorporated herein by reference.

34. Defendants have been put at an extreme disadvantage by Plaintiff's conduct in this regard.

35. Defendants have been and will continue to be unable to depose Plaintiff's witnesses regarding damages information. Furthermore, it is clear the only witnesses on this issue have no knowledge.

36. Even if Defendants expended significant time and incur substantial legal costs and professional fees attempting to review the 100,000 plus pages of general business records in an attempt to determine which documents are relevant, this would produce nothing more than speculation on the part of the Defendants because there is no way for the Defendants to determine if for example, a particular charge on a bill is related to a claim for damages or is an expense related to normal business operations.

37. Defendants intend to file a Motion for Summary Judgment on all Counts in the Second Amended Complaint, which Motion is due on July 9, 2007.

38. Defendants will be prejudiced in their inability to adequately raise and argue legal deficiencies in Plaintiff's proof of damages in their Motion for Summary Judgment.

39. Rule 34 of the Federal Rules of Civil Procedure provides, "a party who produces documents for inspection shall produce them as they are kept in the usual course of business or *shall organize and label them to correspond with the categories in the request.*" Fed.R.Civ.P. 34(b)(i)(emphasis added).

40. If this procedure is not followed, Rule 37 permits the court to impose sanctions on a party who has failed to make disclosures or cooperate in discovery. Fed.R.Civ.P. 37(a)(4).

41. Under Fed.R.Civ.P 37(a)(3) an "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

42. When a party fails to comply with the disclosure requirements of Rule 26(a), the opposing party may move to compel disclosure and for appropriate sanctions. See Fed.R.Civ.P. 37(a)(2)(A).

43. Because fact discovery is now closed in this matter and since numerous good faith attempts were made by Defendants to compel appropriate and timely disclosure of documents related to Plaintiff's damages, Defendants request that this Court enter sanctions against Plaintiff.

44. The manner in which production was made and the evasive comments made by Plaintiff's counsel in reference to the contents of the boxes has left Defendants with inadequate time to fully review the documents and/or depose Plaintiff's witnesses on the issue of damages.

45. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1).

46. Other appropriate sanctions include attorney's fees; an order dictating that any designated facts related to the incomplete disclosures are taken to be established "in accordance with the claim of the party obtaining the order;" an order refusing to allow the disobedient party to oppose designated claims or defenses; or "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding in any part thereof, or rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(c)(1) (citing to Fed.R.Civ.P. 37(b)(2)(A)-(C)).

47. Local Rule 37.1 grants this Court discretion to impose sanctions in the form of attorney's fees and reasonable expenses as they may be just to cure any abuses of the discovery process in seeking, making, or resisting discovery.

WHEREFORE, Defendants, Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth, and David C. McIntosh respectfully request that this Honorable Court grant the within Motion for Sanctions for Failure to Properly and Timely Disclose Discovery Supporting Plaintiff's Damages Claims and in so doing, Defendants request an Order precluding Plaintiff from introducing at trial evidence of damages.

        Respectfully submitted,

        RHOADS & SINON LLP

By: *Dean F. Piermattei/DFM*
     Dean F. Piermattei
     Pa. I.D. No. 53847
     Heather Z. Kelly
     Pa. I.D. No. 86291
     One South Market Square
     P. O. Box 1146
     Harrisburg, PA 17108-1146
     (717) 233-5731

     Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2007, a true and correct copy of the foregoing document was served by electronic means upon the following:

> jdc@cclawpc.com
> Jordan C. Cunningham, Esquire
> Cunningham & Chernicoff, P.C.
> 2320 North 2nd Street
> Harrisburg, PA 17110

*Deborah L. McKinney*
Deborah L. McKinney