IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : |
| | : CASE NO. 1:00-CV-0660 |
| Plaintiff, | : |
| | : |
| v. | : Chief Judge Yvette Kane |
| | : |
| SUSQUEHANNA AREA REGIONAL | : Magistrate Judge Smyser |
| AIRPORT AUTHORITY, BAA | : |
| HARRISBURG, INC., DAVID FLEET, | : |
| individually, DAVID HOLDSWORTH, | : |
| individually, and DAVID C. McINTOSH, | : |
| individually, | : |
| | : |
| Defendants. | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1. Plaintiff, Stambaugh's Air Services, Inc., initiated this action on April 10, 2000 by filing a seven (7) Count Complaint (Doc. 1).

2. On May 19, 2000, Defendants filed a Motion to Dismiss (Doc. 7), and on August 3, 2000 this Honorable Court issued a Report and Recommendation that (1) Counts I, II, IV, V, and VI be dismissed; (2) and Count VII (tortuous interference) be dismissed as to Defendant SARAA. (Doc. 21).

656353.1

3. On September 11, 2002, the action was stayed pending resolution of a voluntary bankruptcy action filed by Plaintiff. (Doc. 32).

4. After the bankruptcy stay was lifted, the Honorable Yvette Kane issued an Memorandum and Order on March 16, 2006 (Doc. 71), adopting the Report and Recommendation, and granting Plaintiff leave to file an Amended Complaint as to Count V (conspiracy).

5. Plaintiff filed a First Amended Complaint on April 10, 2006 and a Second Amended Complaint on November 1, 2006 (Doc. 84).

6. The Second Amended Complaint contains three Counts: Equal Protection (brought pursuant to 42 U.S.C. § 1983 (Count I); conspiracy (Count II) and tortious interference with existing contractual relationships (Count III).

7. There is no genuine issue of material fact as to Count I (Equal Protection) because Plaintiff and AERO were not treated differently with respect to rent payments; SARAA's decision to lease the AMP Hangar to Piedmont and allow AERO to continue FBO operations were rationally related to a legitimate state interest; there is no evidence of any other different treatment of Plaintiff and AERO; and there is no evidence of "illegitimate animus."

8. In the alternative, the Individual Defendants are entitled to qualified immunity on Count I.

9. There is no genuine issue of material fact as to Count II (Conspiracy), because Plaintiff cannot establish an underlying wrongful act and Defendants cannot conspire with one another as a matter of law.

10. In the alternative, Defendants Holdsworth and McIntosh are entitled to governmental immunity on Count II because they acted within the scope of their offices and duties and there is no evidence of willful misconduct.

11. There is no genuine issue of material fact as to Count III (Tortious Interference) because any damages allegedly suffered by Plaintiff could not have been caused by the actions of BAA, Fleet, McIntosh or Holdsworth; there is no evidence of existing contracts between Plaintiff and FBO customers; any contact Fleeet made with Plaintiff's FBO customers Defendant Fleet's was not made with the intent to harm Plaintiff, and made with privilege and justification.

12. Additionally, even if BAA, Fleet, Holdsworth and McIntosh could be held liable for SARAA's decision not to grant Plaintiff the right to provide FBO services, there is no evidence of intent to harm.

13. In the alternative, Defendants Holdsworth and McIntosh are entitled to governmental immunity on Count III because they acted within the scope of their offices and duties and there is no evidence of willful misconduct.

14. Defendants are entitled to summary judgment on Plaintiff's claims for damages related to relocation expenses, business interruption, and lost productivity.

15. These bases for summary judgment are set forth in full in the Brief in Support of Defendants' Motion for Summary Judgment filed concurrently herewith.

WHERFORE, Defendants respectfully request that this Honorable Court hold that Defendants are entitled to judgment as a matter of law on all Counts of the Second Amended Complaint.

                                  Respectfully submitted,

                                  RHOADS & SINON LLP

                    By:   /s/ Dean F. Piermattei
                           Dean F. Piermattei
                           Heather Z. Kelly
                           One South Market Square
                           P. O. Box 1146
                           Harrisburg, PA 17108-1146
                           (717) 233-5731

                           Attorneys for Defendants

## **CERTIFICATE OF CONCURRENCE/NONCONCURRENCE**

I, Heather Z. Kelly, Esquire, attorney for the Defendants, hereby state that I sought concurrence in Defendants' Motion for Summary Judgment from Jordan Cunningham, Esquire, counsel of record to the Plaintiff, Stambaugh Air Service, Inc. and Plaintiff does not concur in the motion.

/s/Heather Z. Kelly
Heather Z. Kelly, Esquire