**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 1:CV-00-0660 |
| | : | |
| SUSQUEHANNA AREA REGIONAL | : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA | : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, | : | |
| individually, DAVID HOLDSWORTH, | : | |
| individually, and DAVID C. McINTOSH, | : | JURY TRIAL DEMANDED |
| individually, | : | |
| Defendants | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION FOR SANCTIONS
FOR FAILURE TO PROPERLY AND TIMELY
DISCLOSE DOCUMENTS SUPPORTING DAMAGES CLAIM**

Plaintiff, Stambaugh's Air Service, Inc., by and through its attorneys, Cunningham & Chernicoff, P.C., files this Response to Defendants' Motion for Sanctions for Failure to Properly and Timely Disclose Documents Supporting Damages Claim and, in support thereof, avers as follows:

1. The averments of Paragraph 1 are admitted.

2. The averments of Paragraph 2 are admitted.

3. The averments of Paragraph 3 are admitted.

4. The averments of Paragraph 4 are admitted.

5. The averments of Paragraph 5 are admitted.

6. The averments of Paragraph 6 are admitted.

7. The averments of Paragraph 7 are admitted.

8. The averments of Paragraph 8 are admitted as to the extent that the discovery requests and interrogatories were filed.

9. The averments of Paragraph 9 are denied. To the contrary, an Answer to Interrogatory No. 9, Plaintiff clearly established that in order to identify the loss of profits due to the sales of fuel, such claims would be based upon data that was solely in control of the Defendants. Plaintiff clearly set forth this information in the Answer to Interrogatory No. 12 in which it stated that "damage will be quantified only after the Defendants answers its Interrogatories and discloses the gallonage that was pumped on the airport over the course of the time subsequent to the creation of the exclusive franchise". The Defendants did not provide to Plaintiff final gallonage report until June 30, 2007, even though it has been requested for such reports and information in Interrogatories which had been filed in December of 2006 and where not answered until June of 2007.

10. The averments of Paragraph 10 are admitted as to the extent that between the period of June 4, 2007 and June 25, 2007, correspondence was forwarded to Plaintiff's counsel, which correspondence requested certain documents and information supporting the Plaintiff's claim. The correspondence speaks for itself. Plaintiff, in an effort to respond to the Defendants' request, provided to Defendants Plaintiff's consolidated financial reports for 1997, 1998, 1999, 2000, 2001 and 2002; Balance Statements; and Income Profit Statements. Additionally, Plaintiff provided Defendants with the Plaintiff's monthly bankruptcy statements from 2000 through 2003. Finally, Plaintiff's counsel requested from his client to obtain documents located in Brunswick, Georgia that would represent the financial expenditures made by Plaintiff during the relevant periods of time.

11. The averments of Paragraph 11 are admitted as to the extent Plaintiff's counsel represented that he was attempting to obtain damage related documents from his client.

12. The averments of Paragraph 12 are admitted as to the extent a discovery conference with the Court was requested by Defendants' counsel.

13. The averments of Paragraph 13 are admitted as to the extent that the Court, during the discovery conference, indicated that if Plaintiff did not produce documents responsive to Defendants' damages related document request on or before June 30, 2007, the Court would entertain a motion for sanctions.

14. The averments of Paragraph 14 are admitted.

15. The averments of Paragraph 15 are admitted.

16. The averments of Paragraph 16 are admitted.

17. The averments of Paragraph 17 are partially admitted and partially denied. It is admitted that the conclusion of the June 30, 2007 deposition, counsel for Plaintiff produced 37 pages of documents indicating that the documents included a summary of Plaintiff's damages describing the manner in which the damages were calculated and financial documentation. This summary of damages was supplemented later in the afternoon by the inclusion of a typewritten page to replace the handwritten page Bate Stamped STM04208.

18. The averments of Paragraph 18 are admitted.

19.     The averments of Paragraph 19 are admitted.  By way of further pleading, however, not only was an offer made to review the documents but, also, to identify those documents which Defendants' counsel felt were necessary in order to comply with their numerous requests for documents.  The offer was rejected by Defendants' counsel.

20.     The averments of Paragraph 20 are admitted.

21.     The averments of Paragraph 21 are admitted.

22.     The averments of Paragraph 22 are partially admitted and partially denied.  First, it is admitted that there were sixteen (16) boxes of documents which were organized as by year and by document.  Second, Plaintiff's counsel advised Defendants' counsel that the documents represented the supporting documentation for the calculation of the damages which had been given to Defendants' counsel earlier in the day.  Moreover, the financial statements which had been provided to Defendants' counsel earlier in June, 2007 were supported by the documents being provided by Plaintiff to the Defendants.  The remaining allegation of Paragraph 22, that the financial statements were Bate Stamped STM4235 through 4358, is admitted.

23.  The averment of Paragraph 23 is admitted.  To the extent of Defendants' counsel's inquiry whether every document supporting the consolidated financial statements was contained in the additional sixteen (16) boxes of documents, the boxes of documents included:

    a.  For financial year 2000:  the accounts receivable, the accounts payable and general ledger together with bank statements;

    b.  For financial year 2001:  accounts receivable, accounts payable, and the general ledger together with bank statements;

    c.  For financial year 2002:  accounts payable; payroll journal register; general ledger; and bank statements (including cancelled checks);

    d.  For financial year 2003:  accounts receivable; accounts payable; distribution register; general ledger; and bank statements (including cancelled checks);

    e.  For financial year 2004:  accounts payable; general ledger and bank statements (including cancelled checks); and

    f.  For financial year 2005:  general ledger; accounts payable; accounts receivable; and bank statement (including cancelled checks).

24. The averments of Paragraph 24 are admitted. To the extent that the cancelled checks supporting the consolidated financial statements were present, together with accounts receivable and accounts payable, all of which supported Plaintiff's position that the supporting documentation for the financial documents being requested had been produced.

25. The averments of Paragraph 25 are denied. The information produced by Plaintiff cannot be categorized as a "dump" or as "the entirety of their corporate books, general ledgers, bank statements, accounts receivable and accounts payable records". To the contrary, if Defendants' counsel would have taken the opportunity to review the consolidated financial statement and the statement of the summary of damages and compare those to the documents provided, it would have found that the information which Defendant had requested concerning the identity of documents supporting Plaintiff's claims of business loss; business loss value; the dismantling and relocation; relocation of employees; lost of past and future income.

26. The averments of Paragraph 26 are admitted. By way of further pleading, however, as indicated in the correspondence, the description on the

boxes was generally descriptive as to the documents contained therein and was neither exhaustive nor intended to be construed as a complete listing of all the documents provided.

27. The averments of Paragraph 27 are denied. To the contrary, the boxes were categorized, itemized and designated by year and form of document placed in a binder (i.e.: general ledgers, accounts payable, accounts receivable; payroll journal, payroll reports, and audits). The documents provided to Defendants were not general corporate books and records but, instead, the specific documents which support the financial statements upon which the Plaintiff has based its claim.

By way of further pleading, Defendants allege that Plaintiff has not even confirmed documentation exists to support its specific categories of damage noted in Paragraph 6 of the Motion. To the contrary, however, business losses, lost value of Plaintiff's FBO business; loss of past and future income; lost productivity and expenses related to business interruption, all would be items which would be calculated using the records Plaintiff provided to the Defendants. As concerns the specific claims of dismantling and relocating the FBO business

and expenses to relocate employees, each of those categories would be supported by the statements, entries in the general journals, accounts payable supported by the bank statements together with cancelled checks supporting the payment of such invoices.

28.   The averments of Paragraph 28 are denied.  The allegation that Plaintiff "dumped" the documents on Defendants' counsel on the final day of fact discovery, seven (7) years after the case was filed and six (6) months after the request had been served, is denied.  To the contrary, Plaintiff did not "dump" the documents on Defendants' counsel but, instead, categorized by year the documents in a usable fashion and had previously provided to the Defendants consolidated financial statements and monthly bankruptcy financial statements, from which many of the calculations of damages are based.  It should be remembered that for a period of five (5) years, the case was stayed as the result of a bankruptcy and on August 31, 2005 was again stayed by the Honorable Yvette Kane pending deposition of Defendants' Motions to Dismiss, which Motions to Dismiss were denied.  Defendants' request for documentation was made only in the last week of February 2007.  Therefore, six (6) months had not passed since the request had been served.  Furthermore, for the Defendants to complain that Plaintiff "dumped" documents on the Defendants, Defendants fail to mention that

their "dumping" of over 9,000 pages of uncategorized documents on the Plaintiff pursuant to its discovery requests which were filed in December of 2006.

29.    The averments of Paragraph 29 are denied to the extent that it is alleged that the Exhibits C and D show nothing more than general statements relating to the operation of Stambaugh's Air Service, Inc. and Stambaugh Aviation, Inc.  The characterization that the general statements relate only to a broad category of costs in the exhibits or in the sixteen (16) boxes is denied.  If the financial statements and supplemental materials are compared to the documents provided to the Defendants, the documents provided to the Defendants detail the broad categories.  By way of further pleading, it is denied that the documentation provided contained in excess of 100,000 pages.  To compare this estimate to the over 9,000 pages which Plaintiff has reviewed of Defendants' documents which were contained in seven (7) boxes overstate the issue.  By was of further pleading, the major component of the Plaintiff's claimed losses, those being the business losses as a result of its inability to provide FBO services at HIA (Second Amended Complaint at Paragraph 84); the claim of lost value of Plaintiff's FBO business (Second Amended Complaint at Paragraphs 85 and 86); and the loss of past and future income in excess of $13,000,000.00 due to the inability to provide FBO services at HIA over an 18 year period (Second Amended Complaint at Paragraphs

91 and 92) all would be proven utilizing Plaintiff's financial statements and projecting those losses to both the present date and to a future date. The key loss relates to the sale of fuel, the proof of the damage being based upon gallonage of fuel sold at HIA from 2000 through 2007, which evidence, although previously requested by the Plaintiff, was not given in final form to the Plaintiff's counsel until the June 27, 2007, at which time fuel gallonage sales were provided to the Plaintiff and then later retracted and updated at the end of the deposition on June 30, 2007. The loss of income through the present date of approximately $8,000,000.00 and an additional $8,000,000.00 over the next seven (7) years. This information is still in a state of flux as the result of the Defendants failing to update its information regarding fuel gallonage sold at HIA until July 30, 2007.

Moreover, the 9,000 pages of information provided by Defendants to Plaintiff was in no way categorized, organized or labeled with categories in the Request as envisioned by Federal Rules of Civil Procedures 34(b)(i).

30. The averments of Paragraph 30 are denied. To the contrary, Plaintiff did provide to Defendants a summary of its claim of damages (Exhibit C, STM04198 through STM04234). The Defendants' summary as set forth in Paragraph 30 is denied as set forth previously. The Defendants are not left to rummage through years of business records to try to speculate on which expenses

relate to the specific areas of damage being claimed by the Plaintiff.  The summary of damages provided by Plaintiff to Defendants clearly sets forth the basis upon which the damages were claimed, and the manner in which the damages are calculated, support for which is reflected by the general ledgers, accounts payable, bank statements and cancelled checks which were provided to the Defendants by Plaintiff.  Information requested in the "extensive and detailed Interrogatories and Request for Production of Documents" is set forth in the documentation provided to Defendants by Plaintiff and is readily available and extractable from the information provided.

     31.    The averments of Paragraph 31 are denied.  The Defendants fail to mention the consolidated statements which were provided to Defendants earlier in June, 2007 which tie into and are directly related to the information provided to it on June 30, 2007 together with a summary of damages specifically identify the manner in which the damages were calculated.  The documentation provided to the Defendants concerning damages does not reflect that the damages are speculative or that there is no documentation to support the same.  Moreover, Plaintiff has not ignored its obligation to prove and support its damages with specificity .

32. The averments of Paragraph 32 are denied. First, Defendants' claim that its defense is left with no means to verify or cross-examine or in anyway defend against Plaintiff's claim for damages is without basis. The vast majority of the claim, the lost revenues based upon the fuel flowage charges, that is the amount that the Plaintiff would charge general and commercial aviation and signatory cargo carriers, is wholly supported by the records that Defendants keep regarding annual fuel flowage gallonage. The claim of loss of income would be based upon fuel flowage charges which could have been and would have been made by the Plaintiff to third parties for the period of 2000 through present and any claims for the periods of extension on a normal lease would be based on this documentation. Defendants could defend the claim as being speculative, absent any other documentation, based upon the terms and conditions of the lease and its defenses to the claim that the lease extension was refused in good faith. As concerns the lost value of the business, business losses as the result of Plaintiff's inability to provide FBO services and losses related to lost productivity, all of those losses would be derived based upon past historical records of income and profits, all of which would be supported by the financial statements and the supporting documentation offered to and provided to the Defendants. The losses related to dismantling and relocating of FBO operations, costs for relocating

employees and costs related to business interruption would be related to the expenses incurred in each of those categories which are outlined in the summary of damages and the financial statements provided by Plaintiff to Defendants, upon which the summary of damages was created.

      Defendants has not given specific examples of how it would not have the means to verify, cross-exam or in anyway defend against the Plaintiff's claim for damages except for its naked assertion that it is prejudiced in doing so.

      33.    The averments of Paragraph 33 are partially admitted and partially denied. It is admitted that Mr. Beard and Mr. Scott Stambaugh each admitted that they had no knowledge of finances or damages. Mr. Mark Stambaugh, who did have an understanding regarding the damage claims, stated that he believed his CPA in Pittsburgh had supporting documentation and it would be provided. It is interesting that Defendants would focus on the $13,000,000.00 claim for loss of past and future income, the very item upon which fuel flow gallonage is required to support the Plaintiff's claim, a document which although requested by the Plaintiff to be produced had not been produced prior to Mr. Stambaugh's

deposition and even when provided on June 27, 2007, was withdrawn and replaced by a new document on June 30, 2007. Without the fuel flowage gallonage records, neither Mr. Stambaugh nor any other individual could have calculated the damages related to this claim.

34. The averments of Paragraph 34 are denied. The Defendants have always had in their possession the fuel flowage gallonage records for years 2000 through 2007, which documentation would support the large portion of Plaintiff's claim.

35. The averment of Paragraph 35 is denied. To the contrary, expert witness information is not required to be submitted until July 17, 2007 at which time it is anticipated that the summary of damages report will be supported by the expert's clarifying the damage issue.

36. The averments of Paragraph 36 are denied. A review of the summary of damages based upon financial statements which were supported by the records produced on June 30, 2007 supporting the claims and would not lead to speculation on the part of the Defendants in determining whether a particular charge on a bill is related to a claim for damages or whether the expenses was related to normal business operation.

37. The averments of Paragraph 37 are admitted.

38. The averments of Paragraph 38 are denied.

39. The averments of Paragraph 39 are admitted. By way of further pleading, the documents requested for inspection were produced as they were kept in the usual course of the Plaintiff's business and were organized and labeled to support the damages alleged to have been incurred by the Plaintiff. The Requests generally related to documents to support the various claims of Plaintiff which by means of organization into general ledgers and cancelled checks would have meet the requirement of the Rule.

40. The averment of Paragraph 40 is a conclusion of law.

41. The averments of Paragraph 41 recite the provisions of Federal Rules of Civil Procedure, 37(a)(3).

42. The averments of Paragraph 42 represent a statement of law to which a response is not required.

43. The averments of Paragraph 43 represent a conclusion of law to which a response is not required.

44. The averments of Paragraph 44 characterizing the manner in which production was accomplished and the comments ascribed to Plaintiff's counsel with reference to the contents of the boxes as being evasive in nature, are denied. To the contrary, each of the boxes was clearly labeled as to the dates of the

contents and the contents of the boxes being the general ledgers, accounts payable, accounts receivable, and bank statements with cancelled checks verifying payment of the obligations together with a summery discussion of the detail of the damages together with supporting documents.

By way of further pleading, the damages in this case do not generally relate to specific out-of-pocket damages which one can particularity identify. The vast majority of the damages relate to the impact which Defendants' actions had on Plaintiff's business thus reducing the value of Plaintiff's business. For example, the inability to sell fuel to commercial carriers, cargo carriers and general aviation substantially reduced the Plaintiff's income, which produced three (3) separate types of damage, those being: (1) loss of income; (2) loss of future income; (3) loss value of Plaintiff's FBO business, which loss would be driven by the loss of income. Those three (3) losses are necessarily related to the total fuel gallonage sold to general aviation, commercial aviation and cargo aviation at HIA, the figures for which were kept by Defendants until June 30, 2007. The remaining figures, those being for dismantling and relocation; relocation of employees; and business interruption would be potentially related to specific line items in the financial statements, which line items were supported by the general ledger, accounts payable and cancelled checks. Therefore, contrary to the allegation that

Defendants were without adequate time to fully review the documents or depose Plaintiff's witness on the issue of damages, a good part of that inability or inadequacy of time was as a result of Defendants not providing a key document in order to calculate the damages until 11:30 a.m. on June 30, 2007.

45. The averments of Paragraph 45 reflect the Federal Rules of Civil Procedure. It is Plaintiff's position that it is with substantial justification that without the fuel flowage information, a great portion of its damage calculation could not be provided to the Defendants.

46. The averment of Paragraph 46 sets forth the provisions of Federal Rules of Civil Procedure, 37(c)(1).

47. The averments of Paragraph 47 represents a statement of Local Rule 37.1.

WHEREFORE, Plaintiff respectfully requests this Court to refuse Defendants' Motion for Sanctions for Failure to Properly and Timely Disclose Discovery Supporting Plaintiff's Damage Claims and refuse to enter an Order excluding Plaintiff from introducing at trial evidence of damages.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted,<br>CUNNINGHAM & CHERNICOFF, P.C. |
| Dated: <u>July 10, 2007</u> | By: | <u>/s/ Jordan D. Cunningham, Esquire</u><br>Jordan D. Cunningham, Esquire<br>PA I.D. No. 23144<br>2320 North Second Street<br>Harrisburg, PA  17110<br>Telephone:  (717) 238-6570<br>Facsimile:   (717) 238-4809<br>Email:    jcunningham@cclawpc.com<br>*Attorneys for Plaintiff* |

F:\Home\AHEWITT\DOCS\Q-S\STAMAIR\PLEADING\PLAINTIFF RESPONSE TO MOTION FOR SANCTIONS\RESPONSE TO MOTION FOR SANCTIONS.wpd