IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 1:00-CV-0660 |
| | : | |
| SUSQUEHANNA AREA REGIONAL | : | |
| AIRPORT AUTHORITY, BAA | : | Chief Judge Yvette Kane |
| HARRISBURG, INC., DAVID FLEET, | : | Magistrate Judge Smyser |
| individually, DAVID HOLDSWORTH, | : | |
| individually, and DAVID C. McINTOSH, | : | |
| individually, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME TO PROVIDE EXPERT REPORT RELATED TO DAMAGES

Defendants Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth, and David C. McIntosh, (collectively "Defendants"), by and through their attorneys, Rhoads & Sinon LLP, file the within Motion for Extension of Time to Provide Expert Report Related to Damages:

1.    Plaintiff filed a Complaint in this Action on April 14, 2000.  (Doc. 1).

2.      From September 11, 2002 through August 31, 2005, the matter was stayed due to Plaintiff filing for bankruptcy. (Doc. 32).

3.      On October 20, 2005, the matter was again stayed by the Honorable Yvette Kane pending disposition of Defendants' pending Motion to Dismiss. (Doc. 66).

4.      Following disposition of Defendants' Motion to Dismiss, Plaintiff filed a Second Amended Complaint on November 1, 2006 which contains a claim based on Equal Protection pursuant to 42 U.S.C. §1983 (Count I) Conspiracy (Count II), and Tortuous Interference (Count III). (Doc. 84).

5.      Plaintiff's Second Amended Complaint alleges the same damages alleged in the original Complaint i.e., that Plaintiff has suffered damages as a result of events leading up and subsequent to the decision of Defendant SARAA not to enter into a new agreement for Plaintiff to provide fixed based operator ("FBO") services at Harrisburg International Airport ("HIA") upon the expiration of Plaintiff and SARAA's prior FBO agreement in January 2000. (Doc. 84).

6.      The specific damages alleged by Plaintiff include:

- ▪  "business losses as the result of its inability to provide FBO services at HIA" (Doc. 84 at ¶84);

- ▪  in excess of $5 million for the "lost value" of Plaintiff's FBO business (Doc. 84 at ¶¶ 85-86);

- ▪  expenses in excess of $1 million in dismantling and relocation of FBO operations (Doc. 84 at ¶¶87-88);

- expenses in excess of $1 million to relocate employees (Doc. 84 at ¶¶89-90);

- lost "past and future income" in excess of $13 million due to the inability to provide FBO services at HIA over an 18 year period (Doc. 84 at ¶¶91-92);

- expenses in excess of $1.5 million "related to business interruption" (Doc. 84 at ¶¶93-94)

- $3 million to $5 million "related to lost productivity" (Doc. 84 at ¶¶95-96)

- expenses in excess of $16 million for construction of a new facility. (Doc. 84 at ¶¶97-98).[1]

7.    On July 2, 2007, Defendants have filed a Motion for Sanctions for Failure to Properly and Timely Disclose Documents Supporting Damages Claims ("Motion for Sanctions") (Doc. 100).

8.    The Motion for Sanctions fully outlines Defendants' damages-related discovery requests; Defendants' repeated requests for Plaintiff to produce the same; the substance of a discovery conference with the Court; and Plaintiff's ultimate failure to produce damages-related discovery by June 30, 2007, the deadline for fact-discovery. (Doc. 100).

9.    On July 10, 2007, prior to Defendants' submission of a Brief in Support of its Motion for Sanctions under the time permitted by the Local Rules,

---

[1] During a telephone conversation in mid-June, counsel for Plaintiff indicated that Plaintiff would not be seeking damages for construction of a new facility. This has been confirmed in writing between counsel.

Plaintiff filed a pleading Response to Defendants' Motion for Sanctions. (Doc. 105).

10.    Defendants have attached hereto a random sampling of the documents produced by Plaintiff on June 30, 2007, which Plaintiff contends support the damages claims outlined above in Paragraph 6.

11.    Included among this example of the documents produced are:

- Three (3) pages from Box No. 5, designated by Plaintiff as "2001 Accounts Payable" (attached hereto as Exhibit "A");

- 19 pages from Box No. 6, designated by Plaintiff as "2001 Invoices Accounts Payable" (attached hereto as Exhibit "B");

- A series of pages from a box that was not included in Plaintiff's list of the contents of each box, but which Defendants have designated as Box No. 7A, and which contains Plaintiff's 2001 Bank Statements (attached hereto as Exhibit "C");

- One (1) page from Box No. 15, designated by Plaintiff as "2000 Accounts Receivable; 2000 Accounts Payable; 2000 General Ledger" (attached hereto as Exhibit "D");

- Three (3) pages from Box No. 16, designated by Plaintiff as "2003/2004/2005 Bank Statements SAS/SAI[2]" (attached hereto as Exhibit "E").

12.    A review of these documents, which are indicative of the hundreds of thousands of documents produced by Plaintiff on the last day of fact discovery, makes clear that it is impossible to ascertain how Plaintiff compiled the amounts

---

[2] "SAS" refers to Plaintiff, Stambaugh's Air Service, Inc. "SAI" refers to Stambaugh Aviation Inc., a separate corporate entity that is not even a party to this action.

that it claims for each category of damages alleged in the Second Amended Complaint.

13.    There is no indication in any of these documents if or how the information contained therein relates to Plaintiff's alleged damages.

14.    This Court's April 2, 2007 Case Management Order sets a deadline of July 17, 2007 for the exchange of expert reports. (Doc. 89).

15.    Defendants have retained Charles Kern of Kern & Associates to serve as an economic expert in this matter, including to render an opinion on the damages alleged in Plaintiff's Second Amended Complaint.

16.    While there are some material issues upon which Mr. Kern can and will render an expert opinion by July 17, 2007, the Plaintiff's financial statements and the 18[3] boxes of documents that were produced by Plaintiff on June 30, 2007, which are the subject of Defendants' Motion for Sanctions, are "woefully inadequate" for purposes of rendering an expert opinion regarding the specific categories of damages contained in Plaintiff's Second Amended Complaint. (Motion for Sanctions, Doc. 100).  Correspondence from C. Kern, attached hereto as Exhibit "F".

---

[3] Defendants' Motion for Sanctions states that Plaintiff produced 16 boxes of documents on June 30, 2007.  This was based on a designating the contents of each box that Plaintiff provided. However, upon further review, there are actually 18 boxes that were produced.

17.    For example, Box Nos. 2, 7(a), 8(a) and 16 contain Bank Statements, examples of which are attached hereto as Exhibits D and F.  (See June 30, 2007 Memo from Jordan Cunningham to Heather Kelly, attached hereto as Exhibit "G").

18.    Exhibit C contains bank statements from May 1, 2001 through May 31, 2001, including 81 cancelled checks.  Payees include entities and/or individuals such as "WESCO" (Check No. 8121 for $65.00), Stambaugh's Air Service Payroll Account (Check No. 8126 for $98,622.71), Frank Crystal & Co., Inc. (Check No. 22845 for $6,332.00), and Landis Bros.  (Check No. 8090 for $48.31).  (Ex. C).

19.    Defendants have no idea what or who WESCO, Frank Crystal & Co, or Landis Bros. even are and whether these checks have anything to do with the damages claimed by Plaintiff.

20.    Similarly, where Plaintiff has alleged damages arising out of the relocation of employees, cancelled checks to payroll services may or may not be relevant.  Without any explanation from Plaintiff, this information is impossible to ascertain.

21.    As with Exhibit D, if there are approximately 80 cancelled checks for every month of the 6 years worth of bank statements produced by Plaintiff, there more than 10,000 cancelled checks contained in the production.

22.    Similarly, there is no way for Defendants to glean from Plaintiff's General Ledger (Ex. D), how Plaintiff arrived at its damages figures.

23. In light of Defendants' pending Motion for Sanctions requesting the exclusion of all damages evidence, it would be a waste of resources for Mr. Kern and counsel to wade through the 18 boxes of documents (estimated to exceed 100,000 pages) at this time in an attempt to determine if there is any information that is relevant to Plaintiff's damages claim when some or all such claims may be precluded by the Court.

24. Moreover, even if the Court were to determine that Plaintiff has met its discovery obligations, it will take Mr. Kern and counsel weeks to go through such documents which, at best, would yield a result based in large part on speculation.

25. Accordingly, pending this Court's disposition of Defendants' Motion for Sanctions, Defendants request that the Court grant Defendants' Motion for Extension of Time to Provide an Expert Report Related to Damages and allow Defendants' expert to supplement any expert report that is provided on July 17, 2007 with an opinion related to damages if required based on this Court's decision on the Motion for Sanctions.

WHEREFORE, Defendants, Susquehanna Area Regional Airport Authority, BAA Harrisburg, Inc., David Fleet, David Holdsworth, and David C. McIntosh respectfully request that this Honorable Court grant the within Motion for Extension of Time to Provide Expert Report Related to Damages.

Respectfully submitted,

RHOADS & SINON LLP

By:   /s/ Dean F. Piermattei
Dean F. Piermattei
Pa. I.D. No. 53847
Heather Z. Kelly
Pa. I.D. No. 86291
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, a true and correct copy of the foregoing

document was served by electronic means upon the following:

        jdc@cclawpc.com
        Jordan C. Cunningham, Esquire
        Cunningham & Chernicoff, P.C.
        2320 North 2nd Street
        Harrisburg, PA 17110

              /s/Deborah L. McKinney