Exhibit "D"

| Date | Description | | Ref | Amount | Check# |
|---|---|---|---|---|---|
| 02/29/04 | DEPOSITS/OTHER CREDITS | CR | 02102 | 7,222.12 | GJ1632 |
| 02/29/04 | RELORD FEB. PURCH JNL | PP | 06102 | 9,121.43 | GJ1655 |
| 02/29/04 | RELORD FEB. PURCH JNL | PJ | 06102 | 80.34 | GJ1736 |
| 03/29/04 | TO RECL THELM WITH OUT | CR | | 98.00 | GJ1692 |
| 03/31/04 | DEPOSITS/OTHER CREDITS | CR | | 86.04 | GJ1699 |
| 03/31/04 | RECORD MARCH PURCH JNL | | | | GJ1700 |
| 03/31/04 | DEPOSITS/OTHER CREDITS | CR | 02103 | | GJ1637 |
| 03/31/04 | DUAL TOTALS ENTRY | CR | 03103 | 157,050.22 | GJ1696 |
| 03/31/04 | RECORD MARCH PURCH JNL | PP | 03103 | 157,650.22 | GJ1701 |
| 04/30/04 | RECORD MARCH PURCH JNL | CR | 04103 | 5.00 | GJ1137 |
| 04/30/04 | DEPOSITS/OTHER CREDITS | CR | 04103 | 1,500.00 | GJ1636 |
| 04/30/04 | DEPOSITS/OTHER CREDITS | CR | 04103 | 8,608.96 | GJ1627 |
| 05/31/04 | DEPOSITS/OTHER CREDITS | CR | 05103 | 119,959.03 | GJ1640 |
| 05/31/04 | RELORD MAY PURCH JNL | AP | 05102 | 80,976.15 | GJ1643 |
| 05/31/04 | NOVEMBER | AJE # 10 | | .02 | GJ1820 |
| 06/30/04 | DEPOSITS/OTHER CREDITS | CR | 06103 | 120,539.96 | GJ1641 |
| 06/30/04 | RECORD JUNE PURCH JNL | AP | 06102 | 8.27 | GJ1865 |
| 06/30/04 | JUNE | AJE # 18 | | | GJ1820 |
| 06/30/04 | CR 2053 | AJE # 18 | | .05 | GJ2128 |
| 06/30/04 | CK 20009 | PR | | .05 | GJ2128 |
| 07/02/04 | CK 2102 | CR | | | GJ2103 |
| 07/02/04 | Sales/Other | CR | | 10,000.00 | GJ2204 |
| 07/08/04 | Sales/Other | CR | | 60,000.00 | GJ2204 |
| 07/12/04 | Maintenance Fee | CR | 07104 | 16.60 | GJ2200 |
| 07/14/04 | Sales/Other | CR | | 100,000.00 | GJ2204 |
| 07/15/04 | CK 2107 | PR | | 55,829.53 | GJ2203 |
| 07/20/04 | Maintenance Fee | CR | 07104 | 81.00 | GJ2200 |
| 07/29/04 | Sales/Other | PR | | 39,922.50 | GJ2200 |
| 07/29/04 | Sales/Other | CR | | 50,000.00 | GJ2204 |
| 07/30/04 | Sales/Other | CR | | 49,687.50 | GJ2204 |
| 07/31/04 | Record July Purch JNL | AP | | 162,283.50 | GJ2209 |
| 08/10/04 | Maintenance | CR | 08104 | 19.96 | GJ2200 |
| 08/10/04 | Sales/Other | CR | | 53,733.58 | GJ2204 |
| 08/11/04 | CK 2450 | PR | | 46,753.75 | GJ2200 |

**Exhibit "E"**

**Commerce Bank**

Commerce Bank/Harrisburg N.A
100 Senate Avenue
Camp Hill Pa 17011
888-937-0004

--- ---
---

| STATEMENT DATE |
| --- |
| 12/31/05 |

STAMBAUGH'S AIR SERVICE INC
GENERAL ACCOUNT
427 SECOND STREET
HIGHSPIRE, PA  17034

---

| 0536000268 |
| --- |
| ACCOUNT NO |

11                                                                                   CYCLE-008

```
*** CHECKING *** BUSINESS
ACCOUNT NUMBER   0536000268
PREVIOUS STATEMENT BALANCE AS OF 11/30/05 ........................         9,001.76
    PLUS       3   DEPOSITS AND OTHER CREDITS ...................        11,909.81
    LESS      12   CHECKS AND OTHER DEBITS .....................         7,479.61
CURRENT STATEMENT BALANCE AS OF 12/31/05 ........................        13,431.96
NUMBER OF DAYS IN THIS STATEMENT PERIOD    31
```

---

```
*** CHECK TRANSACTIONS ***
    SERIAL    DATE        AMOUNT          SERIAL    DATE        AMOUNT
    11179    12/22        123.00          11185    12/27        470.90
    11180    12/22          6.76          11186    12/22        300.39
    11181    12/28        120.63          11188*   12/21        723.89
    11182    12/22        141.61          11189    12/30         20.00
    11183    12/22        223.35          11190    12/30      1,338.00
    11184    12/22         11.08
```

---

```
*** CHECKING ACCOUNT TRANSACTIONS ***
 DATE           DESCRIPTION              DEBITS              CREDITS
12/12 DEPOSIT                                                  409.81
12/27 DEPOSIT                                                1,500.00
12/29 DEPOSIT                                               10,000.00
12/29 XFER TO ACCT   CK-000536000276      4,000.00
```

---

```
*** BALANCE BY DATE ***
11/30    9,001.76   12/12    9,411.57  12/21    8,687.68  12/22    7,881.49
12/27    8,910.59   12/28    8,789.96  12/29   14,789.96  12/30   13,431.96
```

NOTE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION                     Member FDIC

# CheckView

Date
12/31/05

Account
536000268

--- ---
---

Check 11179, Amount $123 00  Date Presented 12/22/2005

Check 11180, Amount $6 76  Date Presented 12/22/2005

Check 11181, Amount $120 63  Date Presented 12/28/2005

Check 11182, Amount $141 61  Date Presented 12/22/2005

Check 11183, Amount $223 35  Date Presented 12/22/2005

Check 11184, Amount $11 08  Date Presented 12/22/2005

Check 11185, Amount $470 90  Date Presented 12/27/2005

Check 11186, Amount $300 39  Date Presented 12/22/2005

Check 11188, Amount $723 89  Date Presented 12/21/2005

Check 11189, Amount $20 00  Date Presented 12/30/2005

# Check View

Date
12/31/05

Account
536000268



Check 11190, Amount $1,338 00  Date Presented 12/30/2005

**Exhibit "F"**

2331 Market Street

Camp Hill, PA 17011

717.763.0888 TEL

717.763.1581 FAX

kern@ppnetwork.com



**KERN AND COMPANY, PC**
ACCOUNTANTS AND BUSINESS ADVISORS

July 12, 2007

Re: Stambaugh v. SARAA

Dean F. Piermattei, Esq.
Rhoads & Sinon LLP
Twelfth Floor
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

Dear Mr. Piermattei:

You have asked me to assist you in the above referenced case by analyzing the damages claimed by the plaintiff. You have provided to me copies of various documents and access to other documents that plaintiff's counsel has supplied to you. Those documents are not adequate to allow an appropriate analysis of the damages claimed. In fact, I deem the documents to be woefully inadequate for that purpose.

The Second Amended Complaint contains brief descriptions of the nature of claimed damages with respective statements of rounded dollar amounts, as minimum of amounts of damage. The document titled "Damages Stambaugh Air Service vs Susquehanna Area Regional Airport Authority" (Damages) also provides damage descriptions, some calculations, and amounts of claimed damages, but without documents to support the numbers used in the calculations or amounts of damages that are not even supported by calculations. The documents that did accompany Damages were primarily audited and in some cases unaudited combined financial statements of Stambaugh's Air Service, Inc. and Affiliates for the years ended December 31, 1997 through December 31, 2006. For only one portion of the claimed damages (revenues related to fuel sales) was there any other sort of document supplied.

You supplied to me copies of two documents, <u>DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO PROPERLY AND TIMELY DISCLOSE DOCUMENTS SUPPORTING DAMAGES CLAIM</u> and <u>PLAINTIFF'S RESPONSE</u> thereto. Both documents refer to financial statements, bankruptcy statements, general ledgers, accounts receivable listings, accounts payable listings, bank statements,

cancelled checks and payroll journals. These documents alone are not adequate for doing a proper analysis.

Combined and/or audited financial statements are summaries of the thousands and thousands of individual transactions that the companies were involved in during the year. They do not identify, address, nor disclose information about specific types of transactions as found in the claims. Nor are these statements necessarily free of error. Rather, as the auditors' reports state, they believe that the statements fairly present combined results of operations, cash flows, and financial position in all material respects. I have emphasized the combined (as opposed to individual or individual types of transactions) and material (meaning there could be errors of a sort that are not material to the users of the statements, in the auditors' opinion). Such statements are intended primarily for external users of the statements such as creditors and external shareholders. In addition, the ledgers and journals are merely tools used to summarize the thousands or more transactions that the companies were involved in during the year. Cancelled checks and bank statements, inherently, reveal little or nothing about the nature of individual transactions. What is notably absent from the documents supplied are invoices, contracts, leases, and items that would indicate the nature, purpose, amount, and classification of transactions.

Again, the documents that were supplied are not adequate to allow an appropriate analysis of the damages claimed.

Sincerely,

Charles L Kern

Charles L. Kern,
BS/MBA/CPA/CVA/CFA/AEP/ABV

CLK: meg

Exhibit "G"

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | **CASE NO. 1:CV-00-0660** |
| | : | |
| SUSQUEHANNA AREA REGIONAL | : | **Judge Yvette Kane** |
| AIRPORT AUTHORITY, BAA | : | **Magistrate Judge J. Andrew Smyser** |
| HARRISBURG, INC., DAVID FLEET, | : | |
| individually, DAVID HOLDSWORTH, | : | |
| individually, and DAVID C. McINTOSH,: | | |
| individually, | : | |
| **Defendants** | : | |

## PLAINTIFF STAMBAUGH'S AIR SERVICE, INC.'S
## FIRST SET OF
## REQUEST FOR PRODUCTION OF DOCUMENTS
## <u>DIRECTED TO DEFENDANTS</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Stambaugh's Air

Service, Inc. ("Stambaugh's") requests that within thirty (30) days of service of these Request,

Defendants Susquehanna Area Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"),

David Fleet ("Fleet"), David Holdsworth ("Holdsworth"), and David C. McIntosh ("McIntosh")

answer the following Interrogatories fully and separately in writing, under oath.

### <u>DEFINITIONS</u>

1.    "Defendants" or "you" refers to Defendants SARAA, BAA, Fleet, Holdsworth,

and McIntosh, and to each of their representatives, agents and attorneys.

2.    "Stambaugh's" or "Plaintiff" refers to the named plaintiff, its employees, agents

of any other person or entity authorized to act for or on behalf of Plaintiff.

3.    "FBO" shall mean fixed base operator.

4.    "HIA" refers to Harrisburg International Airport.

5.    "RFQ" refers to the October 5, 1999 Request for Qualifications issued by some or all of the defendants.

6.    "AERO" refers to AERO Services International Incorporated.

7.    "AMP Hangar" refers to a hangar located at HIA and which was previously owned by the AMP Corporation and which has been purchased by SARAA.

8.    "Identify," when used in reference to a natural person, means to state his or her name, present or last known address and telephone number, present or last known employer and his or her employer's address, and position or job title at time of employment.

9.    "Identify" or "Identification" shall mean, when used in reference to any document, to:

a.    state the type of document (e.g., letter, memorandum, telegram, etc.);

b.    state its date;

c.    state its title, if any;

d.    describe its general subject matter and contents;

e.    identify the present location(s) and custodian(s) of the original and all known copies of said document;

f.    identify its author or originator;

g.    if the document is no longer in your possession, identify its last known custodian, describe the circumstances under which it passed from your control to that

person, and identify each person having knowledge of such circumstances and/or each person having knowledge of such circumstances and/or the present location of the document; and/or

        h.     in lieu of identifying the document in the manner set forth above, attach a copy of the document in question to your response to these interrogatories.

        10.     "Document" as used herein shall mean and include without limitation, all writings of any kind, including the original and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intra-office correspondence, electronic mail, offers, notations of any sort of conversations, meetings or other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures), any electronic, mechanical, or electrical records or representations of any kind (including without limitation, tapes, cassettes, disks, and recordings). The term "document" means each document which is or was in the possession, custody or control of plaintiff or his agents or representatives, including counsel, and each document known by plaintiff to have existed or which presently exists.

**REQUEST**

1.    Complete copies of all audited financials for the years 2000; 2001; 2002; 2003;

2004 and 2005, including, but not limited, reports, graphs, charts and all related documents.

**ANSWER:**

Respectfully submitted,

CUNNINGHAM & CHERNICOFF, P.C.

Dated: _12/22/06_          By: _____

                                Jordan D. Cunningham, Esquire
                                PA I.D. No.  23144
                                2320 North Second Street
                                Harrisburg, PA  17110
                                Telephone:    (717) 238-6570
                                *Attorneys for Plaintiff*

F:\HOME\AHEWITT\DOCS\Q-S\STAMAIR\DISCOVER\REQUEST.WPD

.

# Exhibit "H"

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : |
| | : |
| **Plaintiff** | : |
| v. | : **CASE NO. 1:CV-00-0660** |
| | : |
| SUSQUEHANNA AREA REGIONAL | : **Judge Yvette Kane** |
| AIRPORT AUTHORITY, BAA | : **Magistrate Judge J. Andrew Smyser** |
| HARRISBURG, INC., DAVID FLEET, | : |
| individually, DAVID HOLDSWORTH, | : |
| individually, and DAVID C. McINTOSH,: | |
| individually, | : |
| **Defendants** | : |

## PLAINTIFF STAMBAUGH'S AIR SERVICE, INC.'S
## SECOND SET OF
## REQUEST FOR PRODUCTION OF DOCUMENTS
## <ins>DIRECTED TO DEFENDANTS</ins>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Stambaugh's Air

Service, Inc. ("Stambaugh's") requests that within thirty (30) days of service of these Request,

Defendants Susquehanna Area Airport Authority ("SARAA"), BAA Harrisburg, Inc. ("BAA"),

David Fleet ("Fleet"), David Holdsworth ("Holdsworth"), and David C. McIntosh ("McIntosh")

answer the following Interrogatories fully and separately in writing, under oath.

### <ins>DEFINITIONS</ins>

1.     "Defendants" or "you" refers to Defendants SARAA, BAA, Fleet, Holdsworth,

and McIntosh, and to each of their representatives, agents and attorneys.

2.     "Stambaugh's" or "Plaintiff" refers to the named plaintiff, its employees, agents

of any other person or entity authorized to act for or on behalf of Plaintiff.

3.     "FBO" shall mean fixed base operator.

<u>**REQUEST**</u>

1.     Complete copies of all Fuel Flowage Reports for both Commercial and General

Aviation submitted to the F.A.A. by Defendants from January 1, 1999 through present, including,

but not limited, reports, graphs, charts and all related documents.

     <u>**ANSWER:**</u>

Respectfully submitted,

CUNNINGHAM & CHERNICOFF, P.C.

Dated: <u>June 14, 2007</u>          By:     <u>/s/ Jordan D. Cunningham, Esquire</u>
                                        Jordan D. Cunningham, Esquire
                                        PA I.D. No. 23144
                                        2320 North Second Street
                                        Harrisburg, PA 17110
                                        Telephone:     (717) 238-6570
                                        *Attorneys for Plaintiff*

F:\Home\AHEWITT\DOCS\Q-S\STAMAIR\LETTERS\L061407 KELLY 3 .wpd

Exhibit "I"


# RHOADS
# & SINON LLP

Dean F. Piermattei

*ph* (717) 233-5731
*fx* (717) 231-6637
dpiermattei@rhoads-sinon.com

FILE NO: 6216 5

---

June 25, 2007

**Re:    Stambaugh v. SARAA**

Jordan Cunningham, Esquire                    VIA:  Hand Delivery
Cunningham & Chernicoff, P.C.
2320 N. 2nd Street
Harrisburg, PA  17110

Dear Jordan:

While I understand you are on vacation, you directed me to deal with your associate who will be attending the deposition. I am providing to you, via hand delivery, to your associate, this date, additional  documents, some of which you may already have in your possession. This should be considered a formal supplement to our discovery responses.  Enclosed are the following:

1.    Documents Bates numbered SARAA07168-07287 (will be used as deposition exhibit);

2.    A disc containing information relating to building repairs from 1998 – 2007;

3.    Areo Contract with SARAA (will be used as deposition exhibit). I believe this is already contained in your client's records, however, I am providing it again for the sake of completeness);

4.    requested fuel flowage records for HIA from January 2000 through 2006;

Additionally, you also requested whether any of the Authority's witnesses would be available on Saturday, June 30, 2007. I will be out of town for the holiday weekend, but Heather Kelly from my office is available to defend these depositions. Belinda Svirbely is available, and I am waiting to hear back from Fred Testa. We do not intend to call Tom Peiffer as a witness.

There remain outstanding problems with the documents produced by your client. First, Plaintiff has only produced consolidated financial information for a three year period. However, they have alleged continuing damages. Accordingly, we need all consolidated financials through the present. Moreover, we are still awaiting documentation supporting many of the categories of damages that have been pled in the Second Amended Complaint. You indicated that Mark Stambaugh will be producing additional documents during his deposition today. We will review those, and, to the extent that any deficiencies remain, will seek a conference with Magistrate Smyser.

Rhoads & Sinon LLP • Attorneys at Law • Twelfth Floor • One South Market Square • P.O. Box 1146
Harrisburg, PA 17108-1146 • ph (717) 233-5731 • fx (717) 232-1459 • www.rhoads-sinon.com

June 25, 2007
Page 2

Thank you for your prompt attention to the above matters.

Very truly yours,

RHOADS & SINON LLP

By: _Dean F. Piermattei_
Dean F. Piermattei

Enclosures