## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., : | |
| : | |
| Plaintiff : | |
| v. : | CASE NO. 1:CV-00-0660 |
| : | |
| SUSQUEHANNA AREA REGIONAL : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, : | |
| individually, DAVID HOLDSWORTH, : | |
| individually, and DAVID C. McINTOSH, : | JURY TRIAL DEMANDED |
| individually, : | |
| Defendants : | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO PROVIDE EXPERT REPORT RELATED TO DAMAGES**

Plaintiff, Stambaugh's Air Service, Inc., by and through its counsel, Cunningham & Chernicoff, P.C., file this Motion for Extension of Time to Provide Expert Report Related to Damages and, in support thereof, avers the following:

1. Plaintiff filed a Complaint in this Action on April 14, 2000. (Doc. 1.)

2. From September 11, 2002 through August 31, 2005, the matter was stayed due to Plaintiff filing for bankruptcy. (Doc 32.)

3. On October 20, 2005, the matter was again stayed by the Honorable Yvette Kane pending a decision on Defendants' Motion to Dismiss. (Doc. 66.)

4. Following the disposition of Defendants' Motion to Dismiss, Plaintiff filed a Second Amended Complaint, on November 1, 2006, which contains a claim based on Equal Protection pursuant to 42 U.S.C. §1983 (Count I); Conspiracy (Count II); and Tortuous Interference (Count III). (Doc. 84.)

5. Plaintiff's Second Amended Complaint alleges the same damages alleged in the original Complaint, *i.e.:* that Plaintiff has suffered damages as a result of events leading up, and subsequent, to the decision of Defendant SARAA not to enter into a new agreement for Plaintiff to provide fixed based operator (hereinafter referred to as "FBO") services at Harrisburg International Airport (hereinafter referred to as "HIA") upon the expiration of Plaintiff and SARAA's prior FBO Agreement in January of 2000. (Doc. 84.)

6. The specific damages alleged by Plaintiff include:

    a. Business losses as the result of its inability to provide FBO services at HIA. (Second Amended Complaint, Paragraph 84.)

b.  The lost value of Plaintiff's FBO business in excess of $5,000,000.00. (Second Amended Complaint, Paragraphs 85–86.)

c.  Expenses in excess of $1,000,000.00 in dismantling and relocation of FBO operations. (Second Amended Complaint, Paragraphs 87–88.)

d.  Expenses in excess of $1,000,000.00 to relocate employees. (Second Amended Complaint, Paragraphs 89–90.)

e.  Lost past and future income in excess of $13,000,000.00 due to the inability to provide FBO services at HIA over an eighteen (18) year period. (Second Amended Complaint, Paragraphs 91–92.)

f.  Expenses in excess of $1,500,000.00 related to business interruption. (Second Amended Complaint, Paragraphs 93–94.)

g.  Losses related to lost productivity in the amount of $3,000,000.00 to $5,000,000.00. (Second Amended Complaint, Paragraphs 95–96.)

      h.      Expenses in excess of $16,000,000.00 for construction of a new facility.  (Second Amended Complaint, Paragraphs 97–98.)[1]

7.      This Court's April 2, 2007 Case Management Order sets a deadline of July 17, 2007 for the exchange of expert reports.  (Case Management Order, dated April 2, 2007, Doc. 89.)

8.      Plaintiff retained David Dernar, CPA, as an economic expert in this matter to render an opinion on the damages alleged in Plaintiff's Second Amended Complaint.

9.      On June 26, 2007, during a deposition, Defendants provided Plaintiff with fuel flowage information, which information was in Defendants' sole possession for the years 2000 through present.

10.      On June 30, 2007, Plaintiff was provided an additional statement of fuel flowage at HIA which Defendants purported to be an amendment of the fuel flowage statement previously provided to Plaintiff by Defendants.

---

[1] Plaintiff has subsequently decided not to seek damages for construction of a new facility.

11.   Plaintiff forwarded the fuel flowage information together with accounting records to its expert, David Dernar, for review.

12.   On July 13, 2007, Plaintiff's counsel was assured that the expert's report was forthcoming for review by July 16, 2007.

13.   On July 16, 2007, Plaintiff's counsel was advised by Mr. Dernar's staff the report would not be available until the week of July 23, 2007.

14.   In light of Defendants' pending Motion for Sanction requesting the exclusion of all damages evidence, Defendants would not be prejudiced by Plaintiff's request to extend Plaintiff's expert report deadline to July 27, 2007.

WHEREFORE, Plaintiff, Stambaugh's Air Service, Inc., respectfully requests that this Honorable Court grant the within Motion for Extension of Time to Provide Expert Report Related to Damages.

Respectfully submitted,

CUNNINGHAM & CHERNICOFF, P.C.

Dated: July 17, 2007          By:   /s/ Jordan D. Cunningham, Esquire
                                    Jordan D. Cunningham, Esquire
                                    PA I.D. No. 23144
                                    2320 North Second Street
                                    Harrisburg, PA  17110
                                    Telephone:  (717) 238-6570
                                    Facsimile:   (717) 238-4809
                                    Email:   jcunningham@cclawpc.com
                                    *Attorneys for Plaintiff*

F:\Home\AHEWITT\DOCS\Q-S\STAMAIR\PLEADING\PLAINTIFF MOTION TO EXTENSION OF TIME\MOTION FOR EXTENSION OF TIME.wpd