**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STAMBAUGH'S AIR SERVICE, INC., | : | |
| | : | |
| Plaintiff | : | |
| v. | : | CASE NO. 1:CV-00-0660 |
| | : | |
| SUSQUEHANNA AREA REGIONAL | : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA | : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, | : | |
| individually, DAVID HOLDSWORTH, | : | |
| individually, and DAVID C. McINTOSH, | : | JURY TRIAL DEMANDED |
| individually, | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. The averments as set forth in Paragraph 1 are admitted.

2. The averments as set forth in Paragraph 2 are admitted.

3. The averments as set forth in Paragraph 3 are admitted.

4. The averments as set forth in Paragraph 4 are admitted.

5. The averments as set forth in Paragraph 5 are admitted.

6. The averments as set forth in Paragraph 6 are admitted.

7. The averments as set forth in Paragraph 7 are denied. To the contrary, Plaintiff and Aero were treated differently; SARAA's decision to lease the AMP Hanger to Piedmont was not rationally related to a legitimate state interest; different treatment was afforded to Plaintiff than Aero and that there is evidence "illegitimate animus."

8. The averments as set forth in Paragraph 8 are denied.

9. The averments as set forth in Paragraph 9 are denied. There exists a genuine material fact as to Count II (Conspiracy) as the underlying wrongful act is the intentional interference with contract and Defendants have each indicated in the responsive pleadings that they are independent of each other, that is, BAA is not the agent or the employee of SARAA and SARAA is not the agent or employee of BAA.

10. The averments as set forth in Paragraph 10 alleging that Defendants Holdsworth and McIntosh are entitled to governmental immunity on Count II because they acted within the scope of their office and duties is denied as there is evidence that in their dealings with Plaintiff there was a scheme beginning in 1999 to eliminate Plaintiff as a FBO provider which scheme included actions taken on the part of SARAA which are not recognized as "playing by the rules."

11.     The averments as set forth in Paragraph are denied as to Count III (Tortious Interference) because is there is evidence damages allegedly suffered by Plaintiff were as the result of the actions taken by BAA, Fleet, McIntosh and Holdsworth as Plaintiff had existing fueling contracts between itself and FBO customers, that contact was made by Fleet with Plaintiff's FBO customers prior to a final determination as concerns continuing FBO rights as to be decided by SARAA.

12.     The averments as set forth in Paragraph 12 are denied in that there is evidence in the record that SARAA's decision not to grant the right to provide FBO services to Plaintiff was as the result of their intent to place the FBO business with Aero and/or Piedmont and not as a result of following their established RFQ process.

13.     The averments as set forth in Paragraph 13 concerning Defendants Holdsworth and McIntosh being entitled to governmental immunity on County III are denied as they did not act without willful misconduct as they allowed the bidding process to be manipulated in such a way as to eliminate Plaintiff as a bidder.

14.     The averments as set forth in Paragraph 14 are denied.

15.     The averments as set forth in Paragraph 15 represents a conclusion of fact and/or law to which a response is not required.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to hold Defendants are not entitled to judgment as a matter of law on all counts of the Second Amended Complaint.

                                            Respectfully submitted,
                                            CUNNINGHAM & CHERNICOFF, P.C.

Dated: July 24, 2007          By:     /s/ Jordan D. Cunningham, Esquire
                                            Jordan D. Cunningham, Esquire
                                            PA I.D. No. 23144
                                            2320 North Second Street
                                            Harrisburg, PA  17110
                                            Telephone:  (717) 238-6570
                                            Facsimile:   (717) 238-4809
                                            Email:   jcunningham@cclawpc.com
                                            *Attorneys for Plaintiff*

F:\Home\AHEWITT\DOCS\Q-S\STAMAIR\PLEADING\PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT\RESPONSE TO DEFENANTS MOTION FOR SUMMARY JUDGMENT.wpd

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAMBAUGH'S AIR SERVICE, INC., : | |
| : | |
| Plaintiff : | |
| v. : | CASE NO. 1:CV-00-0660 |
| : | |
| SUSQUEHANNA AREA REGIONAL : | Judge Yvette Kane |
| AIRPORT AUTHORITY, BAA : | Magistrate Judge J. Andrew Smyser |
| HARRISBURG, INC., DAVID FLEET, : | |
| individually, DAVID HOLDSWORTH, : | |
| individually, and DAVID C. McINTOSH, : | |
| individually, : | JURY TRIAL DEMANDED |
| Defendants : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | |

### CERTIFICATE OF SERVICE

I, Angela L. Hewitt, legal secretary with the law firm of Cunningham & Chernicoff, P.C., hereby certify that on the **24TH** day of **July, 2007,** served a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by electronic means or first-class U.S. Mail, postage prepaid, to:

> Dean F. Piermattei, Esquire
> Rhoads & Sinon LLP
> One South Market Sq., 12th Flr.
> P.O. Box 1146
> Harrisburg, PA 17108-1146

> /s/Angela L. Hewitt
> Angela L. Hewitt